1   Royal F. Oakes (080480), roakes@barwol.com
    Michael A. S. Newman (205299), mnewman@barwol.com
2   BARGER & WOLEN LLP
    633 West Fifth Street, 47th Floor
3   Los Angeles, California 90071
    Telephone: (213) 680-2800
4   Facsimile: (213) 614-7399

5

6   Attorneys for Defendant
    METROPOLITAN LIFE INSURANCE
7   COMPANY

8

9                   UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                                            CASE NO.

12   EDWARD CONTRERAS,                )
                                      )   CERTIFICATE OF SERVICE OF
13             Plaintiff,             )   NOTICE TO ADVERSE PARTY OF
                                      )   REMOVAL OF ACTION TO
14        vs.                         )   FEDERAL COURT
                                      )
15   METROPOLITAN LIFE INSURANCE      )   [Filed concurrently with:
     COMPANY, THE COMMISSIONER        )   -  Notice of Removal;
16   OF THE CALIFORNIA                )   -  Corporate Disclosure Statement;
     DEPARTMENT OF INSURANCE and      )   -  Certificate of Interested Parties; and
17   DOES 1 - 50, inclusive,          )   -  Civil Cover Sheet]
                                      )
18             Defendants.            )   Complaint Filed: April 10, 2007
                                      )
19

20

21

22

23

24

25

26

27

28

t:\office7\7197\184\07pleadings\removal cert of service_fed.doc

1    I, MELANIE A. TAVERA, certify and declare as follows:

2

3    I am over the age of 18 years and not a party to this action.

4

5    My business address is 633 West Fifth Street, 47th Floor, Los Angeles,

6    California 90071, where the mailing described below took place. On May 16, 2007, I

7    mailed (via First Class United States Mail) a copy of the Notice to Adverse Party of

8    Removal of Action to Federal Court dated May 16, 2007 (a copy of which is attached

9    to this certificate as Exhibit A), to counsel for Plaintiff Edward Contreras as follows:

10

11        Ray Bourhis, Esq.
          Lawrence A. Mann, Esq.
12        BOURHIS & MANN
          1050 Battery Street
13        San Francisco, CA 94111
14

15    I declare under penalty of perjury according to the laws of the United States of

16    America and the State of California that the foregoing is true and correct.

17

18    Executed this 16th day of May 2007 at Los Angeles, California.

19

20                                MELANIE A. TAVERA

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1 | Royal F. Oakes (080480), roakes@barwol.com
  | Michael A. S. Newman (205299), mnewman@barwol.com
2 | BARGER & WOLEN LLP
  | 633 West Fifth Street, 47th Floor
3 | Los Angeles, California  90071
  | Telephone:  (213) 680-2800
4 | Facsimile:  (213) 614-7399

5

6 | Attorneys for Defendant
  | METROPOLITAN LIFE INSURANCE COMPANY

7

8 | **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF SAN FRANCISCO**

10

| | |
|---|---|
| 11 EDWARD CONTRERAS, | CASE NO.: CGC-07-462224 |
| 12           Plaintiff, | NOTICE TO ADVERSE PARTY OF FILING OF REMOVAL |
| 13      vs. | |
| 14 METROPOLITAN LIFE INSURANCE COMPANY, THE COMMISSIONER OF | |
| 15 THE CALIFORNIA DEPARTMENT OF INSURANCE and DOES 1 - 50, inclusive, | Dept:        212 |
| 16           Defendants. | Complaint Filed:    April 10, 2007 |
| 17 | |

18

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office7\7197\184\07pleadings\removal ntc to adv party_st.doc

NOTICE TO ADVERSE PARTY OF FILING OF REMOVAL

**EXHIBIT A**

3

1   TO PLAINTIFF EDWARD CONTRERAS AND TO HIS ATTORNEYS OF RECORD:

2

3       PLEASE TAKE NOTICE that Defendant Metropolitan Life Insurance Company has filed a

4   Notice of Removal of this action in the United States District Court for the Northern District of

5   California on May 16, 2007.  A copy of the Notice of Removal without exhibits is attached to this

6   notice as Exhibit "A," and served and filed herewith.

7

8   Dated: May 16, 2007                         BARGER & WOLEN LLP

9

10                                   By: _____
                                         ROYAL F. OAKES
11                                       MICHAEL A. S. NEWMAN
                                         Attorneys for Defendant
12                                       Metropolitan Life Insurance Company

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-2-
NOTICE TO ADVERSE PARTY OF FILING OF REMOVAL

4

1 | Royal F. Oakes (080480), roakes@barwol.com
2 | Michael A. S. Newman (205299), mnewman@barwol.com
    | BARGER & WOLEN LLP
3 | 633 West Fifth Street, 47th Floor
    | Los Angeles, California 90071
    | Telephone: (213) 680-2800
4 | Facsimile: (213) 614-7399

5

6 | Attorneys for Defendant
    | METROPOLITAN LIFE INSURANCE COMPANY
7

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | EDWARD CONTRERAS,                          CASE NO.

