1  Royal F. Oakes (080480), roakes@barwol.com
   Michael A. S. Newman (205299), mnewman@barwol.com
2  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
3  Los Angeles, California 90071
   Telephone: (213) 680-2800
4  Facsimile: (213) 614-7399

5

6  Attorneys for Defendant
   METROPOLITAN LIFE INSURANCE
7  COMPANY

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  EDWARD CONTRERAS,                    )    CASE NO. C 072597 EMC
                                         )
13              Plaintiff,               )    Magistrate Judge Edward M. Chen
                                         )
14      vs.                              )    METROPOLITAN LIFE INSURANCE
                                         )    COMPANY'S MOTION TO DISMISS
15  METROPOLITAN LIFE INSURANCE          )
    COMPANY, THE COMMISSIONER            )
16  OF THE CALIFORNIA                    )
    DEPARTMENT OF INSURANCE and          )    Date:  July 11, 2007
17  DOES 1 - 50, inclusive,              )    Time:  10:30 a.m.
                                         )    Dept.: Courtroom C
18              Defendants.              )
                                         )
19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1 | TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF
2 | RECORD:

3

4 | PLEASE TAKE NOTICE that on July 11, 2007 at 10:30 a.m., defendant
5 | Metropolitan Life Insurance Company ("MetLife") will bring on for hearing in
6 | Courtroom C of the above entitled-court, located at 450 Golden Avenue, San
7 | Francisco, California 94102, its Motion to Dismiss plaintiff Edward Contreras'
8 | ("Contreras") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

9

10 | This motion is made on the following grounds:

11

12 | 1.    Contreras' third cause of action against MetLife, for Intentional
13 | Misrepresentation, fails to state facts sufficient to constitute a claim for relief against
14 | MetLife because he has failed to meet the stringent standards of pleading fraud with
15 | specificity. Specifically, he has failed to adequately allege that MetLife
16 | misrepresented the terms of the subject insurance policy, or that he justifiably relied
17 | upon any alleged misrepresentations to his detriment;

18

19 | 2.    Contreras' fourth cause of action against MetLife, for intentional infliction of
20 | emotional distress, fails to state facts sufficient to constitute a claim for relief against
21 | MetLife because Contreras has not alleged, and cannot allege, any outrageous
22 | conduct by MetLife or that he suffered severe emotional distress as a result of the
23 | same; and

24

25 | 3.    Contreras' fifth and sixth causes of action against the Commissioner of the
26 | California Department of Insurance ("Commissioner"), for a writ of mandate and for
27 | declaratory relief, fail as a matter of law for the numerous reasons discussed in detail
28 | in the accompanying Memorandum of Points and Authorities, including that the

1    request for writ relief is time-barred, and that Contreras is improperly trying to force

2    a public official to exercise his discretion in a particular manner. In sum, the

3    Commissioner is a "sham" defendant who Contreras has named in his lawsuit for the

4    sole and improper purpose of defeating diversity.

5

6    This Motion is based upon this Notice, the accompanying Memorandum of Points

7    and Authorities, the pleadings, records and papers on file in this action, and upon any

8    such other oral or documentary evidence as may be presented at the hearing on this

9    motion.

10

11    Dated:  May 23, 2007                          BARGER & WOLEN LLP

12

13                                                      By: *Royal F. Oakes*

14                                                          ROYAL F. OAKES
                                                          Attorneys for Defendant
                                                          METROPOLITAN LIFE
15                                                        INSURANCE COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

PAGE

1.  INTRODUCTION ............................................................................................ 1

2.  FACTS ALLEGED IN THE COMPLAINT .................................................... 2

3.  CONTRERAS HAS NOT STATED AND CANNOT STATE A CLAIM
    FOR INTENTIONAL MISREPRESENTATION ........................................... 5

4.  CONTRERAS HAS NOT STATED AND CANNOT STATE A CLAIM
    FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ........... 9

    A.  Contreras Has Not Alleged And Cannot Allege Facts Demonstrating
        "Extreme and Outrageous" Conduct ......................................................... 9

    B.  Contreras May Not Maintain His IIED Claim Because He Has Not
        Alleged Facts Showing He Suffered "Severe Injury" ............................. 11

5.  CONTRERAS HAS NOT STATED AND CANNOT STATE A CLAIM
    AGAINST THE COMMISSIONER ............................................................. 12

    A.  Contreras' Claim For A Writ Of Mandate Is Time-Barred ..................... 14

    B.  Contreras' Requested Writ Relief Improperly Seeks To Control The
        Commissioner's Discretion ..................................................................... 15

    C.  Contreras Cannot Demonstrate A Right To Writ Relief ......................... 16

    D.  The Commissioner Has Been Misjoined With MetLife ........................... 18

    E.  Contreras Cannot Obtain The Relief He Seeks Against The
        Commissioner Because He Has Failed To Exhaust His
        Administrative Remedies ........................................................................ 20

    F.  Contreras Is Not Entitled To The Declaratory Relief He Seeks ............. 21

    G.  Contreras' Claims Against The Commissioner Should Be Dismissed
        Because They Seek Unnecessary Judicial Intervention Into Complex
        Regulatory Issues ................................................................................... 22

    H.  Contreras' Claims Against The Commissioner Are Impermissibly
        Vague ...................................................................................................... 23

6.  CONCLUSION ............................................................................................ 25

1

## TABLE OF AUTHORITIES

2

PAGE

3

### Cases

4

*Associated Calif. Loggers, Inc. v. Kinder*, 79 Cal. App. 3d 34 (1978) ...................20

5

*Aulson v. Blanchard*, 83 F.3d 1 (1st Cir. 1996).........................................................7

6

*Bogard v. Employers Casualty Company*, 164 Cal.App.3d 602 (1985) .................11

7

*Borsuk v. Massachusetts Mutual Ins. Co.*, 2003 U.S. Dist. Lexis 25259, *25
(N.D. Calif. September 4, 2003) .....................................................................14, 15

8

9   *Calif. Satellite Systems, Inc. v. Nichols*, 170 Cal. App. 3d 56 (1985)....................18

10  *Cervantez v. J.C. Penney Co., Inc.* 24 Cal. 3d 579 (1979).........................................9

11  *Common Cause v. Board of Supervisors*, 49 Cal. 3d 432 (1989) ...........................15

12  *Comwest, Inc. v. American Operator Services, Inc.*, 765 F. Supp. 1467 (C.D.
Cal. 1991) .............................................................................................................5

13

14  *Comwest, Inc. v. American Operator Services, Inc.*, 765 F. Supp. 1467 (C.D.
Cal. 1991) .............................................................................................................5

15  *Concha v. London*, 62 F.3d 1493 (9th Cir. 1995) .....................................................5

16  *Conley v. Gibson*, 355 U.S. 41 (1957).....................................................................23

17  *Conrad v. Bank of America*, 45 Cal.App.4th 133 (1996)...........................................5

18  *Davidson v. City of Westminster*, 32 Cal. 3d 197 (1982)...........................................9

19  *Helena F. v. West Contra Costa Unified School Dist.*, 49 Cal. App. 4th 1793
(1996)...................................................................................................................15

20

*Howard Jarvis Taxpayers Ass'n v. City of La Habra*, 25 Cal. 4th 809 (2001) .......21

21

*Isaacson v. Calif. Ins. Guarantee Ass'n*, 44 Cal. 3d 775 (1988)..............................11

22

*Kentucky v. Graham*, 473 U.S. 159 (1985) ..............................................................13

23

*Korens v. R.W. Zukin Corp.*, 212 Cal. App. 3d 1054 (1989) ...................................23

24

*Maguire v. Hibernia Savings & Loan Soc.*, 23 Cal. 2d 719 (1944).........................24

25

*Mason v. Drug, Inc.*, 31 Cal. App. 2d 697 (1939).................................................6, 7

26

*Miscellaneous Service Workers, etc. v. Philco-Ford Corp., WDL Div.*, 661 F.2d
776 (9th Cir. 1980) ..............................................................................................5

