1  \Ray Bourhis, Esq. SBN 53196
2  Lawrence Mann, Esq. SBN 83698
   Bennett M. Cohen, Esq. SBN 90865
3  **BOURHIS & MANN**
   1050 Battery Street
4  San Francisco, CA 94111
   Tel: (415) 392-4660; Fax: (415) 421-0259
5
6  Attorneys for Plaintiff EDWARD CONTRERAS
7
8              **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10
11  EDWARD CONTRERAS,                          ) Case No.:  C 072597 JSW **(E-FILING)**
                                                )
12          Plaintiff,                          ) PLAINTIFF EDWARD CONTRERAS'
                                                ) MOTION FOR REMAND BACK TO
13      v.                                      ) STATE COURT AND REQUEST FOR
                                                ) COSTS AND FEES (28 U.S.C. § 1447(c))
14                                              )
    METROPOLITAN LIFE INSURANCE                 )
15  COMPANY, THE COMMISSIONER OF THE            ) [Filed concurrently with Plaintiff's Notice
    CALIFORNIA DEPARTMENT OF                    ) of Motion; Declaration of Bennett M.
16  INSURANCE; and DOES 1 through 20, inclusive ) Cohen In Support Thereof; and [Proposed]
                                                ) Order]
17          Defendants.                         )
18                                              ) DATE:  Friday, July 27, 2007
                                                ) TIME:  9:00 A.M.
19                                              ) DEPT:  Courtroom 2, 17th Floor
20                                              |
21  _____      TRIAL DATE:  Not Yet Set
22
23
24
25
26
27
28

# TABLE OF CONTENTS

Page(s)

I.   INTRODUCTION ............................................................................ 1

II.  PROCEDURAL POSTURE AND NATURE OF CASE................................ 2

III. LEGAL ARGUMENT........................................................................ 3

    A.   THE JOINDER IS ON DEFENDANT INSURER TO SHOW
        FRAUDULENT JOINDER ........................................................ 3

    B.   PRECEDENT WITHIN THE NORTHERN DISTRICT
        UNEQUIVOCALLY SUPPORTS REMAND......................................... 3

    C.   PLAINTIFF MEETS ALL REQUIREMENTS FOR WRIT OF
        RELIEF AGAINST THE COMMISSIONER ......................................... 4

        1)   California Case Law Establishes That Mandamus Is
            Appropriate .................................................................... 6

        2)   As Plaintiff Has No Other Adequate Remedy Available To
            Him, He Need Not Exhaust Administrative Remedies.................. 6

        3)   The Commissioner Has A Duty To Perform ................................... 7

        4)   Plaintiff's Petition For Mandamus Seeks To Compel The
            Exercise Of The Commissioner's Discretion And Does Not
            Seek To Compel The Performance Of A Specific Act.................. 8

        5)   Plaintiff Need Not Demonstrate "Irreparable Harm" In Order
            To Seek And Obtain A Writ of Mandate .................................... 9

    D.   THE COMMISSIONER CANNOT BE SUED IN FEDERAL
        COURT ON THE BASIS OF DIVERSITY JURISDICTION.............. 9

        1)   There Is No Diversity Jurisdiction In An Action Against A
            State Official Acting In His Official Capacity.............................. 9

        2)   Defendant Insurer Reliance On Unrelated Cases Is Misplaced ...... 11

    E.   DEFENDANT INSURER'S ALLEGATIONS AS TO PLAINTIFF'S
        COUNSEL'S MOTIVES ARE IMPROPER AND IRRELEVANT TO
        THE COURT'S ADJUDICATION OF REMOVAL AND REMAND . 12

    F.   PLAINTIFF'S MANDAMUS CAUSE OF ACTION AGAINST THE
        COMMISSIONER IS NOT TIME-BARRED......................................... 12

        1)   Defendant Insurer Has Not Established That Section 338
            Applies To This Action......................................................... 12

        2)   Even If Section 338 Applies, It Does Not Bar This Action............ 12

    G.   DEFENDANT INSURER'S COMMENTS ABOUT *MORADI-
        SHALAL* AND INTERFERENCE WITH THE CALIFORNIA
        REGULATORY SCHEME IF A WRIT IS PERMITTED ARE
        INCOMPREHENSIBLY VAGUE AND UNSUPPORTED BY
        LEGAL AUTHORITIES ........................................................... 14

    H.   DEFENDANT INSURER HAS FAILED TO PROVE THAT THE
        AMOUNT IN CONTROVERSY IS WITHIN THIS COURT'S

i

# TABLE OF CONTENTS

| | | Page(s) |
|---|---|---|
| | JURISDICTION ........................................................................ | 14 |
| I. | DEFENDANT INSURER HAS FAILED TO ESTABLISH ITS CITIZENSHIP AS A FOREIGN CORPORATION BY ADMISSIBLE EVIDENCE.................................................................. | 14 |
| J. | DEFENDANT INSURER'S NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE............................................................ | 15 |
| IV. | REQUEST FOR COSTS AND FEES ............................................................... | 15 |
| V. | CONCLUSION.................................................................................................... | 15 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO.: C-04-0407 SI (E-FILING)
**PLAINTIFF'S REPLY BRIEF TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND**

## TABLE OF AUTHORITIES

**Page(s)**

1  **FEDERAL CASES**

2  B., Inc. v. Miller Brewing Co., 633 F. 2d 545 (5th Cir. 1981) ........................................    3

3
   Ballard v. Anderson, (1971) 4 Cal.3d 863, 885).............................................................    8
4
   Batton, et al. v. Georgia Gulf, 261 F. Supp. 2d 575 581 (N.D. La 2003).....................    10
5
6  Borsuk v. Massachusetts Mutual Insurance Company, 2003 U.S. Dist. Lexis

7       25259, *25 (N.D. Cal. 2003)...............................................................................    2

8  Brazina v. Paul Revere Life Ins. Co., 271 F.Supp.2d 1163 (N.D. Cal. 2003).....2,4,5,6,7,8,9,12

9  Boyer v. Snap-On Tools, 913 F. 2d 108 (3rd Cir. 1990) .................................................    3

10 Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)..................................................    3

