1  Ray Bourhis, Esq. SBN 53196
2  Lawrence Mann, Esq. SBN 83698
   Bennett M. Cohen, Esq. SBN 90865
3  **BOURHIS & MANN**
   1050 Battery Street
4  San Francisco, CA 94111
   Tel: (415) 392-4660
5  Fax: (415) 421-0259

6
   Attorneys for Plaintiff EDWARD CONTRERAS
7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  EDWARD CONTRERAS, | Case No.: C 072597 JSW (E-FILING) |
| 13        Plaintiff, | DECLARATION OF BENNETT M. COHEN |
| 14  v. | IN SUPPORT OF PLAINTIFF EDWARD CONTRERAS' MOTION TO REMAND |
| 15  METROPOLITANT LIFE INSURANCE COMPANY, THE COMMISSIONER OF | BACK TO STATE COURT |
| 16  THE CALIFORNIA DEPARTMENT OF INSURANCE and DOES 1 – 20, inclusive, | DATE: Friday, July 27, 2007<br>TIME: 9:00 A.M. |
| 17 | PLACE: Courtroom 2, 17th Floor |
| 18        Defendants. | |
| 19 | [Filed concurrently with Plaintiff's Notice of Motion and Motion to Remand; [Proposed] |
| 20 | Order] |
| 21 | TRIAL DATE: NONE SET |
| 22 | |

23

24       I, Bennett M. Cohen, hereby declare:

25       1.    I am one of the attorneys engaged to represent Plaintiff in the instant action. I
26  have personal knowledge of the facts stated herein and, if called to testify I could and would so
27  testify.

28                                           1

2. Based upon my review of the file, this case was filed in Superior Court in and for the County of San Francisco on April 10, 2007. Defendant Metropolitan Life Insurance Company was served on April 16, 2007. Defendant Commissioner of the California Department of Insurance was also served on April 16, 2007 and was granted an open extension to answer.

3. Attached hereto as Exhibit A is a true and correct copy of Plaintiff's complaint filed in this action with the file-endorsed stamp of the court. The custom and practice of Bourhis & Mann is that on receipt of the file-endorsed copy from the court, this copy of the complaint is placed and maintained in the files of Bourhis & Mann which are themselves maintained in the ordinary business of the office -- and this complaint was retrieved from the aforesaid files.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of June, 2007, at San Francisco, California.

_____
BENNETT M. COHEN

2

Case No.: C 072597 JSW (E-FILING)
DECLARATION OF BENNETT M. COHEN IN SUPPORT OF PLAINTIFF EDWARD CONTRERAS'
MOTION TO REMAND BACK TO STATE COURT

1  Ray Bourhis, Esq. SBN 53196
   Lawrence Mann, Esq. SBN 83698
2  **BOURHIS & MANN**
3  1050 Battery Street
   San Francisco, CA 94111
4  Tel: (415) 392-4660
   Fax: (415) 421-0259
5
6  Attorneys for Plaintiff, EDWARD CONTRERAS

ENDORSED
FILED
San Francisco County Superior Court
APR 10 2007
GORDON PARK-LI, Clerk
BY: JUN P. PANELO
Deputy Clerk

**CASE MANAGEMENT CONFERENCE SET**

SEP 0 7 2007 -9:00 AM

DEPARTMENT 212

## SUPERIOR COURT OF CALIFORNIA
## CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| EDWARD CONTRERAS,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE and DOES 1 – 50, inclusive,<br><br>Defendants. | Case No.: **CGC-07-462224**<br><br>COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, INTENTIONAL MISREPRESENTATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, MANDAMUS, DECLARATORY RELIEF, AND REQUEST FOR JURY TRIAL |

Plaintiff EDWARD CONTRERAS ("CONTRERAS") hereby requests a jury trial on all issues in this action.