12 |        Plaintiff,                          **NOTICE OF REMOVAL
                                                 PURSUANT TO 28 U.S.C. §§ 1441
13 |    vs.                                      AND 1446**

14 | METROPOLITAN LIFE INSURANCE           [Filed concurrently with:
    | COMPANY, THE COMMISSIONER            -   Certificate of Interested Parties;
15 | OF THE CALIFORNIA                     -   Corporate Disclosure Statement;
    | DEPARTMENT OF INSURANCE and          -   Civil Cover Sheet; and
16 | DOES 1 - 50, inclusive,               -   Certificate of Service]

17 |        Defendants.

18

19 |                                        Complaint Filed: April 10, 2007

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office7\7197\184\07pleadings\removal notice_fed.doc

1 TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

2 DISTRICT OF CALIFORNIA:

3

4 PLEASE TAKE NOTICE that Defendant Metropolitan Life Insurance

5 Company ("MetLife") hereby seeks removal of Case Number CGC-07-462224 from

6 the Superior Court of the State of California for the County of San Francisco, to this

7 Court, pursuant to 28 U.S.C. Sections 1441 and 1446. This Notice of Removal is

8 being filed without prejudice to the objections and defenses of the removing

9 defendant, MetLife. Removal of this action is proper for the following reasons:

10

11 **I.   TIMELINESS OF REMOVAL**

12

13 1. MetLife was first served with process in this action on April 17, 2007,

14 when MetLife was served with a copy of the summons and complaint.

15

16 2. This removal is timely under 28 U.S.C. § 1446(b) in that removal is

17 sought within 30 days after service of the summons and complaint.

18

19 **II.  DIVERSITY OF CITIZENSHIP**

20

21 3. The action is a civil action of which this Court has jurisdiction under the

22 provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court by

23 MetLife pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action

24 between citizens of different states and the matter in controversy exceeds the sum of

25 $75,000, exclusive of interest and costs, as set forth more fully below.

26

27 4. Plaintiff Edward Contreras' ("Contreras") Complaint alleges that he was

28 Chief of Police, Department of Developmental Services in the State of California at

1   all relevant times, and that he is a resident of the State of California. *Complaint*, ¶¶ 1,

2   6, 8. (Newman Decl., ¶ 2, Exh. "A.") Based thereon, MetLife is informed and

3   believes that he is a citizen of the State of California.

4

5       5. MetLife is a corporation organized and existing under the laws of the

6   State of New York, having its principal place of business therein. (Newman Decl., ¶

7   3, Exh. "B".) At all times pertinent, the citizenship status of MetLife as a citizen of

8   the State of New York has remained the same. (Newman Decl., ¶ 3, Exh. "B".)

9   Accordingly, at the time of the filing of the complaint and the filing of this Notice of

10   Removal, MetLife was and is a citizen of the State of New York. (Newman Decl., ¶

11   3, Exh. "B".) The "principal place of business" is determined through application of

12   a two-part test. The first prong identifies the principal place of business as the state

13   where a "substantial predominance" of corporate activity takes place, and where the

14   corporation's activities are not predominant in a single state, then the principal place

15   of business is where the majority of its executive and administrative functions are

16   performed. *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th

17   Cir. 2002). Under either prong of this test, MetLife's principal place of business is

18   in New York. (Newman Decl., ¶ 3, Exh. "B".) Furthermore, MetLife's citizenship is

19   attested to in numerous district court opinions. *Vega-Muniz v. Metro. Life Ins. Co.*,

20   278 F. Supp. 2d 146, 147 (D.P.R. 2003) ("Metlife is a corporation organized and

21   existing under the laws of the State of New York with its principal place of business

22   in New York."); *Morgan v. Metro. Life Ins. Co.*, 2003 U.S. Dist. LEXIS 6540, *2

23   (E.D. La. 2003) ("MetLife is a New York Corporation having its principal place of

24   business in New York."); *Stensrud v. Metlife Investors Ins. Co.*, 29 Employee

25   Benefits Cas. (BNA) 1190, *5 (N.D. Ill. 2002) ("MetLife is a New York corporation

26   with its principal place of business in New York.").

27

28

6. The Commissioner of the California Department of Insurance ("Commissioner"), as an administrative agency exercising power delegated by the State, has no citizenship for jurisdictional purposes. *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1381-82 (9th Cir. 1998) (see Footnote 1). MetLife alleges Commissioner is a "sham" defendant fraudulently joined in this action whose presence in this action should be disregarded for removal purposes. *See Farias v. Bexar County Brd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991).