27

28  *Monroe v. Trustees of California State Colleges*, 6 Cal. 3d 399 (1971).................14

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1  *Moor v. County of Alameda*, 411 U.S. 693 (1973)................................................. 13

2  *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531 (9th Cir. 1989).................. 6, 7

3  *Moran v. Department of Motor Vehicles*, 139 Cal. App. 4th 688 (2006) .............. 14

4  *Morongo Band of Mission Indians v. Calif. State Bd. of Equalization*, 858 F.2d
   1376 (9th Cir. 1988) ........................................................................................ 13
5
   *Nally v. Grace Community Church*, 47 Cal. 3d 278 (1988)...................................... 9
6
   *Nathanson v. Murphy*, 132 Cal.App.2d 363 (1955)................................................... 5
7
   *Nishimatsu Construction Co. v. Houston Nat'l Bank*, 515 F.2d 1200 (5th Cir.
8  1975)................................................................................................................... 7

9  *Northeast Federal Credit Union v. Neves*, 837 F.2d 531 (1st Cir. 1988).............. 13

10 *Occupational-Urgent Care Health Systems, Inc. v. Sutro & Co.*, 711 F. Supp.
   1016 (E.D. Cal. 1989)......................................................................................... 5
11
   *Omaha Indem. Co. v. Superior Court (Greinke)*, 209 Cal. App. 3d 1266 (1989)... 17
12
   *Paulson v. State Farm Mutual Automobile Ins. Co.*, 867 F. Supp. 911 (C.D.
13 Cal. 1999) .......................................................................................................... 7

14 *Pinney & Topliff v. Chrysler Corp.*, 176 F.Supp. 801 (S.D. Cal. 1959).................. 5

15 *Raymond v. Christian*, 24 Cal. App. 2d 92 (1937)................................................. 14

16 *Ricard v. Pacific Indemnity Co.*, 132 Cal. App. 3d 886 (1982) ........................ 10, 11

17 *Richardson v. Reliance Nat'l Indemnity Co.*, 2000 U.S. Dist. LEXIS 2838, *11
   (N.D. Cal. 2000) ................................................................................................. 6
18
   *Rosenbaum v. Syntex Corp.*, 95 F.3d 922 (9th Cir. 1996)........................................ 7
19
   *Schlauch v. Hartford Acc. & Indem. Co.*, 146 Cal. App. 3d 926 (1983) ............ 9, 10
20
   *Seeger v. Odell*, 18 Cal.2d 409 (1941) ..................................................................... 5
21
   *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150 (S.D. Cal. 2001) ........................... 7
22
   *Soto v. Royal Globe Ins. Co.*, 184 Cal. App. 3d 420 (1986) .................................. 10
23
   *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153 (1991)............... 5, 6
24
   *Temescal Water Co. v. Dept. Public Works*, 44 Cal. 2d 90 (1955)......................... 20
25
   *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18 (1985).................................................... 7
26
   *Tollefson v. Roman Catholic Bishop of San Diego*, 219 Cal. App. 3d 843
27 (1990)................................................................................................................ 10

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1 | *Transphase Systems, Inc. v. Southern Calif. Edison Co.*, 839 F. Supp. 711 (C.D. Cal. 1993) .................................................................................................. 7

2

3 | *Trerice v. Blue Cross of Calif.*, 209 Cal. App. 3d 878 (1989) .................................... 9

4 | *Venice Town Council, Inc. v. City of Los Angeles*, 47 Cal. App. 4th 1547 (1996)............................................................................................................. 15

5 | *Wolfe v. State Farm Fire & Casualty Ins. Co.*, 46 Cal. App. 4th 554 (1996)....20, 23

6 | *Yamaguchi v. U.S. Dept. of Air Force*, 109 F. 3d 1475 (9th Cir. 1997) ................23

7 | *Yurick v. Superior Court (Antonetti)*, 209 Cal. App. 3d 1116 (1989)....................... 9

8

## Statutes

9
California Civil Code § 1709.................................................................................... 5

10
California Code of Civil Procedure § 338(a) ......................................................... 14

11
California Code of Civil Procedure § 525 .............................................................. 18

12
California Code of Civil Procedure  § 1060 ........................................................... 21

13
California Code of Civil Procedure § 1085 ............................................................ 17

14
California Code of Civil Procedure § 1086 ............................................................ 17

15
California Code of Regulations, § 2694 ................................................................. 23

16
California Insurance Code § 701 ............................................................................ 20

17
California Insurance Code § 704 ............................................................................ 20

18
California Insurance Code § 728 ............................................................................ 20

19
California Insurance Code § 730 ............................................................................ 23

20
California Insurance Code § 736 ............................................................................ 23

21
California Insurance Code § 790.03 ....................................................................... 10

22
California Insurance Code § 790.03(h) .........................................................16, 20, 23

23
California Insurance Code § 790.04 .................................................................20, 23

24
California Insurance Code § 790.05 .................................................................20, 23

25
California Insurance Code § 790.06 .................................................................20, 23

26
California Insurance Code § 10291.5 ...............................................................16, 23

27
California Insurance Code §10291.5(a) .................................................................. 16

28

California Insurance Code §10291.5(b)(1)........................................................ 16, 21

California Insurance Code § 10328 .............................................................................4

California Insurance Code § 10390 ......................................................................4, 18

California Insurance Code § 12921 ..........................................................................20

California Insurance Code § 12921.1 ..................................................................20, 23

California Insurance Code § 12921.3 ........................................................................20

California Insurance Code § 12921.4........................................................................20

California Insurance Code § 12940 ...........................................................................14

Federal Rule of Civil Procedure 9(b) .........................................................................5

Federal Rule of Civil Procedure 12(e)......................................................................24

Federal Rule of Civil Procedure 20 ..........................................................................18

Federal Rule of Civil Procedure 20(a)......................................................................19

Federal Rule of Civil Procedure 65(d) ......................................................................18

### Other Authorities

10 California Administrative Code § 2695.1 ............................................................23

### Rules

California Rule of Civil Procededure 9 ........................................................................5

California Rule of Civil Procedure 9(b) ......................................................................5

California Rule of Civil Procedure 12(b)(6) ...............................................................1

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **1.    INTRODUCTION**

Plaintiff Edward Contreras ("Contreras") has sued his insurer, Defendant Metropolitan Life Insurance Company ("MetLife"), for breach of contract and bad faith relating to MetLife's denial of his claim for benefits under a policy of disability income insurance. However, he has utilized a number of extraneous legal theories in addition to his breach of contract and insurance bad faith claims. The additional claims, which are for intentional misrepresentation (third cause of action) and intentional infliction of emotional distress (fourth cause of action), fail as a matter of law. The misrepresentation claim fails because Contreras cannot allege with the required specificity the essential elements of the claim, specifically, that MetLife made a false statement and/or that he relied upon any such statement to his detriment. The intentional infliction of emotional distress claim fails because he cannot allege the requisite "extreme and outrageous" conduct or "severe injury."

In addition to his claims against MetLife, Contreras has also alleged two meritless claims against the Commissioner ("Commissioner") of the California Department of Insurance ("CDI") for the sole purpose of trying to defeat diversity, to avoid this forum because he wants to try his case in state court. His two claims against the Commissioner are for a writ of mandate ordering him to revoke his approval of the Policy and policy forms for sale in the State of California and to generally comply with various statutory duties/obligations (fifth cause of action), and for a declaratory judgment that the Commissioner improperly approved the Policy, which Contreras alleges is ambiguous and misleading (sixth cause of action). These claims against the Commissioner fail as a matter of law for the several reasons, including the fact his request for writ relief is time-barred, and that he is improperly trying to control a public official's discretion in a particular manner.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1

## 2.    **FACTS ALLEGED IN THE COMPLAINT**[1]

2

3    **Breach of Contract and Bad Faith Allegations Regarding Contreras'**

4    **Dispute With MetLife (First and Second Causes of Action):**  Contreras became

5    insured in 1995 under a group policy of disability income insurance issued by

6    MetLife, Long Term Disability Plan No. Group # 98324 (the "Policy").  Complaint,

7    ¶6, Exhibit "A."