11 Dodson v. Spiliada Maritime Corp., 951 F.2d 42, 43 ((5th Cir. 1992) ...........................    4

12 Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) .................................................    3

13 Finley v. U.S., 490 U.S. 545 (1989) ...............................................................................    3

14
   Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ..................................................    3,4
15
   Green v Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) ..................................    4
16
17 Guyton v. Unum Life Ins. Co., Case No. C 03-0291 PJH)..............................................    2

18 Harris v. Ideal Cement Co., 290 F. Supp. 956 (S.D.Tx 1968)........................................    10,11

19 Jernigan v. Ashland Oil Co., 989 F. 2d 812, (5th Cir. 1993)...........................................    3

20 Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994) ............................................    3

21 Maiolino v. Unumprovident Corporation, 2004 U.S. Dist. LEXIS 9556 (N.D. Cali.

22      2004) ....................................................................................................................    2

23 McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) .........................    4

24 Moor v. County of Alameda, 411 U.S. 693 (1973) .........................................................    4,11

25 Morongo Band of Mission Indians v. California State Board of Equalization, 858

26      F.2d 1376 (9th Cir. 1988)....................................................................................    11

27 Parrina v. FHP, Inc, 146 F. 3d 699 (9th Circ. 1998)......................................................    15

28 Peterson v. American Life & Health Ins. Co.. 48 F.3d 404, 410 (9th Cir.), cert.
        denied, 516 U.S. 942, 133 L. Ed 2d 301, 116 S. Ct. 377 (1995) .................    5,6,8

**CASE NO.: C-04-0407 SI (E-FILING)**
**PLAINTIFF'S REPLY BRIEF TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND**

## TABLE OF AUTHORITIES

**Page(s)**

Postal Telegraph Cable Co. v. State of Alabama, 155 U.S. 482, 487, 39 L. Ed, 231, 15 S. Ct. 192 (1894)............................................................................................ 10

Salveson v. Western States Bankcard Ass'n., 525 F. Supp. 566 525 (N.D. Cal. 1981) ..................................................................................... 3

Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403 (9th Cir. 1996) ................... 14

Sullivan v. Unum Life Ins. Co. of Amer., 2004 U.S. Dist. LEXIX 7010 (N.D. 2Cal. 2004) ........................................................................................... 2

Texas Department of Housing and Community Affairs v. Verex Assurance, Inc., 68 F. 3d 922 (5th Cir. 1995)........................................................................... 10

Wilkerson v. Missouri Department of Mental Health, et al. 279 F.Supp. 2d 1079 (E.D. Mo. 2003) ................................................................................... 10

**STATE CASES**

Allen v. Gardner (1954) 126 Cal.App. 2d 335, 340 ..................................................... 12

Bunnett v. Regents of Univ. of Cal.  (1995) 335 Cal.App.4[th] 843 848....................... 6

Bixby v. Pierno, 4 Cal.3d 130 (1970) 93 Cal.Rptr. 234 481 P.2d 242 (Cal. 1971)...... 5

Davies v. Krasna, (1975)  14 Cal. 3d 502, 516............................................................. 12

Dillon v. Board of Pension Commissioners of the City of L.A. (1941) 18 Cal.2d 427 ... 12

Hollman v. Warren, (1948) 32 Cal.2d 351, 355 ......................................................... 8

Knoff v. City & County of San Francisco, (1969) 1 Cal.App. 3d 184, 197)................. 8

Monroe v. Trustees of California State Colleges, (1971) 6 Cal. 3d 399....................... 13

Moradi-Shalal v. Fireman's Fund, (1988) 46 Cal. 3d 287............................................ 14

Omaha Indemnity Company v. Superior Court, (1989) 209 Cal.App.3d 1274............. 9

Ragan v. City of Hawthorne, (1989) 212 Cal.App. 3d 1361 ....................................... 12

Sklar v. Franchise Tax Board,  (1986) 185 Cal. App.3d 616, 622 ............................... 8

Walker v. Pacific Indem. Co., 183 Cal. App. 2d 513, 517 .......................................... 12

///

///

**CASE NO.: C-04-0407 SI (E-FILING)**
**PLAINTIFF'S REPLY BRIEF TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND**

## TABLE OF AUTHORITIES                                              Page(s)

**STATUTES**

California Insurance Code
 §790.03(h) ................................................................................ 3
 §10291.5 .................................................................................3,5,6,8
 §12921.5(b)(1)............................................................. 5,7,8
 §10291.5(f)............................................................................. 7
 §10291.5(h) ..................................................................... 5,8,11
 §12921.3 ............................................................................ 7
 §12921.4 ............................................................................ 7


Code of Civil Procedure
 §338 ............................................................................... 12,13

28 United States Code
 §1332.......................................................................... 10,11


**OTHER**

Fair Claims Settlement Practices Regulations,
 10 Cal. Admin Code §2695.1 ......................................…….. 3

Schwartzer et al,
 *Federal Civil Procedure Before Trial*, §2:247 (Rutter Group, 2005) …………… 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   \Ray Bourhis, Esq. SBN 53196
    Lawrence Mann, Esq. SBN 83698
2   Bennett M. Cohen, Esq. SBN 90865
3   **BOURHIS & MANN**
    1050 Battery Street
4   San Francisco, CA 94111
    Tel: (415) 392-4660; Fax: (415) 421-0259
5
6   Attorneys for Plaintiff EDWARD CONTRERAS