COMES NOW, Plaintiff CONTRERAS and alleges as follows:

### I.
### BACKGROUND

1. Plaintiff is and at all relevant times was a resident of the State of California.

2. Upon information and belief, Plaintiff alleges that Defendant METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE") is and at all times herein mentioned was a corporation authorized to transact and transacting the business of insurance in the State of California.

---
1
Case No.
Complaint For Breach Of Contract, Bad Faith, Intentional Misrepresentation, Intentional Infliction, etc.

**EXHIBIT A**

3. The California Department of Insurance ("DOI") is a governmental agency unit of the State of California, and operates independently under the control of an elected Insurance Commissioner ("COMMISSIONER") pursuant to Insurance Code §12906. The COMMISSIONER is required by Insurance Code § 12905 to maintain offices in San Francisco and the COMMISSIONER does so.

4. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to Plaintiff.

## II.
## FIRST CAUSE OF ACTION
(Breach of Contract against Defendant METLIFE and DOES 1 - 10)

As and for a FIRST CAUSE OF ACTION, Plaintiff complains against Defendant METLIFE and DOES 1 – 10 and alleges:

5. Plaintiff incorporates by reference each and every paragraph of the complaint as though fully set forth in this cause of action.

6. In or about 1995, Plaintiff was a Chief of Police, Department of Developmental Services, State of California, insured under and purchased Defendant METLIFE's Long Term Disability Plan No. Group # 98324 (the "POLICY"), attached hereto as Exhibit A.

7. Under the POLICY: "Disability or Disabled means that, due to an Injury or Sickness, you require the regular care and attendance of a Doctor and:

    1.    you are unable to perform each of the material duties of your regular job; and

    2.    after the first 24 months of benefit payments, you must also be unable to perform each of the material duties of any gainful work or service for which you are reasonably qualified taking into consideration your training, education, experience and

2

Case No.
Complaint For Breach Of Contract, Bad Faith, Intentional Misrepresentation, Intentional Infliction, etc.

past earnings; or

        3.    you, while unable to perform all of the material duties of your regular job on a full-time basis, are:

           a.    performing at least one of the material duties of your regular job or any other gainful work or service on a part-time or full-time basis; and

           b.    earning currently at least 20% less per month than your Indexed Basic Monthly Earnings due to that same Injury or Sickness."

Under Plaintiff's POLICY, disability benefits shall equal $1,054.90 per month until age 65.

8. At all times relevant, Plaintiff's occupation was that of a Chief of Police. On March 25, 2003, Plaintiff became totally disabled with lumbar disc disease and chronic low back pain when Plaintiff was injured subduing a combative person. Plaintiff also has developed clinical depression.

9. Plaintiff attempted to return to work on a part-time basis. This effort failed, causing him severe exacerbated pain and further injury.

10. Plaintiff, as a result of being totally disabled, submitted his claim for disability benefits with METLIFE on or about March 25, 2003. As a result and following its investigation into Plaintiff's condition, METLIFE paid Plaintiff his policy benefits for two years.

11. Throughout the above period, Plaintiff performed all obligations required of him by the POLICY. Plaintiff intended and expected to be assured of peace of mind and financial and economic security as a result of METLIFE's obligations to Plaintiff under the POLICY here in issue.

12. On or about December 23, 2005, METLIFE employee Carol Katanich, acting in her capacity as a METLIFE authorized company representative and managing agent, intentionally misrepresented to Plaintiff that he could perform various police occupations, and that he was not entitled to benefits under the POLICY.

13. Despite Plaintiff's medical condition, and absent any evaluation of Plaintiff's disability by a physician of METLIFE's choosing, by letter of December 23, 2005, METLIFE

denied Plaintiff's disability claim for disability benefits. METLIFE in terminating Plaintiff's benefits, fraudulently and unfairly asserted and claimed that Plaintiff was not disabled.

14. Plaintiff at all times herein relevant supplied METLIFE with ongoing reports from his medical doctors who had examined Plaintiff and found him to be totally disabled, and did everything else required of him by the POLICY.