## III. AMOUNT IN CONTROVERSY

7. The amount in controversy exceeds the jurisdictional minimum of this Court in that Contreras seeks judgment against MetLife for, among other things, past and future disability insurance benefits under MetLife's Term Disability Plan Policy No. 08324-G (the "Policy"), and the disputed benefits total well over $75,000.00. The disability income insurance policy under which Contreras made his claim for benefits provides for monthly disability benefits of $1,054.90. *Complaint*, ¶7, Exhibit "A," specifically, the "Schedule of Benefits." Contreras alleges that MetLife wrongfully terminated his disability claim and that he is entitled to disability benefits after December 2005. *Complaint*, ¶¶8-16. Had he continued to received benefits, he would have been entitled to $1,054.90 per month beginning December 2005, *Complaint*, ¶ 7, and continuing until he was 65 (in the year 2014). Therefore, alleged benefits add up to approximately $100,000. Contreras further seeks general damages, including mental distress punitive damages, attorneys' fees, and special damages (*Complaint*, pages 14-15 (Prayer for Relief)), which, combined with the compensatory damages alleged, well exceed the jurisdictional minimum of this Court. *See Brandt v. Superior Court*, 37 Cal. 3d 813, 817 (1985); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (emotional distress damages may be used

1 in calculating the jurisdictional amount for purposes of removal); *Conrad v. Hartford*

2 *Accident & Indem. Co.,* 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (finding that

3 special and general damages, attorneys' fees, and punitive damages are included in

4 the calculation of the amount in controversy).

5

6     8. Finally, under applicable Ninth Circuit authority, Defendants are not

7 required to prove in absolute terms that more than $75,000 is at issue. Rather, a

8 "defendant must provide evidence establishing that it is 'more likely than not' that the

9 amount in controversy exceeds" $75,000.00. *Sanchez v. Monumental Life Ins. Co.,*

10 102 F.3d 398, 403 (9th Cir. 1996). Because Plaintiff seeks compensatory damages in

11 excess of $75,000, punitive damages, emotional distress damages, and attorneys fees,

12 it is "more likely than not" that the amount in controversy exceeds $75,000.

13

14 **IV. THE COMMISSIONER OF INSURANCE IS A SHAM**

15     **DEFENDANT**

16

17     9. The only named defendant other than MetLife is the Commissioner, who

18 is a fraudulently joined sham defendant. "Fraudulent joinder is a term of art. If the

19 plaintiff fails to state a cause of action against a resident defendant, and the failure is

20 obvious according to the settled rules of the state, the joinder of the resident

21 defendant is fraudulent." Moore's Federal Practice (1986) para. O.161[2]. "The

22 defendant seeking removal to the federal court is entitled to present the facts showing

23 the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th

24 Cir. 1998). Courts have found fraudulent joinder where a cause of action could not

25 be stated against the California defendant. *Kruso v. International Tel. & Tel. Corp.,*

26 872 F.2d 1416, 1426-27 (9th Cir. 1989) (joinder fraudulent where no cause of action

27 could be stated); *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 247 (E.D. Cal.

28 1992) (*accord*). Furthermore, a fraudulently joined defendant need not join in the

1   petition for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir.

2   1988). It is therefore clear that he is a sham defendant. His naming in this lawsuit

3   should not defeat diversity jurisdiction.

4

5          10. It is clear that Contreras has joined the Commissioner only for the sake

6   of defeating the removal. Contreras has alleged a claim against MetLife for breach of

7   contract (first cause of action) with respect to a policy of disability insurance issued

8   by MetLife to the State of California to cover participants such as Contreras. In

9   addition to the breach of contract claim, Contreras has alleged related tort claims

10  against MetLife for breach of the covenant of good faith and fair dealing (second

11  cause of action), intentional misrepresentation (third cause of action) and intentional

12  infliction of emotional distress (fourth cause of action). The Commissioner is not

13  named as a defendant in any of the causes of action against MetLife.

14

15         11. In addition to the causes of action against MetLife, Contreras has alleged

16  two separate causes of action against the Commissioner. There are no causes of

17  action that are common to both MetLife and the Commissioner.

18

19         12. Contreras' causes of action against the Commissioner, although vague

20  and broad in scope, generally address the alleged failure of the Commissioner to

21  comply with the laws and regulations, and/or the Commissioner's allegedly wrongful

22  approval of the Policy or policy forms.

23

24         13. The Commissioner is a "sham" defendant because there is no possibility

25  that Contreras can prove a cause of action against the Commissioner. Further, he has

26  "no real intention to get a joint judgment" against the Commissioner. *See AIDS*

27  *Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th

28  Cir. 1990); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

1   Contreras' causes of action against the Commissioner are without merit given the

2   facts of this case.