8        The Policy defines "Disability" in pertinent part as follows:

9        "Disability or Disabled means that, due to an Injury or Sickness, you require

10    the regular care and attendance of a Doctor and:

11        1.  you are unable to perform each of the material duties of your regular job;

12        and

13        2.  after the first 24 months of benefit payments, you must also be unable to

14        perform each of the material duties of any gainful work or service for which

15        you are reasonably qualified taking into consideration your training, education,

16        experience and past earnings; or

17        3.  you, while unable to perform all of the material duties of your regular job

18        on a full-time basis, are:

19            a.  performing at least one of the material duties of your regular job or any

20            other gainful work or service on a part-time or full-time basis; and

21            b.  earning currently at least 20% less per month than your Indexed Basic

22            Monthly Earnings due to that same Injury or Sickness."

23

24    Complaint, ¶ 7.

25

26    _____

[1]   While MetLife disputes the allegations of the Complaint, it acknowledges that the
27    legal sufficiency of the Complaint must be determined based on the allegations
      contained therein.  This motion is directed to Contreras' third through sixth causes of
28    action only, but a summary of all six causes of action is provided below by way of
      background.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-2-

1       Contreras alleges that he was a Chief of Police who stopped working on or
2 about March 25, 2003 due to lumbar disc disease and chronic low back pain.
3 Complaint, ¶8. He thereafter attempted to return to part-time work but this effort
4 failed, causing him severe exacerbated pain and further injury. Complaint, ¶ 9. He
5 submitted a claim to MetLife for disability benefits on or about March 25, 2003.
6 Complaint, ¶10. Contreras alleges that MetLife breached the Policy (first cause of
7 action) and breached the implied covenant of good faith and fair dealing (second
8 cause of action) by denying his disability claim in bad faith and refusing to pay him
9 benefits based upon its determination that Contreras was not disabled from his
10 occupation. Complaint, ¶¶11-29.

11       **Fraud Allegations Against MetLife (Third Cause of Action):** In addition to
12 his claims for breach of contract and bad faith, Contreras alleges that when MetLife
13 informed him of its decision to deny his disability claim, MetLife misrepresented the
14 Policy and governing law. Specifically, Contreras alleges that on December 23,
15 2005, MetLife employee Carol Katanich "intentionally misrepresented to Plaintiff
16 that he could perform various police occupations, and that he was not entitled to
17 benefits under the POLICY." Complaint, ¶31.

18       **IIED Allegations Against MetLife (Fourth Cause of Action):** Contreras
19 alleges that MetLife was aware at all times that he was disabled and that he relied on
20 his disability benefits for financial support. Complaint, ¶ 41. Contreras alleges that
21 MetLife unreasonably failed to pay him benefits and misrepresented the Policy, and
22 in doing so it "pursued an outrageous course of conduct, intentionally and/or
23 recklessly, proximately causing plaintiff severe emotional distress, shock and other
24 highly unpleasant emotions." Complaint, ¶¶ 41-48.

25       **Claim Against the Commissioner for Writ of Mandate (Fifth Cause of
26 Action):** Contreras alleges that the Commissioner, on behalf of the CDI, is required
27 to approve disability insurance policy forms and the Commissioner is prohibited by
28 law from approving any policy that is "uncertain, ambiguous or likely to mislead."

1  Complaint, ¶57. Contreras alleges that: (1) the Insurance Code prohibits disability
2  provisions that are less favorable in any respect to an insured than required by
3  California law, and he offers as examples Insurance Code sections 10328 and 10390
4  (Complaint, ¶ 60); (2) the Insurance Code requires the Commissioner to perform the
5  duties imposed by the Insurance Code and other laws regulating the business of
6  insurance (Complaint, ¶61); (3) the Commissioner has failed to enforce the
7  mandatory minimum requirements of the Insurance Code and has failed to perform
8  other duties imposed by law (Complaint, ¶¶67-68); and (4) the Commissioner has
9  abused his discretion by approving a policy and or policy forms (Complaint, ¶69).
10  Contreras, therefore, seeks a writ mandating that the Commissioner "exercise his
11  discretion and take such action as he may decide is reasonably necessary to respond
12  to the alleged fraudulent and unlawful conduct of defendants." Complaint, ¶70.
13  Contreras also seeks an order mandating the Commissioner to revoke his alleged
14  approval of the subject Policy. Complaint, ¶70.

15      **Claim Against the Commissioner for Declaratory Relief (Sixth Cause of**
16  **Action):** Contreras alleges that "an actual controversy exists" between him and the
17  Commissioner regarding his "alleged approval of the policy and or policy form at
18  issue in this case." Complaint, ¶74. As a result, Contreras seeks a declaration that
19  the Policy does not conform to "the minimum standards for total disability in the
20  State of California…and for a declaration that the insurer defendants may not use the
21  Commissioner's approval of the policy and or policy form here in issue to claim that
22  the policy is not unintelligible, uncertain ambiguous or abstruse, or likely to mislead."
23  Complaint, ¶76. Plaintiff also seeks a declaration that the Policy and/or policy forms
24  at issue is "ambiguous or misleading and that the Commissioner has abused his
25  mandatory duty not to approve a policy that is ambiguous or misleading …."
26  Complaint, ¶77.

27
28

1
2
3

**3.    CONTRERAS HAS NOT STATED AND CANNOT STATE A CLAIM FOR INTENTIONAL MISREPRESENTATION**

4       The essential elements of a cause of action for intentional misrepresentation, or
5   fraud, are as follows: (1) misrepresentation (false representation, concealment or
6   nondisclosure); (2) knowledge of falsity (or "scienter"); (3) intent to defraud (i.e., to
7   induce reliance); (4) justifiable reliance; and (5) resulting damage.  Calif. Civ. Code
8   §1709; *Seeger v. Odell*, 18 Cal. 2d 409, 414 (1941); *Nathanson v. Murphy*, 132 Cal.
9   App. 2d 363, 367 (1955); *Conrad v. Bank of America*, 45 Cal. App. 4th 133, 156
10  (1996); *Pinney & Topliff v. Chrysler Corp.*, 176 F. Supp. 801, 803 (S.D. Cal. 1959).
11  Contreras' fraud claim fails as a matter of law because he has not pled and cannot
12  plead each of these elements with particularity as required by Federal Rule of Civil
13  Procedure ("FRCP") 9(b).

14      Every element of a fraud claim "must be alleged with sufficient specificity …."
15  *Tarmann v. State Farm Mut. Auto. Ins. Co*., 2 Cal. App. 4th 153, 157 (1991). "Rule 9
16  requires a plaintiff averring fraud (or deceit) to state 'the circumstances constituting
17  (such) fraud' with 'particularity'. This has been interpreted to mean the pleader must
18  state the time, place and specific content of the false representations as well as the
19  identities of the parties to the misrepresentation." *Miscellaneous Service Workers,*
20  *etc. v. Philco-Ford Corp., WDL Div*., 661 F.2d 776, 782 (9th Cir. 1980); *Comwest,*
21  *Inc. v. American Operator Services, Inc*., 765 F. Supp. 1467, 1470-71 (C.D. Cal.
22  1991) ("The 'mere recitation of the content of alleged misrepresentations and the
23  context in which they were made' is not 'sufficient to satisfy Rule 9(b).'");
24  *Occupational-Urgent Care Health Systems, Inc. v. Sutro & Co*., 711 F. Supp. 1016,
25  1021 (E.D. Cal. 1989) ("Rule 9(b) requires that the persons making any fraudulent
26  statements must be identified"); *Concha v. London*, 62 F.3d 1493, 1502-03 (9th Cir.
27  1995).  Under FRCP 9(b), conclusory allegations of fraud are insufficient to

28

1   withstand a motion to dismiss. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531,

2   540 (9th Cir. 1989).