7

8                   **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11  EDWARD CONTRERAS,                    ) Case No.: C 072597 JSW **(E-FILING)**
                                         )
12          Plaintiff,                   ) PLAINTIFF EDWARD CONTRERAS'
13                                       ) MOTION FOR REMAND BACK TO
    v.                                   ) STATE COURT AND REQUEST FOR
14                                       ) COSTS AND FEES (28 U.S.C. § 1447(c))
    METROPOLITAN LIFE INSURANCE          )
15  COMPANY, THE COMMISSIONER OF THE     ) [Filed concurrently with Plaintiff's Notice
16  CALIFORNIA DEPARTMENT OF             ) of Motion; Declaration of Bennett M.
    INSURANCE; and DOES 1 through 20, inclusive ) Cohen In Support Thereof; and [Proposed]
17                                       ) Order]
18          Defendants.                  )
                                         ) DATE:  Friday, July 27, 2007
19                                       ) TIME:  9:00 A.M.
20                                       ) DEPT:  Courtroom 2, 17th Floor
21  _____  TRIAL DATE: Not Yet Set

22
23                        **I.  INTRODUCTION**

24      Plaintiff Edward Contreras ("Plaintiff") respectfully moves for remand of this case to state

    court pursuant to Title 28 of the United States Code, section 1447(c).
25
        Plaintiff at all relevant times was a resident of the State of California. (COMPLAINT ¶1).
26
    (Please see the Complaint attached to the Declaration of Bennett M. Cohen as Exhibit A.)
27
    Defendant Metropolitan Life Insurance Company ("Defendant Insurer") is sued as a corporation
28

                                        1
                    _____
                            Case No.: C07-462224 (E-FILING)
            PLAINTIFF EDWARD CONTRERAS' MOTION FOR REMAND BACK TO STATE COURT

1    "authorized to transact and transacting the business of insurance in the State of California.

2    COMPLAINT ¶2.   Defendant THE COMMISIONER OF THE CALIFORNIA DEPARTMENT

3    OF INSURANCE ("Commissioner") is an elected official charged with leading the Department of

4    Insurance (hereafter "DOI"), a governmental agency unit of the State of California with offices in

5    San Francisco. COMPLAINT ¶ 56, 57. (Plaintiff respectfully requests that the Court take judicial

6    notice of the Complaint.)

7             This case is identical in all material aspects to *Brazina v. Paul Revere Life Ins. Co, et al*, 271

8    F.Supp.2d 1163 (N.D. Cal. 2003), an insurance bad faith case arising <u>solely</u> under California law in

9    which the Commissioner of the DOI was named as a defendant and the same causes of action for

10   injunctive relief were asserted.   In *Brazina,* after considering most of the same arguments now

11   advanced by Defendant Insurer in its Notice of Remand, the District Court *expressly held that the*

12   *Commissioner was a proper party, joinder was proper and remand was required.*

13            In its Notice of Remand, Defendant Insurer selectively cites to and argues at length one

14   <u>unpublished</u> opinion, *Borsuk v. Massachusetts Mutual Insurance Company*, 2003 U.S. Dist. Lexis

15   25259, *25 (N.D. Cal. 2003), in which the Court denied remand.  Yet Defendant Insurer omits any

16   mention of the aforesaid <u>published</u> opinion, *Brazina v. Paul Revere Life Ins. Co, et al*, supra, which

17   adjudicated issues identical to most of those raised herein and ordered remand.  Defendant also fails

18   to reveal the more numerous <u>other</u> unpublished cases from the Northern District where, contrary to

19   *Borsuk,*  the courts expressly held that the Commissioner was a proper party and ordered remand.

20   (See, e.g., *Maiolino v. UnumProvident Corporation*, 2004 U.S. Dist. LEXIS 7556 (N.D. Cal. 2004),

21   *Sullivan v. Unum Life Ins. Co. of Amer.,* 2004 U.S. Dist. LEXIS 7010 (N.D. Cal. 2004), *Guyton v.*

22   *Unum Life Ins. Co. et al.* Case No. C 03-0291 PJH).

23            As the Honorable Marilyn Hall Patel found in *Brazina,* remand is proper here as the action

24   against the Commissioner is proper and timely -- and diversity jurisdiction is therefore absent.

25                              **II.     PROCEDURAL POSTURE AND NATURE OF CASE**

26            This case was filed in Superior Court in and for the County of San Francisco on April 10,

27   2007.  The Defendant Insurer was served with the Complaint on April 16, 2007. The Commissioner

28   was served on April 16, 2007 and was granted an open extension to answer.  Defendant Insurer

1   removed the action on May 16, 2007. (See Declaration of Bennett M. Cohen, Paragraph 2).

2          In his complaint – a complaint which raises no federal question -- Plaintiff alleges that

3   Defendant Insurer wrongfully denied disability benefits owing to him under his policy when he

4   became disabled from his occupation as a Chief of Police. COMPLAINT ¶¶ 8, 9, 10.   Plaintiff

5   further alleges that he has been injured by the Commissioner's failure: (1) to enforce the mandatory

6   minimum requirements of the California Insurance Code ("Insurance Code"); (2) to execute his

7   required duties with respect to Insurance Code §§790.03(h) and 10291.5; and (3) to execute his

8   required duties with respect to the Fair Claims Settlement Practices Regulations (10 Cal. Admin

9   Code §2695.1 *et seq.*).  COMPLAINT ¶¶ 62-77.

## III. <u>LEGAL ARGUMENT</u>

### A. THE BURDEN IS ON DEFENDANT INSURER TO SHOW FRAUDULENT JOINDER

The United States District Court is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994); *Finley v. U.S.,* 490 U.S. 545  (1989).  Federal courts may only adjudicate cases in which there is diversity of citizenship, a federal question, or in which the U.S. is a party. *Kokkonen,* 511 U.S. at 375.  The burden of establishing that a federal court has subject matter jurisdiction over a civil action rests upon the party asserting jurisdiction. *Id.* at 377.  A cause of action may be removed only if the federal court would have had subject matter jurisdiction over the action had it originally been filed there. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).