15. Notwithstanding its obligation to do so, Defendants METLIFE and Does 1-10 have failed and refused, and continue to fail and refuse, to pay Plaintiff the disability benefits to which he is entitled under the POLICY. Said failures and refusals constitute a material breach and an ongoing material breach of the POLICY.

16. As a direct and proximate result of said breach, Plaintiff has been injured and damaged in an amount to be determined according to proof at trial.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

### III.
### SECOND CAUSE OF ACTION
(Breach of the Covenant of Good Faith and Fair Dealing
Against Defendant METLIFE and DOES 1 - 20)

As and for a SECOND CAUSE OF ACTION, Plaintiff complains against Defendants METLIFE and DOES 1 – 20 and alleges:

17. Plaintiff incorporates by reference each and every paragraph of the complaint as though fully set forth in this cause of action.

18. At all times herein relevant, said Defendants agreed to act in good faith and deal fairly with Plaintiff and his employer when they issued the POLICY. Said Defendants thereby assumed a special relationship with, and fiduciary-like obligations to, Plaintiff, and agreed to abide by its said duties. Nevertheless, Defendants breached said obligations, as is set forth more particularly below.

19. In the absence of a reasonable basis for doing so, and with full knowledge and/or conscious disregard of the consequences, Defendant METLIFE has failed and refused to pay Plaintiff the benefits owed under the POLICY and the laws of California.

20. Plaintiff alleges that Defendant METLIFE designed a scheme and conspired to produce a biased internal "medical review" that would provide a pretext for the termination of Plaintiff's disability benefits. This scheme included, but was not limited to the following:

    a.    Defendant METLIFE employed in-house medical personnel, knowing that these medical personnel would write reports and or issue opinions disavowing Plaintiff's disability, thereby providing a pretext for the termination of Plaintiff's benefits;

    b.    Plaintiff further alleges that Defendant METLIFE had previously employed, and continues to employ, the services of in-house medical personnel for the purpose of providing nonobjective medical reports and or opinions to be used pretexts for denying legitimate disability claims;

21. Additionally, said Defendants engaged and continue to engage in a course of conduct to further their own economic interest and in violation of their contractual and fiduciary obligations to Plaintiff including, but not limited to:

    a.    Misrepresenting pertinent provisions and coverage of the POLICY at issue;

    b.    Failing to objectively evaluate Plaintiff's claim and attempting to find reasons not to pay the claim rather than conducting a full and fair investigation;

    c.    Searching for bases upon which to deny rather than grant policy benefits, including but not limited to forcing Plaintiff to submit to a biased medical examination or threatening to so do;

    d.    Unreasonably failing to pay the benefits due under the POLICY;

    e.    Wrongful withholding of disability benefits owing to Plaintiff;

    f.    Failing to place the financial interests of Plaintiff on an equal par with their own financial interests;

    g.    Forcing Plaintiff to hire an attorney to institute litigation to recover the amounts due him under his insurance POLICY;

    h.    Other wrongful and illegal conduct according to proof at trial.

22. Defendants' actions were part of a pattern and practice of denying and terminating long-term disability income claims on specious bases in order to reduce overall reserves and improve the company's financial condition.

23. In doing the acts listed above, Defendants breached the covenant of good faith and fair dealing, and engaged in unfair claims settlement practices.

24. Defendants continue to engage in the aforementioned acts, and said conduct and bad faith constitutes a continuing tort and continuing bad faith to Plaintiff, causing Plaintiff continuing damage as described herein beyond the date of the filing of this action.

25. As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has been and continues to be damaged in an amount in excess of the jurisdiction of this court, to be determined at the time of trial.

26. As a further, direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has suffered mental and emotional distress including, but not limited to, fear, aggravation, depression, and anxiety and has thereby incurred general damages in a sum in excess of the jurisdiction of this Court to be determined according to proof at time of trial.

27. As a further, direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has been obliged to expend or incur liability for costs of suit, attorneys' fees, and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of trial.