3

4   **A. Contreras' Fifth And Sixth Causes Are Barred By The Statute of**

5   **Limitations**

6

7       14.  In his fifth cause of action Contreras claims that he has a statutory right

8   to action by the Commissioner under Insurance Code section 12940.  *Complaint*, ¶63.

9   California Code of Civil Procedure section 338(a) provides that an action based upon

10  a right created by statute must be brought within three years.  Section 338 applies to

11  actions for mandamus.  *Raymond v. Christian*, 24 Cal. App. 2d 92, 113 (1937);

12  *Borsuk v. Massachusetts Mutual Insurance Company*, 2003 U.S. Dist. Lexis 25259,

13  *25 (N.D. Calif. September 4, 2003).  *Monroe v. Trustees of California State*

14  *Colleges*, 6 Cal. 3d 399, 405 (1971) ("Well established precedent decrees, of course,

15  that the statute of limitations in a mandamus proceeding 'begins to run when the

16  [petitioner's] right first accrues. [Citations.]'").  The right to petition accrues once

17  there is "(1) [a] clear, present and usually ministerial duty upon the part of the

18  respondent [citations]; and (2) a clear, present and beneficial right in the petitioner to

19  the performance of that duty [citations]." *Moran v. Department of Motor Vehicles*,

20  139 Cal. App. 4th 688, 691 (2006). Thus, the statute of limitations for a writ of

21  mandate begins to run when the insured agrees to the terms of his policy, *i.e.*, when

22  he purchases the policy that allegedly fails to conform to the requirements of the

23  Insurance Code.

24

25       15.  *Borsuk, supra*, is directly on point and involves claims against the DOI

26  identical to Contreras' claims herein.[1] There, the plaintiff filed a claim against his

27  _____

28  [1] In fact, Borsuk was represented by the same counsel who is Contreras' counsel of record in this
    action.

disability insurer, Massachusetts Mutual, and the Commissioner in state court. Exactly as in this case, Borsuk alleged that the Commissioner wrongfully approved his disability insurance policy. The insurance company removed the case to federal court on the ground that the Commissioner was a sham defendant named solely to defeat diversity. In denying plaintiff's motion to remand, the court in *Borsuk* found that *plaintiff failed to state a cause of action against the Commissioner for a writ of mandate because the applicable three-year statute of limitations had expired.* In so finding, the court held that the statute began to run at the time that plaintiff agreed to the terms of his policy, in that case in 1992, which was the date he purchased the policy. *Borsuk, supra* at *25 ("Borsuk was on notice of the second issued policy no later than 1992, the date he agreed to the terms of that policy. This action was commenced ten years after that date and (presumably) more than ten years after the policy form at issue was approved."). Here, Contreras alleges that the Commissioner approved the instant Policy sometime before 1995 when the coverage was issued. *Complaint*, ¶¶6, 55. The statute of limitations on Contreras' claims against the Commissioner, therefore, expired in 1998 – nearly a decade before Contreras filed this lawsuit on April 10, 2007. The sixth cause of action, a declaratory relief cause of action that follows fifth cause of action, is similarly barred. *Howard Jarvis Taxpayers Ass'n v. City of La Habra*, 25 Cal. 4th 809, 821 (2001) (where mandamus cause of action is barred by the statute of limitations, related declaratory relief cause of action is also barred).

**B.  <u>Contreras Cannot Obtain The Relief He Seeks Against The Commissioner Because He Has Failed To Exhaust His Administrative Remedies</u>**

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

16. With respect to his claims against the Commissioner, Contreras has administrative remedies available to him that he has failed to pursue and, therefore, he cannot be permitted to seek relief in this Court against the Commissioner.

17. Where an administrative remedy is provided by statute, relief must first be sought from the administrative agency and the remedies exhausted before the courts will review the actions of that agency. Courts will not interfere until the administrative process has run its course. *See Temescal Water Co., v. Dept. Public Works*, 44 Cal. 2d 90, 106 (1955); *Wolfe, supra*, 46 Cal. App. 4th at n.5. The purpose of that requirement is to afford the agency an opportunity to exercise its discretion before being subjected to interference by the courts. *Associated Calif. Loggers, Inc. v. Kinder*, 79 Cal. App. 3d 34, 43 (1978).