3       Pleading fraud with specificity is particularly important when the defendant, as

4   here, is a corporate entity. *See Mason v. Drug, Inc.*, 31 Cal. App. 2d 697 (1939). In

5   *Mason*, the plaintiff alleged fraud against a defendant corporation. In affirming the

6   trial court's decision to sustain the defendant's demurrer, the appellate court

7   explained:

8

9       Fraud is never presumed. So in the instant case, if the plaintiff would charge
        the defendant corporation with making fraudulent misrepresentations it was
10      necessary for him to allege the name of the person who spoke, his authority to
        speak, to whom he spoke, what he said or wrote, and when it was said or
11      written.

12
    *Id.* at 703; *see also Tarmann, supra* at 156-58 (appellate court applied the well-
13
    established specificity requirements for fraud allegations to affirm the trial court's
14
    sustaining of a demurrer without leave to amend as to a plaintiff insured's fraud
15
    claim).
16
        A fraud claim cannot be supported by "merely set[ing] forth conclusory
17
    allegations of fraud punctuated by a handful of neutral facts." *Richardson v. Reliance*
18
    *Nat'l Indemnity Co.,* 2000 U.S. Dist. LEXIS 2838, *11-12 (N.D. Cal. 2000). "Rather,
19
    the Ninth Circuit has consistently required that circumstances indicating falseness be
20
    set forth." *Id.* (internal citations and quotes omitted). Indeed, an allegation of fraud
21
    must meet two requirements:
22
        First, the plaintiff's allegations must identify the time, place and content of the
23      alleged misrepresentation so that the defendant can identify the statement.
        Second, the plaintiff **must plead facts explaining why the statement was**
24      **false when it was made**. A plaintiff can satisfy this requirement . . . by
        pointing to inconsistent contemporaneous statements or information which was
25      made by or available to the defendant; later statements made by the defendant
        along the lines of 'I knew it all along.' As a consequence of this second
26      requirement, the plaintiff is precluded from simply pointing to a defendant's
        statement, noting that the content of the statement conflicts with the current
27      state of affairs, and then concluding that the statement in question was false
        when made.
28

1 │ *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152-53 (S.D. Cal. 2001) (emphasis
2 │ added and citations omitted).

3 │      In order to properly plead fraud, a plaintiff must do more than merely identify
4 │ the transaction. *Moore v. Kayport Package Exp., Inc., supra*, at 540; *Mason v. Drug,*
5 │ *Inc., supra*, at 703. "In other words, the plaintiff must set forth **an explanation** as to
6 │ why the statement or omission complained of was false or misleading" at the time it
7 │ was made. *In re GlenFed, Inc. Sec. Lit.,* 42 F.3d 1541, 1547 (9th Cir. 1994)
8 │ (emphasis added). The explanation must go beyond merely stating that the claim was
9 │ not paid and, from that, asking the court to infer that there was never any intent to
10 │ honor the contract. *See Smith, supra* at 1153; *Paulson v. State Farm Mutual Auto.*
11 │ *Ins. Co.*, 867 F. Supp. 911, 920 (C.D. Cal. 1994); *Tenzer v. Superscope, Inc.*, 39 Cal.
12 │ 3d 18, 30 (1985) ("something more than nonperformance is required to prove the
13 │ defendant's intent not to perform his promise").

14 │      While it is true that on a motion to dismiss, a court must draw reasonable
15 │ inferences in Contreras' favor, it need not accept as true unreasonable inferences or
16 │ unwarranted deductions of fact. *Rosenbaum v. Syntex Corp.,* 95 F.3d 922, 927 (9th
17 │ Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are
18 │ insufficient to defeat a motion to dismiss for failure to state a claim."); *Transphase*
19 │ *Systems, Inc. v. Southern Calif. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993)
20 │ (the court need not accept as true unreasonable inferences in ruling on a motion to
21 │ dismiss); *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that the
22 │ standard of review on a motion to dismiss "[d]oes not force an appellate court to
23 │ swallow plaintiff's invective hook, line, and sinker; bald assertions, unsupportable
24 │ conclusions, periphrastic circumlocutions, and the like need not be credited.");
25 │ *Nishimatsu Construction Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.
26 │ 1975) (while noting that the court should accept plaintiff's well-pleaded allegations
27 │ as true, it rejected plaintiff's allegation that defendant was liable on a contract where

28

1  the contract itself showed that defendant signed it as an agent for a disclosed principal
2  and did not thereby make himself a party to the contract).

3       Here, Contreras is trying to force a fraud case out of a breach of contract
4  dispute. First, Contreras argues that MetLife intentionally "represented to Plaintiff
5  that he could perform various police occupations." Complaint, ¶ 31. If such
6  representations were untrue, as Plaintiff alleges, it is absurd to believe that Contreras
7  reasonably relied upon such representations to his detriment (obviously, if they were
8  untrue, he knew them to be untrue the minute he heard them). Thus, Contreras does
9  not satisfy the justifiable reliance prong of a fraud claim. Furthermore, Contreras
10 does not specify where the statement was made, nor does he specify the specific
11 content of the statement. Thus, he has also not provided sufficient particularity.

12      As for the allegation that "represented to Plaintiff that it would pay and
13 continue to pay monies to Plaintiff when Defendant MetLife determined that Plaintiff
14 was disabled," (Complaint, ¶ 34), Contreras does not attempt to explain how such
15 statement (which, as Contreras himself alleges, was an accurate prediction of what
16 MetLife later did), was false. Rather, Contreras alleges that the statement was in
17 violation of "the minimum standards in California for total disability"; but that does
18 not mean the statement false. Contreras is confusing the issue of whether MetLife
19 violated the law (an issue relevant to breach of contract and bad faith) and whether
20 MetLife lied to Contreras (the question in a fraud claim). Furthermore, Contreras has
21 not specified who at MetLife told him this fact, the place where the statement was
22 made, or the specific content of the statement. Thus, he has also not provided
23 sufficient particularity on this point.

24      In sum, Contreras' fraud claim fails because Contreras has failed to adequately
25 allege that MetLife made a false statement or that he justifiably relied upon any
26 misrepresentation to his detriment. For these reasons, the fraud claim should be
27 dismissed with prejudice.

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-8-

1  **4.   CONTRERAS HAS NOT STATED AND CANNOT STATE A CLAIM**
2  **FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
3

4       Contreras' claim for intentional infliction of emotional distress ("IIED") is
5  based on allegations that MetLife was aware at all times that Contreras was totally
6  disabled and that he relied on his disability benefits for financial support; that
7  MetLife failed to pay benefits and misrepresented the terms of the Policy; and that, in
8  doing so, MetLife engaged in an outrageous course of conduct, thereby causing
9  Contreras "severe emotional distress." Complaint, ¶¶48-55. For the reasons
10  discussed below, these allegations are insufficient to constitute a claim for IIED.

11       **A.    Contreras Has Not Alleged And Cannot Allege Facts Demonstrating**
12             **"Extreme and Outrageous" Conduct**

13       In order to allege facts sufficient to constitute the tort of IIED, a plaintiff must
14  allege the following essential elements: (1) outrageous conduct by the defendant; (2)
15  intent to cause or reckless disregard of the probability of causing emotional distress;
16  (3) severe or extreme emotional suffering and distress; and (4) actual and proximate
17  causation of the emotional distress by the defendant's outrageous conduct. *Nally v.*
18  *Grace Community Church*, 47 Cal. 3d 278, 300 (1988) (affirming nonsuit); *Davidson*
19  *v. City of Westminster*, 32 Cal. 3d 197, 209 (1982) (sustaining demurrer); *Trerice v.*
20  *Blue Cross of Calif.*, 209 Cal. App. 3d 878, 883 (1989) (affirming summary
21  judgment).