In keeping with this principle of federal courts being of limited jurisdiction, the removal statute is strictly construed against removal with all doubt being resolved in favor of remand. *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992.  Absent a federal question, a party who removes a case to federal court must prove the existence of diversity in cases where the plaintiff moves for remand. *Duncan v. Stuetzle, supra,* 76 F.3d 1480, 1485; *Salveson v. Western States Bankcard Ass'n, supra,* 525 F. Supp. 566; *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir. 1981).  A removing defendant also must successfully allege and prove that the nondiverse party's joinder is "sham" or "fraudulent." *Jernigan v. Ashland Oil Co.,* 989 F.2d 812, 815-816 (5th Cir. 1993); *Boyer v. Snap-On Tools,* 913 F.2d 108 (3rd Cir.

3

1    1990).

2        The test for fraudulent joinder is whether "the plaintiff fails to state a cause of action against

3 a resident defendant, and the failure is *obvious* according to the settled rules of the state. . ."

4 *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9[th]Cir. 1987) (citing *Moore's Federal*

5 *Practice* (1986) ¶ O.161[2]). (Emphasis Added.) "The burden of proving a fraudulent joinder is a

6 heavy one. The removing party must prove that there is *absolutely no possibility* that the Plaintiff

7 will be able to establish a cause of action against the in-state Defendant in state court, or that there

8 has been outright fraud in the Plaintiff's pleadings of jurisdictional facts." *Green v. Amerada Hess*

9 *Corp.,* 707 F.2d 201, 205 (5th Cir. 1983) (emphasis added).

10        Whether joinder of the in-state defendant is a "sham" *must be capable of summary*

11 *determination.* "District courts must not 'pre-try' substantive factual issues in order to answer the

12 threshold question of whether the joinder of an in-state defendant is fraudulent. . . . The only issue

13 the court should address is its own jurisdiction." *Green, supra*, 707 F.2d at 204. In making this

14 determination, "all disputed questions of fact and all ambiguities in the controlling state law must be

15 decided in favor of the non-removing party." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 42, 43

16 (5th Cir.1992) (holding that even a "tenuous proposition" under state law is sufficient since its

17 "modicum of sturdiness" passed possibility of recovery test).

18        Defendant Insurer cannot meet this heavy burden.

19 **B.  PRECEDENT WITHIN THE NORTHERN DISTRICT UNEQUIVICALLY**
20           **SUPPORTS REMAND**

21 *Brazina v. Paul Revere Life Ins. Co, et al*, supra, the only published opinion found in the 9th

22 Circuit which adjudicated the *precise* issues now before this Court, as stated, held that the

23 Commissioner was a proper party and ordered remand.

24       In *Brazina*, an orthopedic surgeon insured under a Paul Revere Insurance Company disability

25 policy suffered a herniated lumbar disc and brought a claim for "total disability" benefits. After the

26 disability insurer declined to pay "total disability" benefits and agreed only to pay lesser benefits

27 under the "residual disability" provision of the policy, the insured brought suit against his insurer;

28 the insured, as in the instant case, also named as a defendant the Commissioner of the DOI --

1   asserting claims for a writ of mandamus and declaratory relief, contending, *inter alia*, that the

2   Commissioner should not have approved the pertinent policy language because it was ambiguous

3   and misleading. The insurer removed the case and the insured moved the District Court for remand.

4   In ordering remand, the *Brazina* Court stated:

5   **This court finds that Brazina's petition for a writ of mandamus to challenge the
    DOI Commissioner's approval of the insurance policy language under section**

6   **10291.5 of the California Insurance Code is a viable cause of action.** Section

7   10291.5 gives the Commissioner the duty and power to approve disability insurance
    policies. Subparagraph (b)(1) provides that "the commissioner shall not approve any

8   disability policy for insurance or delivery in this state ...if the commissioner finds that it
    contains any provision ... which is unintelligible, uncertain, ambiguous, or abstruse, or

9   likely to mislead a person to whom the policy is offered, delivered or issued." Cal. Ins.

10  Code § 10291.5(b)(1). **The Commissioner's decision is subject to judicial review in
    accordance with the California Code of Civil Procedure. Cal. Ins. § 10291.5(h).**

11  *Brazina* at 167. (Emphasis added.)

12

13  The *Brazina* Court found ample support in both a 9th Circuit case and California case law.

14  More specifically, the *Brazina* Court followed *Van Ness v. Blue Cross of Cal.* (2001) 87 Cal.App.4[th]

15  364, and *Peterson v. American Life & Health Insurance Company et al,* 48 F.3d 404, 410 (9th Cir.

16  1995), cert. denied, 516 U.S. 942 (1995) wherein the 9th Circuit Court of Appeals denied mandamus

17  as the policy at issue was a group policy but nevertheless stated that a petition for mandamus

18  alleging that the Commissioner had abused his discretion in approving an insurance policy

19  provision *was a valid cause of action.* As the *Brazina* Court stated:

20  **The Ninth Circuit, relying on section 1094.5 of the California Code of Civil
    Procedure and Bixby v. Pierno, 4 Cal. 3d 130, 137, 93 Cal.Rptr. 234, 481, P.2d 242**

21  **(Cal. 1971), has stated that an insured may petition for a writ of mandamus
    requiring the Commissioner to revoke approval of a policy if the insured believes**

22  **the Commissioner abused his discretion in approving the policy under section
    10291.5.** n4 Peterson v. American Life & Health Ins. Co. 48 F.3d 404, 410 (9th Cir.),

23  cert. denied, 516 U.S. 942, 133 L. Ed 2d 301, 116 S. Ct. 377 (1995). A recent California
    case indicates that state courts would also accept a cause of action as expressed in

24  Peterson for approval of a policy that violated section 10291.5. Van Ness v. Blue Cross
    of Cal., 87 Cal. App.4[th] 364, 371-72, 104 Cal.Rptr. 2d 511 (Cal.Ct. App. 2001).. It is

25  not entirely clear which type of writ the Van Ness court envisioned, but the language
    used by the court is not restrictive. **Thus, among courts that have addressed the**

26  **matter, there is a general willingness to allow a writ when an insured wishes to
    challenge a Commissioner's approval of a policy under section 10291.5.** *Id.* at

27  **1167-1168.** (Emphasis added.)