28. As a further, direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has suffered other special damages in amounts according to proof at the time of trial which include, but are not limited to, the lack of availability of said sums to him.

29. The conduct of Defendants as described above was despicable and fraudulent and was further done willfully, oppressively, maliciously, and with conscious disregard of the rights of Plaintiff, and with the intent to annoy, harass or injure Plaintiff such that Plaintiff is entitled to a recovery of exemplary damages.

WHEREFORE, Plaintiff prays judgment against Defendant, as hereinafter set forth.

IV.
# THIRD CAUSE OF ACTION
(Intentional Misrepresentation against Defendants METLIFE and DOES 1- 30)

As and for a THIRD CAUSE OF ACTION, Plaintiff complains against Defendants METLIFE and DOES 1 – 30 and alleges:

30. Plaintiff incorporates by reference each and every paragraph of the complaint as though set forth in this cause of action.

31. On or about December 23, 2005, METLIFE employee Carol Katanich, acting in her capacity as a METLIFE authorized company representative, intentionally misrepresented to Plaintiff that he could perform various police occupations, and that he was not entitled to benefits under the POLICY.

32. Said representations were false, in that Defendants intentionally misstated the terms of Plaintiff's POLICY and California law, and was made with the intent to deceive and defraud Plaintiff, and in bad faith and was made for the purpose to force Plaintiff to seek legal counsel to recover the disability benefits he was due.

33. Upon information and belief, Defendant METLIFE has a pattern and practice of terminating the payment of disability benefits without cause in order to increase profits.

34. In the POLICY, and at its inception, METLIFE represented to Plaintiff that it would pay and continue to pay monies to Plaintiff **when Defendant METLIFE determined that** Plaintiff was disabled. At the time said representation was made by Defendant, it was false and in violation of the minimum standards in California for total disability. At the time said representation was made, Defendant METLIFE was acting with the intent to deceive and defraud Plaintiff, in bad faith, and to further METLIFE's financial interest at the expense of Plaintiff's financial interests.

35. Said representations were false and was made with the intent to deceive and defraud Plaintiff, was made in bad faith, and was made for the purpose of depriving Plaintiff of the right to a jury trial, of Plaintiff's right to seek redress in California state courts, and was made to force Plaintiff to seek legal counsel to recover the disability benefits he was due.

36. As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has been damaged in an amount in excess of the jurisdiction of this court, to be proven at trial.

37. As a further, direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has suffered mental and emotional distress including, but not limited to, fear, aggravated depression, nervousness, humiliation and anxiety and has thereby incurred general damages in a sum in excess of the jurisdiction of this Court to be determined according to proof at time of trial.

38. As a further, direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has been obliged to expend or incur liability for costs of suit, attorney's fees and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of trial.

39. As a further, direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has suffered other special damages in amounts according to proof at the time of trial which include, but are not limited to, the lack of availability of said sums to her. The conduct of Defendants as described above was despicable and fraudulent and was further done willfully, oppressively, maliciously, and with conscious disregard of the rights of Plaintiff, and with the intent to annoy, harass or injure Plaintiff such that Plaintiff is entitled to a recovery of exemplary damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## V.
## FOURTH CAUSE OF ACTION
### (Intentional Infliction Of Emotional Distress Against Defendants METLIFE and DOES 1 - 40)

As and for a FOURTH CAUSE OF ACTION, Plaintiff complains against Defendants METLIFE and DOES 1 – 40 and alleges:

40. Plaintiff reincorporates by reference each and every paragraph of the Complaint as though fully set forth in this cause of action.

41. Defendants had access to Plaintiff's medical records, and were aware, at all relevant times, that Plaintiff was disabled and that he relied on his disability benefits for financial support.

42. With full knowledge of Plaintiff's precarious condition, including but not limited to his degenerative disc disease in his lumbar spine, and of the fact that he was entitled to total disability benefits under the POLICY, Defendants METLIFE and Does 1 – 40 failed to pay him the benefits owed under his policy.