18. There is an administrative process that can be followed in this regard. Specifically, the California Insurance Code gives the Commissioner several administrative means to administer the Unfair Claims Settlement Practices Act ("UCPA") found in Insurance Code section 790.03(h). The principal means are:

- The claims complaint and resolution process (Ins. Code §§ 12921.3 and 12921.4)
- Market conduct examinations (Ins. Code § 790.04)
- Cease and desist proceedings (Ins. Code §§ 790.05 and 790.06)
- License suspension and revocation (Ins. Code §§ 701, 704 and 728)

19. With respect to the claims complaint and resolution process referenced above, the Claims Services Bureau of the Consumer Services Division of the California Department of Insurance ("CDI") is authorized to receive, evaluate, and mediate complaints about claims settlement practices. *See* Ins. Code § 12921.1 *et*

1  *seq.* However, the CDI is not empowered to adjudicate claims; it can only mediate

2  them. *See* Ins. Code §§ 12921.3, 12921.4. The Commissioner has adopted detailed

3  procedures for receipt, investigation and resolution of complaints against insurers.

4  These include establishing a toll free number for complaints, maintaining CDI's

5  records on complaints for three years and reporting CDI's efforts in the annual report

6  to the Governor.

7

8  　　　20. Contreras has not alleged any attempt to use the administrative remedies

9  available under the Insurance Code, nor has he alleged an adverse result from any

10 such efforts. MetLife is informed and believes, as reflected by Contreras' failure to

11 include any such allegations, that he has failed to exhaust his administrative remedies.

12

13 **C.  Contreras Is Not Entitled To The Writ Of Mandate He Seeks**

14

15 　　　21. With his fifth cause of action for a writ of mandate, Contreras asserts

16 numerous and varied duties on the part of the Commissioner. He asserts that the

17 Commissioner failed to fulfill those duties, and Contreras seeks an order from the

18 Court requiring the Commissioner to perform the duties. More specifically,

19 Contreras contends that the Commissioner failed in unspecified ways to require

20 compliance with Insurance Code sections 790.03(h) and 10291.5, the Fair Claims

21 Settlement Practices Regulations and "various DOI rulings and bulletins."

22 *Complaint*, ¶68.

23

24 　　　22. However, in order to obtain the writ or order he seeks, Contreras must

25 satisfy the standards set forth in California Code of Civil Procedure §§ 1085, *et seq.*,

26 which provides as follows: "A writ of mandate may be issued by any court, except a

27 municipal court, to any inferior tribunal, corporation, board, or person, to compel the

28 performance of an act which the law specifically enjoins, as a duty resulting from an

1  office, trust, or station, or to compel the admission of a party to the use and

2  enjoyment of a right or office to which the party is entitled, and from which the party

3  is unlawfully precluded by such inferior tribunal, corporation, board, or person."

4

5      23. Preliminarily, Contreras cannot obtain writ relief because he is not

6  seeking "to compel the performance of an act which the law specifically enjoins."

7  Rather, Contreras is seeking to compel the Commissioner to comply with general

8  obligations.

9

10     24. Additionally, there are traditional prerequisites to writ relief that

11  Contreras has not satisfied. Before he may obtain the relief he seeks, Contreras must

12  demonstrate that he does not have an adequate remedy at law. *See* Calif. Code Civ.

13  Proc. § 1086 ("The writ must be issued in all cases where there is not a plain, speedy,

14  and adequate remedy, in the ordinary course of law . . . ."); *see also Omaha Indem.*

15  *Co. v. Superior Court (Greinke),* 209 Cal. App. 3d 1266, 1274-75 (1989). Here, there

16  unquestionably is an adequate remedy. As discussed above, Contreras may submit a

17  complaint with the Commissioner and request administrative action by the

18  Commissioner and, as he has already done, he may commence a legal action against

19  MetLife for his claimed damages.

20

21     25. Contreras must also show that he will suffer irreparable injury if the writ

22  relief is not granted. *See Omaha Indem. Co., supra,* 209 Cal. App. 3d at 1274-75. He

23  cannot meet this standard because he has an adequate remedy at law; he can pursue

24  his administrative remedies; and he can, as he is doing, pursue this action against

25  MetLife.

26

27     26. Contreras is also not entitled to the writ relief he seeks because he is

28  improperly attempting to control the administrative discretion conferred upon the

1  Commissioner.  A writ of mandate **may not be used to control such discretion**; a

2  writ may be issued only when there is a clear, present and usually ministerial duty on

3  the part of the respondent and a clear, present and beneficial right in the petitioner to

4  the performance of that duty.  *See Venice Town Council, Inc. v. City of Los Angeles,*

5  47 Cal. App. 4th 1547, 1558 (1996); *Helena F. v. West Contra Costa Unified School*

6  *Dist.*, 49 Cal. App. 4th 1793, 1799 (1996).