22       With respect to the first essential element, a defendant's alleged conduct must
23  be "so extreme as to exceed all bounds of that usually tolerated in a civilized
24  community." *Schlauch v. Hartford Acc. & Indem. Co.*, 146 Cal. App. 3d 926, 936
25  (1983); *Cervantez v. J.C. Penney Co., Inc.*, 24 Cal. 3d 579, 593 (1979). Accord,
26  *Davidson, supra*, at 209; *Trerice, supra* at 883. Even conduct that objectively
27  offends and breaches common standards of civility may not qualify as outrageous
28  conduct. *Yurick v. Superior Court (Antonetti)*, 209 Cal. App. 3d 1116, 1123 (1989).

1   In fact, the standard is much tougher. A person's conduct which is not so egregiously
2   outside the realm of civilized conduct does not give rise to actionable infliction of
3   mental distress. *Id.* at 1124. The requirements of the rule are rigorous and difficult to
4   satisfy. *Id.* at 1129. A trial court may determine as a matter of law that a defendant's
5   alleged conduct is not as extreme and outrageous as to permit recovery. *See, e.g.,*
6   *Tollefson v. Roman Catholic Bishop of San Diego*, 219 Cal. App. 3d 843, 858 (1990);
7   *Ricard v. Pacific Indemnity Co.*, 132 Cal. App. 3d 886, 895 (1982) (affirming
8   demurrer).

9        The gist of Contreras' emotional distress claim is that he did not receive
10  disability insurance benefits to which he felt entitled. Several California cases
11  establish that actions far more egregious than those alleged by Contreras were
12  insufficient to state claims for IIED. *See Ricard v. Pacific Indemnity Co., supra*, 132
13  Cal. App. 3d at 895; *Schlauch v. Hartford Acc. & Indem. Co., supra*, 146 Cal. App.
14  3d at 936 (mere refusal to accept the injured party's settlement demand or violation of
15  statutory duties imposed by Insurance Code Section 790.03 did not constitute
16  "outrageous conduct"); *Soto v. Royal Globe Ins. Co.*, 184 Cal. App. 3d 420, 432
17  (1986) (an injured worker's family members could not maintain a claim for IIED
18  based merely on allegations that the insurer had withheld benefits due the injured
19  worker).

20       *Ricard v. Pacific Indemnity Co., supra*, is instructive. There, the plaintiff
21  alleged that the defendant insurance company assured him that it would pay for all of
22  his future medical care, and that he, therefore, did not need to file a claim with the
23  Workers' Compensation Appeals Board. After the plaintiff became injured, the
24  insurer allegedly intentionally ignored the plaintiff's medical bills. The plaintiff then
25  repeatedly called the insurer but was constantly put off in telephone conversations,
26  and the insurer then purposely lied to the plaintiff concerning its intentions. Further,
27  one of the insurer's representatives accused plaintiff and his doctor "of trying to put
28  something over on [the insurer]." *Id.* at 889. The plaintiff then wrote to the insurer

1  advising it of the great emotional distress its actions were causing him, but the
2  insurer's claims manager told the plaintiff he had no intention of altering the manner
3  in which the claim was being handled. In addition to all of the aforementioned
4  allegations, the plaintiff alleged that all of the insurer's conduct was intentional and
5  that the plaintiff had suffered "physical harm, shock and severe emotional distress."
6  *Ricard, supra* at 889-90. Nonetheless, the appellate court affirmed the trial court's
7  sustaining of the insurer's demurrer to plaintiff's IIED cause of action: "We believe
8  the trial court was justified in concluding, as a matter of law, that defendant's
9  conduct, as pleaded could not be deemed 'outrageous' within that definition.
10 [Citations.]" *Ricard, supra* at 895; *see also Isaacson v. Calif. Ins. Guarantee Ass'n*,
11 44 Cal. 3d 775 (1988).

12     Contreras has failed to allege any conduct by MetLife that even remotely
13 approaches the "outrageousness" required to state a claim for IIED. Therefore, this
14 claim should be dismissed.

15           **B.    Contreras May Not Maintain His IIED Claim Because He Has Not
16                   Alleged Facts Showing He Suffered "Severe Injury"**

17     In order to state a claim for IIED, Contreras must allege facts showing severe
18 emotional injury or trauma. As the court held in *Bogard v. Employers Casualty Co.*,
19 164 Cal. App. 3d 602, 617-18 (1985), mere conclusory allegations that one has
20 suffered severe emotional distress are inadequate. *Id.* at 617-18 ("Severe emotional
21 distress means, then, emotional distress of such substantial quantity or enduring
22 quality that no reasonable man in a civilized society should be expected to endure
23 it.") (citation omitted).

24     Applying the *Bogard* test, MetLife's denial of Contreras' disability claim did
25 not result in emotional distress so great that "no reasonable man in a civilized society
26 should be expected to endure it." Furthermore, Contreras' Complaint does not
27 adequately describe the nature of his alleged emotional distress. Instead, he generally
28 asserts that MetLife "caused plaintiff severe emotional distress, anxiety and despair,"

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-11-

"shock and other highly unpleasant emotions" and "frustration, depression, nervousness, and anxiety." Complaint, ¶¶48-49, 51. Such conclusory allegations do not suffice to support a claim of IIED.

## 5. CONTRERAS HAS NOT STATED AND CANNOT STATE A CLAIM AGAINST THE COMMISSIONER

Contreras has alleged two meritless claims against the Commissioner for the sole purpose of avoiding this forum by attempting to defeat federal court diversity jurisdiction. This case is a coverage dispute between Contreras and his disability insurer regarding policy benefits. However, because Contreras wants to try his case in state court, he included vague and incredibly overbroad allegations against the Commissioner, asking for a declaration or an order mandating that he revoke his alleged approval of the Policy for sale in California and that he generally comply with the law.

Notably, the improper litigation strategy of suing the Commissioner to keep cases involving disputes over insurance policy benefits in state court is one that has been employed many times by Contreras' counsel of record, Ray Bourhis, Esq. Mr. Bourhis and/or his firm have filed numerous disability insurance cases against various insurers wherein the Commissioner has also been named as a defendant. Some, but not all, of those cases are as follows: *Brazina v. Paul Revere Life Ins. Co.*, Case No. CV-03-00290, filed January 22, 2003; *Guyton v. Unum Life Ins. Co. of America*, Case No. CV-03-00291, filed January 22, 2003; *Iverson v. Provident Life and Accident Ins. Co.*, Case No. CV-03-00292, filed January 22, 2003; *Perry v. Centre Life Ins. Co.*, Case No. CV-03-00615, filed February 12, 2003; *Borsuk v. Massachusetts Mutual Life Ins. Co.*, Case No. CV-03-00603, filed February 13, 2003; *Stone v. New England Fin.;* Case No. CGC-03-418714, filed March 27, 2003; *Kempe v. MetLife Ins. Co. of America*, Case No. CV-03-03816, filed August 15, 2003;

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1 *Baldwin v. UnumProvident Corp.*, Case No. CGC-03-425908, filed October 30, 2003;

2 *Allen v. High Mark Life Ins. Co.*, Case No. CGC-04-427995, filed January 14, 2004;

3 *Gross v. UnumProvident Corp.*, Case No. CGC-04-429111, filed February 26, 2004;

4 *Acar v. UnumProvident Corp.*, Case No.: CGC-05-437894, filed January 19, 2005;

5 *Fink v. UnumProvident Corp.*, Case No. 05-CV-02875, filed July 14, 2005; *Tomback*

6 *v. UnumProvident Corp.*, Case No. 05-CV-03157, filed August 4, 2005; *Hangarter v.*

7 *The Paul Revere Life Ins. Co.*, Case No. 05-CV-04558, filed November 8, 2005;

8 *Houk v. Guardian Life Ins. Co. of America*, Case No. CGC-06-449255, filed February

9 6, 2006; *Robillard v. Liberty Mutual*, Case No. CGC-06-449572, filed March 14,

10 2006; *West v. UnumProvident Corp.*, Case No. CGC0-06-452091, filed May 9, 2006;

11 *Surles v. MetLife Ins. Co. of America*, Case No. C 06 5807 JL, filed August 24, 2006;

12 *Saccaro v. The Paul Revere Life Ins. Co.*, Case No. CGC-06-455765, filed August 31,

13 2006; *Maiolino v. UnumProvident Corp.*, Case No. C 04-0407-SI, filed March 20,

14 2007; *Mahjouri v. Provident Life and Accident Ins. Co.*, Case No. CGC-07-461992,

15 filed April 4, 2007; and *Squiers v. UnumProvident Corp.*, Case No. CGC-07-462326,

16 filed April 12, 2007.