28

5

The *Brazina* Court found that the insured - - whose case is indistinguishable from the case herein -- had met all of the criteria for bringing such a writ. More specifically, as discussed in greater detail below, the Court found that the writ was appropriate as: (i) the insured had no plain, speedy, and adequate alternative remedy (ii) the Commissioner has a duty to perform, and (iii) the insured has a clear and beneficial right to performance. The *Brazina* Court then held that joinder was <u>not</u> fraudulent and ordered remand.

## C.    PLAINTIFF MEETS ALL REQUIREMENTS FOR WRIT RELIEF AGAINST THE COMMISSIONER

### 1. California Case Law Establishes That Mandamus Is Appropriate.

The "proper method of obtaining judicial review of most public agency decisions is by instituting a proceeding for a writ of mandate." *Bunnett v. Regents of Univ. of Cal.* (1995) 35 Cal.App.4th 843, 848. Thus, "if an insured believes the commissioner has abused his or her discretion in approving a policy in violation of Ins. Code §10291.5, the insured may petition for a writ of mandamus requiring the commission to revoke the approval." *Van Ness v. Blue Cross of Cal.* (2001) 87 Cal.App.4th 364, 371-72.

As set forth above, both the 9th Circuit Court of Appeals and the U.S. District Court has expressly recognized the right to bring an action for a writ of mandamus to compel the Commissioner to perform a mandatory duty or challenge an abuse of discretion. *Peterson v. American Life & Health Insurance Company et al,* supra at 410, *Brazina v. Paul Revere Life Ins. Co, et al,* supra at 1167.

Thus, *Van Ness, Peterson,* and *Brazina* <u>all</u> establish that Plaintiff herein has a clear right to seek mandamus.

### 2. As Plaintiff Has No Other Adequate Remedy Available To Him, He Need Not Exhaust Administrative Remedies

Contrary to Defendant Insurer's claim that Plaintiff has failed to exhaust administrative remedies, "exhaustion" is excused here as a matter of law as the Commissioner has no adequate administrative procedure in place to remedy this dispute.

6

1    As Defendant Insurer acknowledges in its Petition for Removal, the California Insurance Code

2    prohibits the Commissioner from adjudicating claims disputes between an insured and an insurer.

3    (Notice of Removal, ¶ 19; See also California Insurance Code §§12921.3, 12921.4.) Moreover, the

4    Commissioner has no duty to act on complaints it receives from insureds about insurers. The

5    Commissioner could do absolutely nothing and delay any action until long after the statute of

6    limitations has run for filing a civil suit.

7    In *Brazina*, in finding that the insured's remedies before the Commissioner were *inadequate* and

8    that the insured was excused from exhausting administrative remedies, the Court stated:

9    **Brazina likely meets the first requirement, since he has no alternative remedy
which is plain, adequate, and speedy. Nowhere does the Insurance Code provide
an administrative remedy for an insured to contest the Commissioner's approval
of a policy form.** Cf. Cal Ins. Code § 10291.5(f) (insurer may request a hearing to
appeal the Commissioner's withdrawal of approval). Defendants point to section
12921.03 of the Insurance Code, in which the Commissioner "shall receive complaints
and inquiries, investigate complaints, prosecute insurers when appropriate ... and
respond to complaints and inquiries by members of the public concerning the handling
of insurance claims ...." Cal. Ins. Code § 12921.3. This process is not a means of
administrative appeal of the Commissioner's actions, but a method for the public to
complain about the conduct of insurers. In fact, powers given to the Commissioner to
respond to complaints do not include the "power to adjudicate claims." Cal. Ins. Code §
12921.4(a). **Thus, it is possible for Brazina to show that no other remedy is
available to him other than asking the court to adjudicate his claim against the
defendants directly, which will not be speedy, or to compel the Commissioner to
exercise his discretion and withdraw approval of the policy.** *Brazina* at 1168-1169.

19

20    Accordingly, any claim that Plaintiff must exhaust non-existent administrative remedies has already

21    been deemed by this District Court to be without merit.

22    ### 3. The Commissioner Has A Duty To Perform.

23    Notwithstanding Defendant Insurer's claim that the Commissioner owes no duty to perform

24    to Plaintiff, *Brazina* expressly found that the Commissioner owed such a duty, stating:

25    It is also possible for Brazina to meet the second and third requirements. **There is most
likely a duty to perform by the Commissioner.** Section 12921 of California
Insurance Code provides that the Commissioner "shall perform all duties imposed upon
him or her by the provisions of this code and other laws ... and shall enforce the
execution of those provisions and laws." The Commissioner has a mandatory duty not
to approve a policy that is found to be ambiguous or misleading. Cal. Ins. Code §
10291.5(b)(1).. Brazina alleges that the policy is ambiguous, and he was led to believe

7

1    that he had a benefit that was later denied by the insurer. If the policy is indeed

2    ambiguous and misleading, then the Commissioner had a duty not to approve it.
     **Moreover, Brazina likely has a clear and beneficial right to performance.**

3    **Subparagraph (h) of section 10291.5 allows for judicial review of "any action**
     **taken by the commissioner under this section" and the "proceedings on review**

4    **shall be in accordance with the [California] Code of Civil Procedure." Cal. Ins.**
     **Code § 10291.5(h). Both Peterson and Van Ness state that if an insured wishes to**

5    **contest the language of an insurance policy, he may petition for a writ to require**

6    **the Commissioner to withdraw approval of a policy.** *Brazina* at 1169. (Emphasis
     added.)

7

8    As the *Brazina* Court so clearly found, the California Insurance Code itself demonstrates

9    why Defendants are mistaken.  First, Defendant's argument flies in the face of Ins. Code §12926,

10   *supra.*  See Complaint, ¶61.  It also flies in the face of Ins. Code §10291.5(a)(1), which requires the

11   Commissioner to "prevent, in respect to disability insurance, fraud, unfair trade practices and

12   insurance economically unsound to the insured." Complaint, ¶57.  Furthermore, as emphasized in

13   *Brazina*, under Ins. Code §10291.5(b)(1), the "Commissioner is prohibited by law from approving

14   any disability policy which is uncertain, ambiguous or likely to mislead a person to whom the

15   policy is offered, delivered or issued." *Id.*

16   As Plaintiff alleges in ¶68 of the Complaint, "The acts and omissions of the DOI have

17   contributed to Defendants' ability to perpetuate the unlawful, fraudulent and or other wrong acts

18   alleged herein."  As in *Brazina*, the Plaintiff has a clear and beneficial right to performance.