43. With full knowledge of Plaintiff's precarious condition, and of the fact that he was entitled to disability benefits under the POLICY, Defendants METLIFE and Does 1- 40 terminated his benefits.

44. Specifically, but not exclusively, Defendants METLIFE and Does 1 – 40 failed to pay Plaintiff benefits for total disability by misrepresenting California law, by misrepresenting Plaintiff's medical condition, by ignoring the wealth of medical information supporting Plaintiff's disability, and by misrepresenting Plaintiff's rights under his POLICY.

45. Furthermore, Defendants METLIFE and Does 1 – 40 did no independent investigation of Plaintiff's medical condition or his work conditions.

46. With full knowledge of Plaintiff's precarious condition, and of the fact that he was entitled to disability benefits under the POLICY, Defendants METLIFE and Does 1 – 40 conspired to produce a biased in-house medical review that would and did provide a pretext for terminating Plaintiff's disability benefits.

47. Plaintiff alleges that Defendant METLIFE receives substantial financial gain from such unfair claims handling practices.

48. In so doing, Defendants pursued an outrageous course of conduct, intentionally and/or recklessly, proximately causing Plaintiff severe emotional distress, shock and other highly unpleasant emotions.

49. Defendants conduct caused Plaintiff severe emotional distress, anxiety and despair, all for the purposes of injuring Plaintiff, and increasing Defendants' profits, while inflicting severe emotional distress and avoiding a valid claim.

///

50. As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has been damaged in the amount of the disability benefits due and owing to him and continuing hereinafter until fully paid.

51. As a further, direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has suffered mental and emotional distress including, but not limited to, frustration, depression, nervousness, and anxiety and has thereby incurred general damages in an amount to be determined according to proof at time of trial.

52. As a further, direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has been obliged to expend and/or incur liability for costs of suit, attorneys' fees, and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of trial.

53. As a further, direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has suffered other special damages in amounts according to proof at the time of trial which include, but are not limited to, the lack of availability of said sums to him.

54. The conduct of Defendants as described above was despicable and fraudulent and was further done willfully, oppressively, maliciously, and with conscious disregard of the rights of Plaintiff, and with the intent to annoy, harass or injure Plaintiff such that Plaintiff is entitled to a recovery of exemplary damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## VI.

## FIFTH CAUSE OF ACTION

**(Writ of Mandamus: Commissioner of the California Department of Insurance)**

55. Plaintiff incorporates by reference each and every paragraph of his Complaint as though set forth in this cause of action.

56. The California Department of Insurance (hereinafter "DOI") is a governmental agency unit of the State of California, and operates independently under the control of an elected Insurance Commissioner ("hereinafter COMMISSIONER") pursuant to Insurance Code §12906.

The COMMISSIONER is required by Insurance Code § 12905 to maintain offices in San Francisco and the COMMISSIONER does so.

57. The COMMISSIONER must approve all group disability insurance policies for sale, issuance or delivery in California pursuant to Insurance Code §10270.9. The COMMISSIONER is required to rigorously apply standards in order to "prevent, in respect to disability insurance, fraud, unfair trade practices and insurance economically unsound to the insured." §10291.5(a)(1). Further, the COMMISSIONER is prohibited by law from approving any disability policy which is uncertain, ambiguous or likely to mislead a person to whom the policy is offered, delivered or issued. §10291.5(b)(1).

58. On information and belief, Plaintiff alleges that pursuant to Insurance Code §10270.9, the insurer Defendants filed a copy of the policy and or policy form here in issue with the Commissioner.

59. On information and belief, Plaintiff alleges that pursuant to Insurance Code §10270.9, the Commissioner approved for sale in California the policy and or policy form here in issue.

60. The Insurance Code prohibits disability policy provisions less favorable in any respect to an insured than required by law; for example, §§10328 and 10390.