7

8  ### D.  The Relief Sought In Contreras' Fifth Cause Of Action Is An

9  ### Improper Attempt To Circumvent *Moradi Shalal*

10

11  27.  Because Contreras' fifth cause of action appears to address the

12  Commissioner's lack of action concerning Contreras' claim based on his alleged

13  failure to enforce the UCPA, this is an improper attempt to circumvent the California

14  Supreme Court's decision in *Moradi Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d

15  287, 304 (1988) (holding that no private right of action exists under the UCPA); *see*

16  *also Rattan v. United Services Auto. Ass'n,* 84 Cal. App. 4th 715, 724 (2000).

17

18  ### E.    Contreras Sued the Commissioner for the Improper Purpose of

19  ### Defeating Diversity

20

21  28.  Contreras named the Commissioner as a defendant in this action for the

22  sole and improper purpose of defeating federal court diversity jurisdiction, so that he

23  can forum shop.  This strategy is revealed by the fact that Contreras' counsel, Ray

24  Bourhis and/or his firm, has filed numerous disability insurance cases against various

25  insurers wherein the Commissioner has also been named as a defendant.  Some, but

26  not all, of those cases are as follows: *Brazina v. Paul Revere Life Ins. Co.*, Case No.

27  CV-03-00290, filed January 22, 2003; *Guyton v. Unum Life Ins. Co. of America*, Case

28  No. CV-03-00291, filed January 22, 2003; *Iverson v. Provident Life and Accident Ins.*

1  *Co.*, Case No. CV-03-00292, filed January 22, 2003; *Perry v. Centre Life Ins. Co.*,

2  Case No. CV-03-00615, filed February 12, 2003; *Borsuk v. Massachusetts Mutual*

3  *Life Ins. Co.*, Case No. CV-03-00603, filed February 13, 2003; *Stone v. New England*

4  *Fin.*; Case No. CGC-03-418714, filed March 27, 2003; *Kempe v. MetLife Ins. Co. of*

5  *America*, Case No. CV-03-03816, filed August 15, 2003; *Baldwin v. UnumProvident*

6  *Corp.*, Case No. CGC-03-425908, filed October 30, 2003; *Allen v. High Mark Life*

7  *Ins. Co.*, Case No. CGC-04-427995, filed January 14, 2004; *Gross v. UnumProvident*

8  *Corp.*, Case No. CGC-04-429111, filed February 26, 2004; *Acar v. UnumProvident*

9  *Corp.*, Case No.: CGC-05-437894, filed January 19, 2005; *Fink v. UnumProvident*

10  *Corp.*, Case No. 05-CV-02875, filed July 14, 2005; *Tomback v. UnumProvident*

11  *Corp.*, Case No. 05-CV-03157, filed August 4, 2005; *Hangarter v. The Paul Revere*

12  *Life Ins. Co.*, Case No. 05-CV-04558, filed November 8, 2005; *Houk v. Guardian*

13  *Life Ins. Co. of America*, Case No. CGC-06-449255, filed February 6, 2006;

14  *Robillard v. Liberty Mutual*, Case No. CGC-06-449572, filed March 14, 2006; *West*

15  *v. UnumProvident Corp.*, Case No. CGC0-06-452091, filed May 9, 2006; *Surles v.*

16  *MetLife Ins. Co. of America*, Case No. C 06 5807 JL, filed August 24, 2006; *Saccaro*

17  *v. The Paul Revere Life Ins. Co.*, Case No. CGC-06-455765, filed August 31, 2006;

18  *Maiolino v. UnumProvident Corp.*, Case No. C 04-0407-SI, filed March 20, 2007;

19  *Mahjouri v. Provident Life and Accident Ins. Co.*, Case No. CGC-07-461992, filed

20  April 4, 2007; and *Squiers v. UnumProvident Corp.*, Case No. CGC-07-462326, filed

21  April 12, 2007.  MetLife is informed and believes that these complaints contain

22  almost the identical allegations against the Commissioner as those contained in

23  Contreras' Complaint.[2]

24

25  [2]  Notably, the presence of the Commissioner does not defeat diversity jurisdiction. When a state official is sued in his or her official capacity, the suit is considered a suit against the state itself, and

26  a state is not "a citizen of a State." *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973).  Further, "[a] claim alleged against a state officer acting in his official capacity is treated as a claim against

27  the state itself." *Morongo Band of Mission Indians v. Calif. State Bd. of Equalization*, 858 F.2d 1376, 1382 n.5 (9th Cir. 1988) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)) ("An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity . . . .

28  We, therefore, disregard the citizenship of the individual [state officers] in assessing jurisdiction

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

29. For the foregoing reasons, MetLife alleges that the Commissioner is a sham defendant who was fraudulently joined in this action.