17 MetLife is informed and believes that these complaints contain almost the

18 identical allegations against the Commissioner as those contained in Contreras'

19 Complaint and that Contreras' counsel has not pursued any of his clients' claims

20 against the Commissioner to judgment.[2] Notwithstanding the foregoing, Contreras'

21 claims against the Commissioner should be dismissed for the following reasons.

22

23 [2] Notably, the presence of the Commissioner does not defeat diversity jurisdiction.
When a state official is sued in his or her official capacity, the suit is considered a suit
24 against the state itself, and a state is not "a citizen of a State." *Moor v. County of
Alameda*, 411 U.S. 693, 717 (1973). Further, "[a] claim alleged against a state officer
25 acting in his official capacity is treated as a claim against the state itself." *Morongo
Band of Mission Indians v. Calif. State Bd. of Equalization*, 858 F.2d 1376, 1382 n.5
26 (9th Cir. 1988) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)) ("An official-
capacity suit is, in all respects other than name, to be treated as a suit against the
27 entity . . . . We, therefore, disregard the citizenship of the individual [state officers]
in assessing jurisdiction under section 1335."); *Northeast Federal Credit Union v.
28 Neves*, 837 F.2d 531, 534 (1st Cir. 1988) (defendant state tax assessor, sued under
section 1335 in his official capacity, "has no citizenship for jurisdictional purposes").

-13-

**A.    Contreras' Claim For A Writ Of Mandate Is Time-Barred**

With his fifth claim for a writ of mandate, Contreras claims that he has a statutory right to action by the Commissioner under Insurance Code section 12940. Complaint, ¶¶63-64. California Code of Civil Procedure section 338(a) provides that an action based upon a right created by statute must be brought within three years. Section 338 applies to actions for mandamus. *Raymond v. Christian*, 24 Cal. App. 2d 92, 113 (1937); *Borsuk v. Massachusetts Mutual Ins. Co.*, 2003 U.S. Dist. Lexis 25259, *25 (N.D. Calif. September 4, 2003). *Monroe v. Trustees of California State Colleges*, 6 Cal. 3d 399, 405 (1971) ("Well established precedent decrees, of course, that the statute of limitations in a mandamus proceeding 'begins to run when the [petitioner's] right first accrues. [Citations.]'"). The right to petition accrues once there is "(1) [a] clear, present and usually ministerial duty upon the part of the respondent [citations]; and (2) a clear, present and beneficial right in the petitioner to the performance of that duty [citations]." *Moran v. Department of Motor Vehicles*, 139 Cal. App. 4th 688, 691 (2006). Thus, the statute of limitations for a writ of mandate begins to run when the insured agrees to the terms of his policy, *i.e.*, when he purchases the policy that allegedly fails to conform to the requirements of the Insurance Code. *Borsuk, supra*, is directly on point and involves claims against the CDI identical to Contreras' claims herein.[3] There, the plaintiff filed a claim against his disability insurer, Massachusetts Mutual, and the Commissioner in state court. Exactly as in this case, Borsuk alleged that the Commissioner wrongfully approved his disability insurance policy. The insurance company removed the case to federal court on the basis that the Commissioner was a sham defendant named solely to defeat diversity. In denying plaintiff's motion to remand, the court in *Borsuk* found that plaintiff failed to state a cause of action against the Commissioner for a writ of

Pursuant to these authorities, the Commissioner is not a citizen of California and in fact he "has no citizenship for jurisdictional purposes."
[3] In fact, Borsuk was represented by the same counsel who is Contreras' counsel of record in this action.

1   mandate because the applicable three-year statute of limitations had expired. In so
2   finding, the court held that the statute began to run at the time that plaintiff agreed to
3   the terms of his policy, in that case in 1992, which was the year he purchased the
4   policy. *Borsuk, supra* at \*25 ("Borsuk was on notice of the second issued policy no
5   later than 1992, the date he agreed to the terms of that policy. This action was
6   commenced ten years after that date and (presumably) more than ten years after the
7   policy form at issue was approved."). Here, Contreras alleges that the Commissioner
8   approved the instant Policy sometime before March 1, 2000 when he purchased it.
9   Complaint, ¶¶6, 77. The statute of limitations on Contreras' claims against the
10  Commissioner, therefore, expired on March 1, 2003 – well before Contreras filed this
11  lawsuit on March 20, 2007.

## B.   Contreras' Requested Writ Relief Improperly Seeks To Control The Commissioner's Discretion

14          Contreras is also not entitled to the writ relief he seeks because he is
15  improperly attempting to control the administrative discretion conferred upon the
16  Commissioner. A writ of mandate may not be used to control such discretion. *See*
17  *Venice Town Council, Inc. v. City of Los Angeles*, 47 Cal. App. 4th 1547, 1558 (1996)
18  ("[a writ of mandate] will not lie to control discretion conferred upon a public officer
19  or agency."); *Helena F. v. West Contra Costa Unified School Dist.*, 49 Cal. App. 4th
20  1793, 1799 (1996) (a writ of mandate will not lie to control a public agency's
21  discretion, "that is to say, force the exercise of discretion in a particular manner....");
22  *Common Cause v. Board of Supervisors*, 49 Cal. 3d 432, 442 (1989) (mandate
23  improper to compel a governmental entity to take a particular course of action in a
24  matter committed to the government's discretion). Rather, a writ may be issued only
25  when two basic requirements are met: (1) there is a clear, present and usually
26  ministerial duty on the part of the respondent and (2) there is a clear, present and
27  beneficial right in the petitioner to the performance of that duty. *Id.* at 1558.
28  Contreras cannot demonstrate either of these requirements.

1        Contreras seeks a writ mandating that the Commissioner "exercise his
2  discretion and take such action as he may decide is reasonably necessary to respond
3  to the alleged fraudulent and unlawful conduct of defendants" and that he revoke and
4  rescind his approval of the subject Policy. Complaint, ¶70. Thus, Contreras is
5  improperly asking this Court to order the Commissioner to exercise his discretion in a
6  particular manner, *i.e.*, revoke or rescind his approval of the Policy, which is not a
7  clear, present and ministerial act. Even if the Commissioner did revoke his approval
8  of the Policy, thereby prohibiting MetLife from selling the Policy in California on a
9  going forward basis, there is no clear, present and beneficial right to Contreras of
10  such an act because he already purchased the Policy.

11      **C.**   **Contreras Cannot Demonstrate A Right To Writ Relief**

12        With his fifth claim for writ relief, Contreras asserts that the Commissioner has
13  failed to fulfill numerous and varied duties, and he seeks an order from the Court
14  requiring the Commissioner to perform those duties. More specifically, Contreras
15  alleges that (1) the Commissioner and the CDI have "failed to enforce the mandatory
16  minimum requirements of the Insurance Code with respect to policy definitions of
17  disability, and related policy provisions respecting proof of claim, payment of claim,
18  and adjudication of claim, contained in defendants' insurance policy that are at
19  variance with and less favorable to their insured and disability claimants than
20  required by California law"; (2) the Commissioner and the CDI have failed in
21  unspecified ways to require compliance with Insurance Code Sections 790.03(h) and
22  10291.5, the Fair Claims Settlement Practices Regulations and "various [and
23  unspecified] DOI rulings and bulletins"; and (3) the Commissioner has abused his
24  discretion "by approving a policy and or policy forms in violation of either Cal. Ins.
25  Code §§ 10291.5(a) and 10291.5(b)(1), or the Commissioner's own regulations
26  implementing the Insurance Code." Complaint, ¶¶67-70. Contreras is not entitled to
27  the writ he seeks for several reasons as discussed below.