19   ### 4.  Plaintiff's Petition For Mandamus Seeks To Compel The Exercise of the Commissioner's Discretion and Does Not Seek To Compel The Performance of A Specific Act.

20

21   While it is true that mandamus may not be available to compel the exercise of discretion

22   possessed by the Commissioner in a particular manner or to reach a particular result, mandamus

23   "does lie to command the exercise of discretion -- to compel some action on the subject involved."

24   *Sklar v. Franchise Tax Board* (1986) 185 Cal.App.3d 616, 622, (citing and quoting *Ballard v.*

25   *Anderson* (1971) 4 Cal.3d 873, 885) (emphasis added); *Hollman v. Warren* (1948) 32 Cal.2d 351,

26   355: accord *Knoff v. City & County of San Francisco* (1969) 1 Cal.App.3d 184,197).  No case cited

27   by Defendant Insurer negates this holding.

28

1    How the Commissioner exercises his discretion is for the Commissioner to decide. The

2    distinction which Defendant Insurer obscures is that between using mandamus to compel the

3    exercise of discretion *in a particular* manner -- which Plaintiff does not seek and agrees is not

4    available -- and simply compelling the exercise of discretion -- which Plaintiff legitimately seeks.

### 5.    Plaintiff Need Not Demonstrate "Irreparable Harm" In Order To Seek And Obtain A Writ Of Mandate

7    In its Notice of Removal, Defendant Insurer incorrectly cites *Omaha Indemnity Company v.*

8    *Superior Court* (1989) 209 Cal. App.3d 1274 for the proposition that Plaintiff must demonstrate that

9    he will suffer "irreparable harm" if the writ is not granted.

10    *Omaha Indemnity Company v. Superior Court*, supra, involved an insurance company's effort to

11    obtain a writ of mandate to reverse the trial court's ruling and sever a declaratory cause of action in

12    which it was named as a defendant in the same lawsuit in which the party it insured was also a

13    named defendant. Accordingly, that case had nothing whatsoever to do with an action to compel the

14    DOI -- or any other state administrative agency -- to perform a mandatory duty required by a

15    California statute. In neither *Brazina* nor *Van Ness v. Blue Cross of Cal., supra,* both of which held

16    valid a cause of action directed at the Commissioner seeking a writ of mandamus, moreover, did the

17    court require that the plaintiff allege or prove "irreparable injury."

18    *Defendant Insurer's contention in its Notice of Removal that the statute of limitations ran within*

19    *3 years of the Plaintiff becoming insured -- and even before he suffered a denial of benefits due to*

20    *an unintelligible or ambiguous policy provision -- runs directly counter to Defendant Insurer's*

21    *other contention that Plaintiff cannot bring an action for a writ without showing "irreparable*

22    *injury."* How can Plaintiff show "irreparable injury" unless and until his claim is denied?

### D.    THE COMMISSIONER CANNOT BE SUED IN FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION

### 1.    There is No Diversity Jurisdiction In An Action Against A State Official Acting in His Official Capacity

27    The law is well-settled that a lawsuit brought by or against a state officer acting in his official

28    capacity is treated as a suit against the state itself and cannot be maintained in federal court on the

9

basis of diversity jurisdiction. *Wilkerson v. Missouri department of mental health et al.*, 279 F. Supp. 2d 1079 (E.D. Mo. 2003), *Batton v. Ga. Gulf,* 261 F. Supp. 2d 575, 581 (M.D. La. 2003), , *Harris v. Ideal Cement Co.*, 290 F.Supp. 956 (S.D.Tx. 1968); See *Postal Telegraph Cable Co. v. State of Alabama,* 155 U.S. 482, 487, 39 L.Ed. 231, 15 S. Ct. 192 (1894)., See Schwartzer et al, *Federal Civil Procedure Before Trial*, §2:247 (Rutter Group, 2005) (emphasis added).

In *Batton et al v. Georgia Gulf, et al*, supra, the court upheld the remand of five consolidated actions originally filed in state court against a state agency and a foreign corporation and then removed by the foreign corporation based on an allegation of diversity jurisdiction. In rejecting the same logic advanced by Defendant Insurer that the presence of a state agency does not destroy diversity, the *Batton* court stated that such an argument --

> would turn this affirmative requirement--that a suit must be "between citizens of different States"--into a proscription--that a suit in diversity may not be between citizens of the same state. The language of the statute does not support this reading for several reasons. First, the express language of subsection 1332(a)(1)allows only those suits in which plaintiffs and defendants are citizens of different states. **If a party is not a citizen of a state at all, then it is not a citizen of a different state and it would be inappropriate to allow that party to bring a case or be subject to federal jurisdiction based only on diversity of citizenship.** *Id*. at 582. (Emphasis Added.)

The Batton court further stated that the **"obvious conclusion is that Congress did not intend the states of the United States to be amenable to diversity jurisdiction in the federal courts."** *Id.* Since suing the Commissioner is the legal equivalent of suing the state, the holding of *Batton* applies equally to the instant case.

In *Texas Department of Housing and Community Affairs v. Verex Assurance, Inc.*, 68 F.3d 922 (5th Cir. 1995), an agency created by the state filed suit in state court to collect insurance provided by the private mortgage insurance company that insured defaulted loans. When another defendant removed the case to federal court based on diversity of citizenship, the agency moved for remand. Although the court found that the agency, in fact, was "independent" of the state and that "the state was not the real party in interest" and therefore diversity jurisdiction was proper, the court stated:

**"In an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of**

10

**diversity jurisdiction.** Likewise, state agencies that are the alter ego of the state are not citizens for the purposes of diversity jurisdiction." *Id.* at 928. (Emphasis Added.)