61. Insurance Code § 12921 mandates that "The COMMISSIONER shall perform all duties imposed upon him by provisions of this code and other laws regulating the business of insurance in this State, and shall enforce the execution of such provisions and laws." Section 12926 mandates that "The COMMISSIONER shall require from every insurer a full compliance with all provisions of (the insurance) code."

62. Plaintiff alleges that the COMMISSIONER has abused his discretion by approving a policy or policy form, or by allowing Defendant insurers to sell the policy and or policy forms her in issue, in violation of the Insurance Code.

63. Insurance Code §12940 provides that "The acts and orders of the COMMISSIONER are subject to such review, or other action by a court of competent jurisdiction, as is permitted or authorized by law."

64. A writ of mandamus is the proper method for Plaintiff to obtain judicial review of the Commissioner's alleged approval of Plaintiff's policy and or policy form.

65. The Insurance Code does not provide an administrative remedy for Plaintiff to contest the Commissioner's alleged approval of Plaintiff's policy and or policy form.

66. Plaintiff has no other plain, speedy and adequate alternative remedy by which to contest the language of her policy and or the Commissioner's approval of the policy and or policy form.

67. On information and belief, Plaintiff hereby alleges that the COMMISSIONER and the DOI have failed to enforce the mandatory minimum requirements of the Insurance Code with respect to policy definitions of disability, and related policy provisions respecting proof of claim, payment of claim, and adjudication of claim, contained in Defendants' insurance policy that are at variance with and less favorable to their insureds and disability claimants than required by California law.

68. On information and belief, Plaintiff alleges that the COMMISSIONER and DOI have failed to perform the duties imposed upon the COMMISSIONER to require compliance with the California Insurance Code, including but not limited to §§790.03(h) and 10291.5, as well as the Fair Claims Settlement Practices Regulations (10 Cal.Admin. Code §2695.1 *et seq*) and various DOI rulings and bulletins dealing with the same or similar subject matter. The acts and omissions of the DOI have contributed to Defendants' ability to perpetuate the unlawful, fraudulent and or other wrong acts alleged herein.

69. Plaintiff further alleges that the Commissioner has abused his discretion by approving a policy and or policy forms in violation of either Cal.Ins.Code §§10291.5(a) and 10291.5(b)(1), or the Commissioner's own regulations implementing the Insurance Code.

70. By this action, Plaintiff seeks, in addition to all other remedies sought herein, an order from this Court mandating that the COMMISSIONER exercise his discretion and take such action as he may decide is reasonably necessary to respond to the alleged fraudulent and unlawful conduct of Defendants.

///

12

Case No.
Complaint For Breach Of Contract, Bad Faith, Intentional Misrepresentation, Intentional Infliction, etc.

71. By this action Plaintiff seeks, in addition to all other remedies sought herein, an order from this Court mandating that the COMMISSIONER revoke and or rescind his approval of Plaintiff's policy and or policy forms, pursuant to Cal. Civ. Proc. 1094.5, *Bunnett v. Regents of Univ. of Cal.* (1995) 35 Cal.App.4th 843, 848; *Bixby v. Pierno* (1971) 4 Cal.3d 130, 137; *Peterson v. American Life & Health Ins. Co.* 48 F.3d 404, 410 (9th Cir. 1995); and *Van Ness v. Blue Cross of Cal.* (2001) 87 Cal.App.4th 364, 371-72.

## VII.
## SIXTH CAUSE OF ACTION
(Declaratory Relief: Commissioner of the California Department of Insurance Under Code of Civil Procedure § 1060)

Plaintiff incorporates by reference each and every paragraph of his Complaint as though set forth in this cause of action.

72. On information and belief, Plaintiff alleges that pursuant to Insurance Code §10270.9, the insurer Defendants filed a copy of the policy and or policy form here in issue with the Commissioner.

73. On information and belief, Plaintiff alleges that pursuant to Insurance Code §10270.9, the Commissioner approved for sale in California the policy and or policy form here in issue.