30. A true and correct copy of the Summons and Complaint and all other documents served on MetLife in this action is attached hereto as Exhibit "A." Written notice of the filing of this Notice of Removal has been given to all adverse parties and a copy has been filed with the Clerk of the Superior Court of the State of California, City and County of San Francisco, in accordance with the provisions of 28 U.S.C. § 1446(d).

**F.  Because Contreras' Claims Against The Commissioner Involve Complex Regulatory And Business Issues In An Industry That Is Highly Regulated, The Claims Should Be Dismissed**

31. With his fifth cause of action against the commissioner for a writ of mandate, Contreras seeks unnecessary judicial intervention into an area governed by a regulatory agency, the DOI. Moreover, what Contreras seeks with his fifth causes of action would require this Court to monitor and supervise not only the business of insurance conducted by MetLife, but also to monitor and supervise the DOI in its oversight of MetLife. The business of insurance is very comprehensive and complex as is the regulation of the insurance industry, and the judicial arena is not suited to what Contreras seeks. The DOI, however, is well suited to take on the issues that Contreras has presented. The DOI has administrative procedures available to address all of Contreras' concerns. What Contreras is seeking is an order requiring the DOI

---

under section 1335."); *Northeast Federal Credit Union v. Neves*, 837 F.2d 531, 534 (1st Cir. 1988) (defendant state tax assessor, sued under section 1335 in his official capacity, "has no citizenship for jurisdictional purposes"). Under the above-referenced authority, the Commissioner is not a citizen of California and in fact he "has no citizenship for jurisdictional purposes."

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

18

1   to comply with numerous, vaguely described statutory duties imposed on it by the

2   Legislature. The purported basis for this relief is the DOI's alleged failure to comply

3   with its duties. The following excerpt from Contreras' Complaint demonstrates the

4   extraordinary scope of what Contreras is asking.

5

6           On information and belief, Plaintiff alleges that the

7           COMMISSIONER and DOI have filed to perform the

8           duties imposed upon the COMMISSIONER to require

9           compliance with the California Insurance Code,

10          including but not limited to §§ 790.03(h) and 1029.5, as

11          well as the Fair Claims Settlement Practices Regulations

12          (10 Cal. Admin. [sic] Code §2695.1 *et seq*) and various

13          DOI rulings and bulletins dealing with the same or

14          similar subject matter. The acts and omissions of the

15          DOI has contributed to defendants' ability to perpetuate

16          the unlawful, fraudulent and or other wrong acts alleged

17          herein.

18  *Complaint*, ¶68. If this Court actually undertook such a task, it would have to

19  oversee almost every aspect of MetLife's business, as well as the Commissioner's

20  oversight role.

21

22          32. The DOI, however, has procedures in place to address all of the matters

23  of which Contreras complains. This Court should not be forced by Contreras  to

24  needlessly do the Commissioner's work when the Commissioner is more than

25  capable.

26

27          33. Accordingly, the claims against the Commissioner should be dismissed

28  under the authority of *Wolfe v. State Farm Fire & Casualty Ins. Co.*, 46 Cal. App. 4th

554, 562-68 (1996) and *Korens v. R.W. Zukin Corp.,* 212 Cal. App. 3d 1054, 1059 (1989).

34. Furthermore, dismissing the claims against the Commissioner and permitting the Commissioner to address Contreras' allegations directly does not prejudice Contreras in any way. If entitled, he can obtain through the DOI's administrative procedures the administrative remedies that he seeks, and he can pursue all of his legal remedies against MetLife.

WHEREFORE, MetLife prays that the above action pending in the Superior Court of California for the County of San Francisco be removed to this Court.

Dated: May 16, 2007                        BARGER & WOLEN LLP

By: _____
ROYAL F. OAKES
MICHAEL A. S. NEWMAN
Attorneys for Defendant
The Metropolitan Life Insurance
Company

# DECLARATION OF MICHAEL A. S. NEWMAN

I, Michael A. S. Newman, declare as follows:

1.    I am an attorney licensed to practice in this Court and all the courts in the State of California, and am an associate with Barger & Wolen, LLP, counsel of record for Metropolitan Life Insurance Company ("MetLife") defendant in this action.  I am one of the attorneys with responsibility for the handling of this matter.  I have personal knowledge of the matters set forth below, and if necessary could competently testify as to such matters.

2.    Attached hereto as Exhibit "A" is a true and correct copy of the Complaint in the above-referenced action.  Attached hereto as Exhibit "B" is a true and correct copy of the relevant portion of MetLife's profile in the 2006 AM Best's Insurance Report, which shows MetLife's principal place of business is New York, and that MetLife is incorporated in New York.

I declare under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 16th day of May, 2007, at Los Angeles, California.

MICHAEL A. S. NEWMAN

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: Barger & Wolen LLP, 633 West Fifth Street, 47th Floor, Los Angeles, California 90071-2043.