28

1    In order to obtain the writ or order that he seeks, Contreras must meet the
2   requirements of California Code of Civil Procedure section 1085, which states: "A
3   writ of mandate may be issued by any court, except a municipal court, to any inferior
4   tribunal, corporation, board, or person, to compel the performance of an act which the
5   law specifically enjoins, as a duty resulting from an office, trust, or station, or to
6   compel the admission of a party to the use and enjoyment of a right or office to which
7   the party is entitled, and from which the party is unlawfully precluded by such
8   inferior tribunal, corporation, board, or person."

9    First, Contreras cannot obtain writ relief because he is not seeking "to compel
10  the performance of an act which the law specifically enjoins." Contreras is seeking to
11  compel the Commissioner and the CDI to comply with general obligations imposed
12  by the Insurance Code and other laws.

13   Second, there are traditional prerequisites to writ relief that Contreras has not
14  satisfied. Contreras must demonstrate that he has no other adequate remedy at law.
15  *See* Calif. Code of Civ. Proc. § 1086 ("The writ must be issued in all cases where
16  there is not a plain, speedy, and adequate remedy, in the ordinary course of
17  law . . . ."); *see also Omaha Indem. Co. v. Superior Court (Greinke)*, 209 Cal. App.
18  3d 1266, 1274-75 (1989). Contreras unquestionably has an adequate remedy. He
19  may make a complaint with the CDI and request administrative action by the CDI
20  and, as he has already done, he may commence a legal action (pursuing appropriate
21  legal theories) against MetLife for his claimed monetary damages. Contreras has not
22  alleged that he has no other adequate remedy because he does.

23   Third, Contreras must also show that he will suffer "irreparable injury" if the
24  writ relief is not granted. *See Omaha Indem. Co. v. Superior Court (Greinke), supra*,
25  209 Cal. App. 3d at 1274-75. Contreras cannot show the requisite irreparable harm
26  and does not allege it. Whether the Commissioner or the CDI have fulfilled their
27  duties in the past, is doing so now or whether they are ordered to comply with other
28  duties has no bearing on Contreras.

-17-

1    Finally, the separate aspects of Contreras' request for writ relief fail. Inasmuch
2    as he claims the Commissioner and CDI have failed to enforce mandatory minimum
3    requirements of the Insurance Code with respect to policy definitions of disability and
4    policy provisions regarding proof of claim and payment of claims that are allegedly at
5    variance with and less favorable than that required by the Insurance Code, the
6    Insurance Code already provides the relief he seeks. Section 10390 of the Insurance
7    Code states: "A policy delivered or issued for delivery to any person in this State in
8    violation of this chapter shall be held valid but shall be construed as provided in this
9    chapter. When any provision in such a policy is in conflict with any provision of this
10   chapter, the rights, duties, and obligations of the insurer, the insured and the
11   beneficiary shall be governed by this chapter." The other aspect of Contreras' request
12   for relief is that he generally wants the CDI to comply with the law. This amounts to
13   an impermissible injunction to obey the law. *See* FRCP 65(d) (requiring injunctions
14   "be specific in terms" and "described in reasonable detail."); Calif. Code of Civ.
15   Proc. § 525 ("An injunction is a writ or order requiring a person to refrain from a
16   particular act . . ."; *Calif. Satellite Systems, Inc. v. Nichols*, 170 Cal. App. 3d 56, 71
17   (1985) ("An injunction which forbids an act in terms so vague that men of common
18   intelligence must necessarily guess at its meaning and differ as to its application
19   exceeds the power of the court.").

20          **D.    The Commissioner Has Been Misjoined With MetLife**

21          Contreras has improperly joined his claims against the Commissioner with his
22   claims against MetLife. Pursuant to Federal Rule of Civil Procedure 20, which
23   governs the permissive joinder of parties, separate defendants may be joined in the
24   same action when two conditions are met: "[1] if there is asserted against them
25   jointly, severally, or in the alternative, any right to relief in respect of or arising out of
26   the same transaction, occurrence, or series of transactions or occurrences and [2] if
27   any question of law or fact common to all defendants will arise in the action." FRCP
28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-18-

20(a) (brackets added). Contreras cannot establish either of these elements to demonstrate proper joinder.

With respect to the first element, the relief sought against the Commissioner is unrelated to and distinct from the relief sought against MetLife. There are no causes of action common to both MetLife and the Commissioner. The claims against MetLife relate to Contreras' contract dispute with MetLife and tort claims relating to MetLife's allegedly unreasonable handling of his disability claim. Contreras seeks only money damages against MetLife. In contrast, his claims against the Commissioner relate to the Commissioner's alleged failure to act with respect to unspecified policy forms used by MetLife and certain alleged practices of MetLife that Contreras asserts are subject to regulation by the Commissioner. Contreras does not seek any money damages against the Commissioner. Rather, he seeks a writ of mandate ordering the Commissioner to exercise his discretion and to rescind his alleged approval of Contreras' policy and policy forms.

Contreras' claims against the Commissioner and MetLife do not arise out of the "same transaction, occurrence, or series of transactions or occurrences." Contreras' claims against MetLife arise out of Contreras' alleged disability, his claim for benefits under the Policy and MetLife's handling of his disability claim. His claims against the Commissioner arise out of the Commissioner's alleged approval of policy forms used by MetLife and the Commissioner's exercise of discretion in general.

Additionally, there is no question of law or fact common to both MetLife and the Commissioner. The legal and factual issues as to the claims against MetLife relate to whether MetLife correctly and reasonably handled Contreras' disability claim pursuant to its contractual obligations under the Policy. The legal and factual issues as to the claims against the Commissioner involve the Commissioner's oversight of the insurance industry as a whole, his alleged approval of policy forms and whether he has properly exercised his regulatory powers separate and apart from

1 | Contreras' dispute with his insurer. Accordingly, Contreras' claims against the
2 | Commissioner should be dismissed.

3 | **E.    Contreras Cannot Obtain The Relief He Seeks Against The**
4 | **Commissioner Because He Has Failed To Exhaust His**
5 | **Administrative Remedies**

6 | Contreras' claims against the Commissioner should be dismissed because he
7 | has failed to exhaust the administrative remedies available to him. Where an
8 | administrative remedy is provided by statute, one must first seek relief from the
9 | administrative agency and exhaust administrative remedies before seeking judicial
10 | review. That is, one may not seek judicial intervention until the administrative
11 | process has run its course. *See Temescal Water Co. v. Dept. Public Works*, 44 Cal. 2d
12 | 90, 106 (1955); *Wolfe v. State Farm Fire & Casualty Ins. Co.*, 46 Cal. App. 4th 554,
13 | n.5 (1996). The purpose of the exhaustion requirement is to afford the agency an
14 | opportunity to exercise its discretion before being subjected to suit. *Associated Calif.*
15 | *Loggers, Inc. v. Kinder*, 79 Cal. App. 3d 34, 43 (1978).

16 | Here, the Insurance Code provides administrative remedies that an insured may
17 | utilize if he has a complaint regarding an insurance claim or policy. *See* Ins. Code §§
18 | 12921, *et seq*. Specifically, the California Insurance Code gives the Commissioner
19 | several administrative means to administer the Unfair Claims Settlement Practices
20 | Act ("UCPA") found in Insurance Code section 790.03(h). The principal means are:
21 | • The claims complaint and resolution process (Ins. Code §§ 12921.3 and 12921.4)
22 | • Market conduct examinations (Ins. Code § 790.04)
23 | • Cease and desist proceedings (Ins. Code §§ 790.05 and 790.06)
24 | • License suspension and revocation (Ins. Code §§ 701, 704 and 728)
25 | With respect to the claims complaint and resolution process referenced above,
26 | the Claims Services Bureau of the Consumer Services Division of the CDI is
27 | authorized to receive, evaluate, and mediate complaints about claims settlement
28 | practices. *See* Ins. Code § 12921.1 *et seq*. The Commissioner has adopted detailed

1  procedures for receipt, investigation and resolution of complaints against insurers.
2  These include establishing a toll free number for complaints, maintaining CDI's
3  records on complaints for three years and reporting CDI's efforts in the annual report
4  to the Governor.