(See also *Harris v. Ideal Cement Co.*, supra, wherein a state agency sued an out of state corporation in state court, the action was removed and the federal court remanded and stated that **"if a state is a real party in interest in a suit, there can be no removal on the basis of diversity jurisdiction."** *Id. at* 958.)

Here, it is undisputed that the Department of Insurance is an agency of the state of California.

Under the California Insurance Code, the Commissioner's actions are "subject to review by the courts of this state. . . in accordance with the [California] Code of Civil Procedure." Ins. Code §10291.5(h) (emphasis added). There can be no clearer example of the Legislature's intent that a mandamus action such as herein be reviewed by California courts. Nothing in this language suggests that the Legislature contemplated such actions being heard in federal court.

Thus the law is well-settled that the Commissioner, as an alter ego of the state of California, has no citizenship for the purposes of diversity jurisdiction and, as such, remand is proper.

## 2.    Defendant Insurer Reliance On Unrelated Cases Is Misplaced

*Moor v. County of Alameda* 411 U.S. 693 (1973), cited by Defendant Insurer in its Notice of Removal, was a Federal Civil Rights Act §1983 action. The basis for federal jurisdiction was thus a federal question, not diversity. Indeed, the district court properly refused to exercise pendent jurisdiction over separate state law claims. *Id.* at 716-717. While the *Moor* court does states the basic legal tenet that a state is not a citizen for the purposes of determining diversity jurisdiction, as discussed above, that statement leads to the conclusion that there is <u>no</u> diversity jurisdiction for this Court to hear this action.

Diversity jurisdiction was not even addressed by the court in *Morongo Band of Mission Indians v. California State Board of Equalization*, 858 F.2d 1376 (9th Cir. 1988), also cited by Defendant Insurer, a case which also originated in federal court. In *Morongo*, the court stated that because the plaintiff "did not purport to base jurisdiction on 28.U.S.C. §1332 (diversity of citizenship), *we express no opinion as to whether jurisdiction would have been proper under that section.*" *Id.* at 1382 n.7. Having declined to rule on the diversity issue, *Morongo* does not support removal.

11

**E.  DEFENDANT INSURER'S ALLEGATIONS AS TO PLAINTIFF'S COUNSEL'S MOTIVES ARE IMPROPER AND IRRELEVANT TO THE COURT'S ADJUDICATION OF REMOVAL AND REMAND**

Defendant Insurer's accusation that Plaintiff's Counsel has no intention of prosecuting the causes of action against the Commissioner is improper speculation. Moreover, Defendant Insurer cites no authority permitting consideration of such speculation.

In *Brazina*, in which the law firms representing the plaintiff and the defendant were the same as in this case, as the District Court's opinion reflects, the Commissioner was indeed served and represented in court by counsel.

**F.  PLAINTIFF'S MANDAMUS CAUSE OF ACTION AGAINST THE COMMISSIONER IS NOT TIME-BARRED**

Defendant Insurer contends incorrectly that Plaintiff's causes of action against the Commissioner are time-barred under Code Civ. Proc. §338.

### 1.  Defendant Insurer Has Not Established That Section 338 Applies To This Action

Defendant Insurer cites no published decision holding that a policyholder must contest the Commissioner's approval of a policy within three years of first becoming covered under that policy.

### 2.  Even if Section 338 Applies, It Does Not Bar This Action

Damage is an essential element of a cause of action and a cause of action does not accrue until the aggrieved party suffers damage. *Davies v. Krasna*, (1975) 14 Cal. 3d 502, 516, *Walker v. Pacific Indem. Co.,* 183 Cal. App. 2d 513, 517. The mere possibility or even probability of damage does not trigger the statute of limitations; rather, it is the *fact* of damage that triggers the statute of limitations. *Id., Allen v. Gardner,* (1954) 126 Cal. App. 2d 335. 340.

In *Ragan v. City of Hawthorne* (1989) 212 Cal. App.3d 1361, the plaintiff petitioned for a writ of mandate in connection with a city's denial of pension benefits to one of its former employees. The court held that the three-year statute under §338 began to run *at the time the benefits were denied* and upheld the action. *Id.* at 1363. Similarly, in *Dillon v. Board of Pension Commisioners of the City of L.A.* (1941) 18 Cal. 2d 427, 430, the court held that a widow's cause of action for pension benefits did not accrue until her husband's death.

12

1    In this case, Plaintiff's disability benefits were denied by letter dated December 23, 2005.

2  COMPLAINT ¶13.  Plaintiff filed his original complaint on April 10, 2007 -- well within three

3  years of the denial.  Therefore, even if Code Civ. Proc. §338 applies, Plaintiff's claim against the

4  Commissioner would not be not time-barred.

5    Defendant Insurer's position that a policyholder must challenge any and all ambiguous or

6  misleading policy provisions in his disability policy within the first three years of becoming insured

7  -- even where he is not disabled and entitled to benefits -- would lead to absurdity and chaos and

8  would violate public policy.  First, it would require the courts to issue advisory opinions where, in

9  fact, no damage to any insured could yet be demonstrated and, therefore, there was no case or

10  controversy.  Second, Defendant Insurer's position would require an insured, usually a layperson

11  with no training in insurance law or contract interpretation, to scrutinize each and every policy

12  provision – obscure or not -- for ambiguities.  Ambiguities in any policy, however, may not be

13  evident at the time of purchase and may not become evident until the insurer has denied benefits

14  based on an incorrect interpretation of a seemingly complex policy provision.

15    By Defendant Insurer's logic, every insured should contest his policy prospectively—before

16  any injury-in-fact exists.  Certainly if an insured were to file such an action without being able to

17  allege or prove any damage, a court would likely dismiss it as failing to state a cause of action.