74. An actual controversy exists between Plaintiff and Defendants and between Plaintiff and the Commissioner arising out of the Commissioner's alleged approval of the policy and or policy form at issue in this case.

75. Pursuant to Ins. Code §10270.9, "[n]o group disability policy shall be issued or delivered in this state ... until a copy of the form of the policy is filed with the commissioner and approved by him ... ."

76. Plaintiff herein seeks a Declaration from the Court ruling that Plaintiff's policy does not conform to the minimum standards for total disability in the State of California and, pursuant to Insurance Code §10291.5(b)(1), for a declaration that the insurer Defendants may not use the Commissioner's approval of the policy and or policy form here in issue to claim that the policy is not unintelligible, uncertain, ambiguous or abstruse, or likely to mislead.

77. Plaintiff herein further seeks an order from the Court declaring that the policy and or policy forms here in issue are ambiguous or misleading and that the Commissioner has abused his mandatory duty not to approve a policy that is ambiguous or misleading, pursuant to Cal.Ins. Code §10291.5(b)(1).

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## VIII.

## PRAYER FOR RELIEF

### AS TO THE FIRST, SECOND, THIRD AND FOURTH CAUSES OF ACTION:

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages for failure to provide benefits under the subject contract of insurance in a sum to be determined at the time of trial;

2. General damages for mental and emotional distress and other incidental damages in a sum to be determined at the time of trial;

3. Punitive and exemplary damages;

4. For costs of suit herein incurred;

5. For reasonable attorney's fees;

6. Special damages in an amount according to proof;

7. For such other and further relief as the Court deems just and proper.

### AS TO THE FIFTH CAUSE OF ACTION:

WHEREFORE, Plaintiff prays for relief as follows:

8. In addition to all other remedies sought herein, an order from this Court mandating that the COMMISSIONER exercise his discretion and take such action as he may decide is reasonably necessary to respond to the alleged fraudulent and unlawful conduct of Defendants;

9. In addition to all other remedies sought herein, an order from this Court mandating that the COMMISSIONER revoke and or rescind his approval of Plaintiff's policy and or policy forms, pursuant to Cal. Civ. Proc. 1094.5, *Bunnett v. Regents of Univ. of Cal.*

1  (1995) 35 Cal.App.4th 843, 848; *Bixby v. Pierno* (1971) 4 Cal.3d 130, 137; *Peterson v. American Life & Health Ins.Co.* 48 F.3d 404, 410 (9th Cir. 1995); and *Van Ness v. Blue Cross of Cal.* (2001) 87 Cal.App.4th 364, 371-72;

10. For such other and further relief as the Court deems just and proper.

### AS TO THE SIXTH CAUSE OF ACTION:

WHEREFORE, Plaintiff prays for relief as follows:

11. In addition to all other remedies sought herein, a Declaration from the Court ruling that Plaintiff's policy does not conform to the minimum standards for total disability in the State of California and, pursuant to Insurance Code §10291.5(b)(1),

12. In addition to all other remedies sought herein, a Declaration from the Court that the insurer Defendant may not use the Commissioner's approval of the policy and or policy forms here in issue to claim that the policy is not unintelligible, uncertain, ambiguous or abstruse, or likely to mislead;

13. In addition to all other remedies sought herein, a Declaration from the Court that the policy and or policy forms here in issue are ambiguous or misleading and that the Commissioner has abused his mandatory duty not to approve a policy that is ambiguous or misleading, pursuant to Insurance Code §10291.5(b)(1);

14. For such other and further relief as the Court deems just and proper.

DATED: April 10, 2007

Respectfully submitted,

**BOURHIS & MANN**

By: _/s/ Ray Bourhis_
Ray Bourhis
Lawrence Mann
Attorneys for Plaintiff EDWARD CONTRERAS

---

15
Case No.
**Complaint For Breach Of Contract, Bad Faith, Intentional Misrepresentation, Intentional Infliction, etc.**