On  May 16, 2007 , I served the foregoing document(s) described as NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441 AND 1446 on the interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope addressed as stated in the attached mailing list.

| | |
|---|---|
| **Ray Bourhis, Esq.**<br>**Bourhis & Mann**<br>**1050 Battery Street**<br>**San Francisco, California 94111**<br>**Telephone No.: (415) 392-4660**<br>**Facsimile No.: (415) 421-0259** | **Counsel for Plaintiff**<br>**EDWARD CONTRERAS** |

## [X] BY MAIL

[X] I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

## [ ] BY PERSONAL SERVICE

[ ] I caused such envelope to be delivered to a commercial messenger service with instructions to personally deliver same to the offices of the addressee on this date.

## [ ] BY FACSIMILE

[ ] By transmitting an accurate copy via facsimile to the person and telephone number as follows: **Ray Bourhis, Esq. (Fax No. 415-421-0259)**

[X]    **(FEDERAL)**      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at Los Angeles, California on  May 16, 2007.

MELANIE A. TAVERA
(Name)

(Signature)

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office7\7197\184\07pleadings\proof - federal.doc

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: Barger & Wolen LLP, 633 West Fifth Street, 47th Floor, Los Angeles, California 90071-2043.

On May 16, 2007 , I served the foregoing document(s) described as NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441 AND 1446 on the interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope addressed as stated in the attached mailing list.

**Ray Bourhis, Esq.**                    **Counsel for Plaintiff**
**Bourhis & Mann**                       **EDWARD CONTRERAS**
**1050 Battery Street**
**San Francisco, California 94111**
**Telephone No.: (415) 392-4660**
**Facsimile No.:  (415) 421-0259**

[X] **BY MAIL**

[X] I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE**

[ ] I caused such envelope to be delivered to a commercial messenger service with instructions to personally deliver same to the offices of the addressee on this date.

[ ] **BY FACSIMILE**

[ ] By transmitting an accurate copy via facsimile to the person and telephone number as follows: **Ray Bourhis, Esq. (Fax No. 415-421-0259)**

[X]    **(FEDERAL)**        I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at Los Angeles, California on May 16, 2007.

MELANIE A. TAVERA
(Name)                                    (Signature)

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office7\7197\184\07pleadings\proof - federal.doc

23

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  Barger & Wolen LLP, 633 West Fifth Street, 47th Floor, Los Angeles, California  90071-2043.

      On  May 16, 2007 , I served the foregoing document(s) described as  NOTICE TO ADVERSE PARTY OF FILING OF REMOVAL  on the interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope addressed as stated in the attached mailing list.

| | |
|---|---|
| Ray Bourhis, Esq. | Counsel for Plaintiff |
| Bourhis & Mann | EDWARD CONTRERAS |
| 1050 Battery Street | |
| San Francisco, California 94111 | |
| Telephone No.: (415) 392-4660 | |
| Facsimile No.:  (415) 421-0259 | |

[X] **BY MAIL**

    [X] I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE**

    [ ] I caused such envelope to be delivered to a commercial messenger service with instructions to personally deliver same to the offices of the addressee on this date.

[ ] **BY FACSIMILE**

    [ ] By transmitting an accurate copy via facsimile to the person and telephone number as follows: **Ray Bourhis, Esq. (Fax No. 415-421-0259)**

[X]    **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed at Los Angeles, California on May 16, 2007.

MELANIE A. TAVERA
(Name)

(Signature)

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office7\7197\184\07pleadings\proof - state.doc

PROOF OF SERVICE

24

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: Barger & Wolen LLP, 633 West Fifth Street, 47th Floor, Los Angeles, California 90071-2043.

On May 16, 2007 , I served the foregoing document(s) described as CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT on the interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope addressed as stated in the attached mailing list.

**Ray Bourhis, Esq.**                                    **Counsel for Plaintiff**
**Bourhis & Mann**                                      **EDWARD CONTRERAS**
**1050 Battery Street**
**San Francisco, California 94111**
**Telephone No.: (415) 392-4660**
**Facsimile No.:  (415) 421-0259**

[X] **BY MAIL**

[X] I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE**

[ ] I caused such envelope to be delivered to a commercial messenger service with instructions to personally deliver same to the offices of the addressee on this date.

[ ] **BY FACSIMILE**

[ ] By transmitting an accurate copy via facsimile to the person and telephone number as follows: **Ray Bourhis, Esq. (Fax No. 415-421-0259)**

[X]    **(FEDERAL)**      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at Los Angeles, California on May 16, 2007.

MELANIE A. TAVERA
(Name)                                        (Signature)

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office7\7197\184\07pleadings\proof - federal.doc