5  Contreras has not alleged any attempt to use the administrative remedies
6  available under the Insurance Code, nor has he alleged an adverse result from any
7  such efforts. Absent a showing that Contreras exhausted his administrative remedies,
8  he may not obtain relief against the Commissioner in this action.

9  **F.    Contreras Is Not Entitled To The Declaratory Relief He Seeks**

10  With his sixth claim for declaratory relief, Contreras asserts that he has a
11  dispute with the Commissioner regarding the alleged approval of the Policy.
12  Complaint, ¶74. Specifically, Contreras seeks a declaration that "Plaintiff's policy
13  does not conform to the minimum standards for total disability in the State of
14  California and, pursuant to Insurance Code §10291.5(b)(1), for a declaration that the
15  insurer defendants may not use the Commissioner's approval of the policy and or
16  policy form here in issue to claim that the policy is not unintelligible, uncertain,
17  ambiguous or abstruse, or likely to mislead." Complaint, ¶ 76.

18  First, and foremost, this cause of action is barred by the statute of limitations
19  for the same reason as the writ of mandate, as discussed above. *Howard Jarvis*
20  *Taxpayers Ass'n v. City of La Habra*, 25 Cal. 4th 809, 821 (2001) (where mandamus
21  cause of action is barred by the statute of limitations, related declaratory relief cause
22  of action is also barred).

23  Additionally, Contreras cannot obtain declaratory relief in an action against the
24  Commissioner because he does not have an actual dispute or controversy with the
25  Commissioner. Declaratory relief actions are governed by California Code of Civil
26  Procedure Section 1060, the statute under which Contreras has expressly brought his
27  declaratory relief claim. That section limits such claims to any person:

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-21-

1

2

3

4

interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property, or with respect to the location of the natural channel of a watercourse, may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action . . . for a declaration of his or her rights and duties in the premises . . . .

5

6

7

8

9

10

11

Here, Contreras' dispute is not with the Commissioner (neither the CDI nor the Commissioner is a party to the insurance policy sued upon), but with the legal impact of Section 10291.5(k) and whether it means what it says. That provision was enacted by the California Legislature, and there is no reason for the Commissioner to be a party to this case if this Court is simply going to interpret a statute passed by the legislature. Accordingly, Contreras' declaratory relief claim fails as a matter of law.

12

13

14

## G.    **Contreras' Claims Against The Commissioner Should Be Dismissed Because They Seek Unnecessary Judicial Intervention Into Complex Regulatory Issues**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Through his fifth and sixth claims for relief, Contreras improperly seeks judicial intervention into an area governed by a regulatory agency, the CDI. What Contreras seeks would require this Court to monitor and supervise not only the business of insurance conducted by MetLife, but also to monitor and supervise the CDI in its oversight of MetLife. The judicial arena is not suited to the extraordinarily broad relief sought by Contreras. The Commissioner, however, is suited to take on the regulatory issues that Contreras has improperly presented to this Court. The Commissioner has administrative procedures available to address all of Contreras' concerns. Specifically, as discussed in Section 5(B), *supra*, the CDI and/or the Commissioner are authorized to receive, evaluate and attempt to mediate complaints; to engage in market conduct surveys to determine if persons or insurers engaged in the business of insurance have violated the law; to issue an order to show cause and conduct a hearing whenever there is reason to believe an insurer has engaged in unfair competition or acts. Ins. Code §§ 730, 736, 790.04, 790.05, 790.06, 12921.1,

-22-

*et seq*. In addition, the California Code of Regulations, Title 10, Subchapter 7.4, Section 2694, deals with consumer complaints and the process and criteria for determining whether a consumer complaint is justified.

What Contreras seeks is an order requiring that the Commissioner comply with numerous, vaguely described, statutory duties imposed upon him by the legislature. The purported basis for this relief is the Commissioner's alleged failure to comply with his duties. The following excerpt from Contreras' allegations demonstrates the extraordinary scope of what Contreras is asking: "the COMMISSIONER and DOI have failed to perform the duties imposed upon the COMMISSIONER to require compliance with the California Insurance Code, including but not limited to §§790.03(h) and 10291.5, as well as the Fair Claims Settlement Practices Regulations (10 Cal.Admin. Code §2695.1 *et seq.*) and various DOI rulings and bulletins dealing with the same or similar subject matter." Complaint, ¶ 68. If this Court actually undertook such an enormous task, it would have to oversee almost every aspect of MetLife's business. The CDI has procedures in place, including those discussed above, to address all of the matters about which Contreras complains. This Court should not be forced by Contreras to accomplish that which the legislature has delegated to the Commissioner. Accordingly, these claims should be dismissed under the authority of *Wolfe v. State Farm Fire & Casualty Ins. Co.*, 46 Cal. App. 4th 554, 562-68 (1996); *see also Korens v. R.W. Zukin Corp.*, 212 Cal. App. 3d 1054, 1059 (1989).

## H.   Contreras' Claims Against The Commissioner Are Impermissibly Vague

Pleadings must give fair notice of the claim being asserted and the grounds therefor. *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. U.S. Dept. of Air Force*, 109 F. 3d 1475, 1481 (9th Cir. 1997). Because Contreras' claims against the Commissioner fail to provide such notice, they should be dismissed.

1   Alternatively, at a minimum, Contreras should be required to offer a more definitive
2   statement of his allegations under FRCP 12(e).

3          As to the requested writ of mandate, Contreras cites to general obligations by
4   the Commissioner to follow the law and regulations, and he seeks a writ mandating
5   the Commissioner to follow the law. Other than requesting an order that the
6   Commissioner revoke his purported approval of Contreras' Policy, he does not
7   specify any other particular violations or specific relief he seeks in connection with
8   his overbroad claim. *See*, e.g., Complaint, ¶70 ("By this action, plaintiff seeks . . . an
9   order from this Court mandating that the COMMISSIONER exercise his discretion
10  and take such action as he may decide is reasonably necessary to respond to the
11  alleged fraudulent and unlawful conduct of defendants."). The scope of what
12  Contreras seeks is open to whatever Contreras later decides he wants to pursue, so his
13  cause of action for a writ of mandate is impermissibly vague.

14         As to the requested declaratory relief, Contreras generally states that a
15  "controversy" exists between him and the Commissioner but does not state what that
16  controversy is, and such an allegation is necessary. *See Maguire v. Hibernia Savings*
17  *& Loan Soc.*, 23 Cal. 2d 719, 728 (1944); Complaint, ¶74. Moreover, Contreras
18  ostensibly bases this claim on some ambiguity in his Policy or unspecified policy
19  forms, but he does not state how the Policy or policy forms are ambiguous. The lack
20  of specificity with these allegations is another basis for dismissal.

21
22
23
24
25
26
27
28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-24-

1

**6.    CONCLUSION**

2          For the reasons stated above, MetLife respectfully requests that the Court

3    dismiss Contreras' third through sixth causes of action (for intentional

4    misrepresentation, intentional infliction of emotional distress, writ of mandate and

5    declaratory relief, respectively) with prejudice.

6

7    Dated:  May 23, 2007                         BARGER & WOLEN LLP

8

9                                                          By:  _Royal F. Oakes_____

10                                                               ROYAL F. OAKES
                                                              Attorneys for Defendant
                                                              METROPOLITAN LIFE
11                                                             INSURANCE COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28