18    Defendant Insurer relies on *Monroe v. Trustees of California State Colleges,* (1971) 6 Cal. 3d

19  399 to contend Plaintiff is barred from seeking a writ of mandate.  Yet, *Monroe* actually supports

20  Plaintiff's right to a writ.  In *Monroe*, a professor became entitled to sue for reinstatement due to a

21  change in the law 20 years after he was fired for refusing to sign a loyalty oath.  In that case,

22  accordingly,  it was the change in the law AND the plaintiff's termination – i.e., his *demonstrable*

23  *damage* -- which gave rise to his cause of action entitling him to seek the writ.

24    In this case, similarly, Plaintiff's cause of action arose only when Defendant Insurer denied

25  benefits for "total disability"; as such, Plaintiff had no cause of action, no knowledge of any cause

26  of action and no wrong or damage to redress until benefits were actually denied.  Under the above-

27  cited authorities and the public policy considerations discussed, Plaintiff's cause of action for a writ

28  did not arise until his claim was denied.

### G. DEFENDANT INSURER'S COMMENTS ABOUT *MORADI-SHALAL* AND INFERERENCE WITH THE CALIFORNIA REGULATORY SCHEME IF A WRIT IS PERMITTED ARE INCOMPREHENSIVELY VAGUE AND UNSUPPORTED BY LEGAL AUTHORITIES

In its Notice of Removal, Defendant Insurer comments that permitting a writ of mandate would violate *Moradi-Shalal v. Fireman's Fund* 1988) 46 Cal. 3d 287; Defendant Insurer, however, never explains how this is so, never cites any legal authority and never tries to support this apparent argument. Accordingly, it should have no weight of any kind. Secondly, Defendant Insurer's argument that permitting a writ of mandate impermissibly interferes with the California regulatory scheme is unsupported by legal citation and legally irrelevant to the issue of removal and remand..

### H. DEFENDANT INSURER HAS FAILED TO PROVE THAT THE AMOUNT IN CONTROVERSY IS WITHIN THIS COURT'S JURISDICTION

The removing party bears the burden of proving that the amount of damages sought by the Plaintiff is within the court's jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This showing must be made by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996).

This burden is satisfied if the complaint alleges damages in excess of the jurisdictional requirement. *Gaus, supra,* at 566. Here, Plaintiff makes no such allegations. Defendant fail to meet their burden of proving that damages exceed $75,000. Remand is therefore appropriate.

### I. DEFENDANT INSURER HAS FAILED TO ESTABLISH ITS CITIZENSHIP AS A FOREIGN CORPORATION BY ADMISSIBLE EVIDENCE

Defendant Insurer fails to offer any admissible evidence to establish that it is a citizen of a state different than Plaintiff's The Declaration of Michael A.S. Newman, Esq. more particularly, fails to establish his personal knowledge and qualifications to authenticate the publication he cites to establish Defendant Insurer's citizenship. Moreover, the Declaration fails to establish that the publication is authoritative or admissible as authority under the Federal Rules of Evidence. Similarly, Defendant Insurer fails to provide authority that a judicial opinion in which Defendant Insurer is described constitutes admissible evidence to establish citizenship.

14

1  Plaintiff objects to all of Defendant Insurer's purported proof regarding its citizenship on the

2  bases stated above and asks that this Court find that Defendant Insurer has failed to meet its

3  evidentiary burden to establish citizenship.

### J.  DEFENDANT INSURER'S NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE

6  In addition to all of the above, the Notice of Removal is procedurally defective.  In order for

7  it to be proper, all defendants must join in a notice of removal.  See *Parrina v. FHP, Inc.* 146 F.3d

8  699, 703 (9th Cir. 1998).   In the instant case, the Commissioner is not a party to the removal.

9  Therefore the removal is procedurally defective and remand is proper on this basis alone.

### IV.  REQUEST FOR COSTS AND ATTORNEY'S FEES

12  In the event that the Court orders remand, Plaintiff respectfully requests that the Court

13  award costs and attorney's fees.  See 28 U.S.C. Section 1447(c); *Morris v. Bridgestone/Firestone,*

14  *Inc.* 985 F.2d 238, 240 (6th Cir. 1993), *Valdez v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000).

15  As shown herein, there is a lack of both subject matter and diversity jurisdiction and the

16  Notice of Removal is procedurally defective.  Under the above-referenced authorities, any of the

17  aforesaid deficiencies warrants an award of costs and fees.

### V.  CONCLUSION.

19  For the reasons shown, Plaintiff respectfully requests that this Court order remand.

20  In the alternative, Plaintiff requests that if this Court finds that the pleadings are in some

21  manner insufficient, he be allowed to amend and thereafter request remand.

22  Respectfully submitted,

24  Dated:  June 18, 2007                         **BOURHIS & MANN**

By _Bennett M. Cohen_

Ray Bourhis, Esq.
Bennett M. Cohen, Esq.
Attorneys for Plaintiff EDWARD CONTRERAS

15

1

**PROOF OF SERVICE**

*Edward Contreras v. Metropolitan Life Insurance Company, et al.*

2

*U.S. District Court, Northern District of California, Case No. C07-462224 JSW*

3

4 I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1050 Battery Street, San Francisco, California 94111. On June 18,

5 2007, I will serve the following documents:

6 PLAINTIFF EDWARD CONTRERAS' MOTION FOR REMAND BACK TO STATE COURT

7 in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth

8 below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business practice for collection

9 and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the

10 ordinary course of business with the United States Postal Service with postage fully prepaid. I am employed in the county where the mailing described below occurred, and am readily familiar

11 with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed

12 envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco,

13 California.

14

15 **METROPOLITAN LIFE INSURANCE COMPANY**

16 Royal F. Oakes, Esq.

17 Michael A.S. Newman, Esq.
BARGER & WOLEN

18 633 West Fifth Street, 47th Floor
Los Angeles, CA 90071

19 Phone: (213) 680-2800

20 Fax:    (213) 614-7399
Email:  roakes@barwol.com

21 Email:  mnewman@barwol.com

22

23 **(X) (FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California, on June 18, 2007.

24

25

26                              Mary M. Martin

27

28

---

16