Ray Bourhis, Esq. SBN 53196
Lawrence Mann, Esq. SBN 83698
Bennett M. Cohen, Esq. SBN 90865
**BOURHIS & MANN**
1050 Battery Street
San Francisco, CA 94111
Tel: (415) 392-4660; Fax: (415) 421-0259

Attorneys for Plaintiff EDWARD CONTRERAS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD CONTRERAS,<br><br>    Plaintiff,<br><br>    v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE; and DOES 1 through 20, inclusive<br><br>    Defendants. | ) Case No.:  C 072597 JSW **(E-FILING)**<br>)<br>) PLAINTIFF EDWARD CONTRERAS'<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES IN OPPOSITION TO<br>) DEFENDANT METROPOLITAN LIFE<br>) INSURANCE COMPANY'S MOTION TO<br>) DISMISS<br>)<br>) DATE:  Friday, August 31, 2007<br>) TIME:  9:00 A.M.<br>) DEPT:  Courtroom 2, 17th Floor<br>)<br>) TRIAL DATE:  Not Yet Set<br>) |

# TABLE OF CONTENTS

**Page(s)**

I.    SUMMARY OF ARGUMENT ............................................................ 2

II.   LEGAL ARGUMENT.................................................................... 1

    A.    A RULE 12(B)(6) MOTOIN TESTS A PARTY'S  ALLEGATIONS, NOT THE EVIDENCE................................................................. 1

    B.    DEFENDANT INSURER HAS FAILED TO ESTABLISH THAT PLAINTIFF'S CAUSE OF ACTION FOR INTENTIOANL INFLICTION OF EMOTOINAL DISTRESS IS INADEQUATELY PLED................................................................................... 1

    C.    IN THE EVENT THAT THE COURT DETERMINES THAT PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTONAL DISTRESS IS NOT PLED WITH SUFFICIENT PARTICULARITY, PLAINTIFF REQUESTS LEAVE TO AMEND..................................................................... 2

    D.    PLAINTIFF DOES NOT OPPOSE DEFENDANT INSURER'S MOTION AS TO HIS CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION *AS* PLED; PLAINTIFF HOWEVER, RESPECTFULLY REQUESTS LEAVAE TO AMEND TO RE-ALLEGE THE CAUSE OF ACTION.................................................... 3

    E.    DEFENDANT INSURER HAS FAILED TO ESTABLISH THAT PLAINTIFF'S CAUSES OF ACTION AGAINST THE COMMISSIONER ARE TIME BARRED............................................. 3

        1)    Defendant Insurer Has Not Established That Section 338 Applies To This Action.................................................. 3

        2)    Even if Section 338 Applies, It Does Not Bar This Action As There Is No "Case" or "Controversy" – And Plaintiff Has No Cause Of Action Against The Commissioner – Until Defendant Insurer Harms Plaintiff By Denying His Claim In Reliance On The Subject Policy Provision Approved By The Commissioner ... 3

    F.    DEFENDANT INSURER HAS FAILED TO ESTABLISH THAT PLAINTIFF'S CAUSES OF ACTION AGAINST THE COMMISSIONER ARE NOT VIABLE.............................................. 6

        1)    Plaintiff's Petition For Mandamus Seeks To Compel The Exercise Of The Commissioner's Discretion And Does Not Seek To Compel The Performance Of A Specific Act................... 6

        2)    Precedent Within The Northern District Unambiguously Supports Plaintiff's Right To Assert These Precise Causes Of Action Against The Commissioner................................................ 7

        3)    California and Federal Case Law Establishes That Mandamus Is An Appropriate Remedy Where The Commissioner Has Abused His Discretion ................................................. 8

i

**TABLE OF CONTENTS**

Page(s)

| | | |
|---|---|---|
| 4) | The Commissioner Clearly Has A Duty To Perform And Plaintiff Has A Clear And Beneficial Right To Performance......... | 8 |
| 5) | Plaintiff Need Not Demonstrate "Irreparable Harm" In Order TO Seek And Obtain A Writ Of Mandate ...................................... | 9 |

G.  INSURER DEFENDANT HAS FAILED TO ESTABLISH THAT JOINDER IS IMPROPER UNDER FEDERAL RULE OF CIVIL PROCEDURE 20......................................................................... 10

1)  Plaintiff's Separate Claims Against Defendant Insurer And The DOI Meet The Relief Requirements Of Rule 20 ........................... 10

2)  Plaintiff's Claims Against The Defendant Insurer And The DOI Easily Fulfill The Same Transaction Or Series Of Transactions Requirement Of Rule 20............................................ 10

3)  Plaintiff Has Already Fulfilled The "Common Question" Requirement of Rule 20 .................................................................. 12

H.  AS PLAINTIFF HAS NO OTHER ADEQUATE REMEDY AVAILABLE TO HIM, HE NEED NOT EXHAUST NON-EXESTANT ADMINISTRATIVE REMEDIES.................................... 12

I.  DEFENDANT INSURER HAS FAILED TO ESTABLISH THAT PLAINTIFF IS NOT ENTITLED TO DECLARATORY RELIEF....... 13

J.  DEFENDANT INSURER'S ARGUMENT THAT THIS COURT SHOULD GRANT ITS MOTION TO DISMISS BECAUSE IT WOULD OTHERWISE INTERFERE WITH THE DOI'S REGULATORY FUNCTION IS NOVEL AND UNSUPPORTED BY ANY LAW ....................................................................................... 14

K.  DEFENDANT INSURER'S ARGUMENT THAT PLAINTIFF'S ALLEGATIONS WITH RESPECT TO THE COMMISSIONER ARE IMPERMISSIBLY VAGUE ARE WITHOUT MERIT AND, IN ANY EVENT, DO NOT SUPPORT A MOTION TO DISMISS .......... 14

III.  CONCLUSION................................................................................. 15

ii

## TABLE OF AUTHORITIES

Page(s)

1

**FEDERAL CASES**

2

Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990)............................ 1

3

Ballard v. Anderson, (1971) 4 Cal.3d 863, 885............................................................. 6

4

Borsuk v. Massachusetts Mutual Insurance Company, 2003 U.S. Dist. Lexis

5

    25259, *25 (N.D. Cal. 2003)..................................................................... 2,5

6

Brazina v. Paul Revere Life Ins. Co., 271 F.Supp.2d 1163

7

(N.D. Cal. 2003)...................................................................... 2,7,8,9,10,11,12,13,14

8

Desert Empire Bank v. Insurance Co. of N. America, 623 F.2d 1371 (9th Cir. 1980).. 11,12

9

Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d. 1048 (9th Cir. 2003) ..................... 2

10

League To Save Lake Tahoe v. Tahoe Regional Planning Agency,558 F.2d 914 (9th

11

    Cir. 1997) ................................................................................ 11

12

Maiolino v. Unumprovident Corporation, 2004 U.S. Dist. LEXIS 9556 (N.D. Cali.

13

    2004) ................................................................................. 2,5

14

Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510... 4

15

Mosley v. General Motors Corp., 497 F.2d 1330 (8th Cir. 1974) ................................ 12

16

Neitzke v. Williams, 490 U.S. 319, 199 S.Ct. 1827, 1933 (1989)................................. 1

17

NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986)................................. 1

18

Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708 (9th Cir. 2001)..................... 2

19

Peterson v. American Life & Health Ins. Co.. 48 F.3d 404, 410 (9th Cir.), cert.

20

    denied, 516 U.S. 942, 133 L. Ed 2d 301, 116 S. Ct. 377 (1995) ....... 2,7,8,9,11,14

21

Sullivan v. Unum Life Ins. Co. of Amer., 2004 U.S. Dist. LEXIS 7010 (N.D. 2Cal.

22

    2004) ................................................................................. 2,5

23

Societe De Conditionnement En Aluminium v. Hunter Engineering Co., Inc., 655

24

    F.2d 938, (9th Cir. 1980).............................................................. 3,4

25

Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996) .......................... 10,11

26

United Mine Workers v. Gibbs, 383 U.S. 715 724 (1966) ........................................... 10,12

27

Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)........................................................ 3

28

iii

CASE NO.: C-07-2597 JSW  (E-FILING)

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

## TABLE OF AUTHORITIES

**Page(s)**

**STATE CASES**

Allen v. Gardner (1954) 126 Cal.App. 2d 335, 340 ..................................... 4

Blumhorst v. Jewish Family Services of Los Angeles, (2005) 126 Cal.App. 4th 993 .. 4

Bixby v. Pierno, 4 Cal.3d 130 (1970) 93 Cal.Rptr. 234 481 P.2d 242 (Cal. 1971)...... 7

Crisci v. Security Ins. Co., 66 Cal.2d 425, 433 [58 Cal.Rptr. 13, 426 P.2d 173]......... 2

Common Cause of Cal. V. Bd of Supervisors, (1989) 49 Cal.3d 432 ......................... 4,5,10,12

Davies v. Krasna, (1975) 14 Cal. 3d 502, 516 ............................................. 4

Fletcher v. Western National Life Ins. Co., (1970) 10 Cal. App. 3d 376 ..................... 1,2

Frenzer v. Mutual Ben. Health & Acc. Ass'n, (1938) 27 Cal.App.2d 406.................. 14

Galanty v. Paul Revere Life Ins. Co., (2000) 23 Cal.4th 368......................... 12

Hollman v. Warren, (1948) 32 Cal.2d 351, 355 ........................................... 6

Knoff v. City & County of San Francisco, (1969) 1 Cal.App. 3d 184, 197)............... 6

Moran v. Department of Motor Vehicles, (2006) 139 Cal.App. 4th 688 ..................... 5

Omaha Indemnity Company v. Superior Court, (1989) 209 Cal.App.3d 1274........... 9

Schmier v. Supreme Court, (2000) 78 Cal. App.4th 703............................... 4

Sklar Ballard v. Anderson, (1971) 4 Cal.3d 863, 885) ................................. 6

Torres v. City of Yorba Linda, (1993) 13 Cal. App.4th 1035 ..................... 4

Van Ness v. Blue Cross of Cal., (2001) 87 Cal. App.4TH 364......................2,7,8,9,14

CASE NO.: C-07-2597 JSW  (E-FILING)
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

## TABLE OF AUTHORITIES

Page(s)

1

**STATUTES**

2

Federal Rule of Civil Procedure Section 20 ................................................................ 2

3

    Rule 15 ......................................................................................................... 2

    Rule 12(b)(6) ............................................................................................... 1

4

    Rule 20(a) ................................................................................................... 10

5

California Insurance Code

6

    §10291.5 .............................................................................................7,8,9,11

7

    §10291.5(b)(1).......................................................................................... 6,8,13

    §10291.5(f) ................................................................................................ 13

8

    §10291.5(h) ............................................................................................... 6,9

    §12921 ...................................................................................................... 6,8

9

    §12921.3 ...............................................................................................8,9,13

10

    §12921.4(a) ............................................................................................... 13

11

Code of Civil Procedure

12

    §338 ......................................................................................................... 3

13

    §338(a)..................................................................................................... 2

    §1094.5..................................................................................................... 7

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO.: C-07-2597 JSW  (E-FILING)
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

Plaintiff Edward Contreras ("Plaintiff") hereby respectfully opposes the motion to dismiss brought by Defendant Metropolitan Life Insurance Company ("Defendant Insurer").

## I.  **SUMMARY OF ARGUMENT**

This case is identical in all material aspects to *Brazina v. Paul Revere Life Ins. Co, et al*, 271 F.Supp.2d 1163 (N.D. Cal. 2003), an insurance bad faith case in which the Commissioner of the California Department of Insurance (hereafter "Commissioner" and "DOI") was named as a defendant and the same causes of action were asserted.  After considering most of the same arguments being advanced herein, the *Brazina* Court expressly held that the Commissioner was a proper party and the causes of action asserted against him were viable. *Brazina* followed *Van Ness v. Blue Cross of Cal.* (2001) 87 Cal.App.4th 364, and *Peterson v. American Life & Health Insurance Company et al*, 48 F.3d 404, 410 (9th Cir. 1995), cert. denied, 516 U.S. 942 (1995), both of which stated that a petition for mandamus alleging that the Commissioner had abused his discretion in approving an insurance policy provision *was a valid cause of action.*

In its motion to dismiss, Defendant Insurer selectively cites to and argues one unpublished opinion, *Borsuk v. Massachusetts Mutual Insurance Company*, 2003 U.S. Dist. Lexis 25259, *25 (N.D. Cal. 2003), in which the Court found that these causes of action against the Commissioner were time-barred under California Code of Civil Procedure § 338(a) but fails to reveal the other unpublished opinions from the Northern District which, contrary to *Borsuk*, expressly held that the same causes of action were not time-barred under § 338(a). (See, e.g., *Maiolino v. UnumProvident Corporation*, 2004 U.S. Dist. LEXIS 7556, p. 16 (N.D. Cal. 2004) and *Sullivan v. Unum Life Ins. Co. of Amer.*, 2004 U.S. Dist. LEXIS 7010, p.11 (N.D. Cal. 2004).  (*Brazina* did not consider whether the causes of action asserted against the Commissioner were time-barred under § 338(a).)

In its motion, Defendant Insurer mischaracterizes the requirements for joinder under Federal Rule of Civil Procedure Section 20.  As the court held in *Brazina*, moreover, joinder of both Defendant Insurer and the Commissioner is proper under Rule 20.

In attacking Plaintiff's cause of action for intentional infliction of emotional distress, furthermore, Defendant Insurer improperly asks this Court to rule, as a matter of law, that a

2

Case No.:  C 072597 JSW (E-FILING)
PLAINTIFF EDWARD CONTRERAS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS

1    disability insurer which is aware of an insured's precarious condition and denies a claim it *knows* to

2    be valid and, further, *knowingly* creates a biased medical report to use as a pretext to deny the claim

3    is not engaged in "outrageous" conduct. Such a ruling would have the effect of deeming that

4    conscious disregard of an insured's rights --  conduct which would even justify the imposition of

5    punitive damages -- is not "outrageous."

6        With respect to Plaintiff's cause of action for intentional misrepresentation *as pled*, Plaintiff

7    does <u>not</u> oppose Defendant Insurer's motion -- but respectfully requests leave to amend.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.:  C 072597 JSW (E-FILING)
PLAINTIFF EDWARD CONTRERAS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS

1

2

## II. <u>LEGAL ARGUMENT</u>

3

### A. <u>A RULE 12(B)(6) MOTION TESTS A PARTY'S ALLEGATIONS, NOT THE EVIDENCE</u>

4

5

A Rule 12(b)(6) dismissal is proper only where there is either a lack of a cognizable legal

6

theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*

7

*Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). With respect to a motion to dismiss, the

8

court must accept as true all material allegations in the complaint as well as reasonable inferences to

9

be drawn from them. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). No matter

10

how improbable the facts alleged are, they must be accepted as true for purposes of the motion.

11

*Neitzke v. Williams*, 490 U.S. 319, 199 S.Ct. 1827, 1833 (1989).

12

### B. <u>DEFENDANT INSURER HAS FAILED TO ESTABLISH THAT PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS INADEQUATELY PLED</u>

13

14

15

In *Fletcher v. Western National Life Ins. Co.*, (1970) 10 Cal. App. 3d 376, wherein the

16

plaintiff's disability insurer refused to settle plaintiff's claim and made bad faith threats against

17

plaintiff for the purpose of inducing him to surrender his policy, the court held that the plaintiff had

18

adequately proven a case of outrageous conduct to support a verdict for intentional infliction of

19

emotional distress (hereafter "IIED"). In so holding, the court stated:

20

> We hold, therefore, that defendants' threatened and actual bad faith refusals to make payments under the policy, maliciously employed by defendants in concert with false and threatening communications directed to plaintiff for the purpose of causing him to surrender his policy or disadvantageously settle a nonexistent dispute is essentially tortious in nature and **is conduct that may legally be the basis for an action for damages for intentional infliction of emotional distress**. (Emphasis Added.) *Id.* at 401.

21

22

23

24

25

In the instant case, as in *Fletcher v. Western National Life Ins. Co.*, *supra*, Plaintiff has

26

alleged a course of conduct by the disability insurer which is equally if not more outrageous. More

27

specifically, Plaintiff has alleged that, with full knowledge of the merit of Plaintiff's claim,

28

1

Defendant Insurer denied his claim, knowingly misrepresented to him his rights under the policy and "conspired to produce a biased in-house medical review that would and did provide a pretext for terminating Plaintiff's disability benefits" and did all of the above acts with full knowledge of Plaintiff's precarious medical condition. Complaint, ¶¶ 56, 57. As Plaintiff has alleged facts which, if proven, establish an active and conscious disregard of Plaintiff's rights, it is difficult to understand what part of this alleged conduct is not "outrageous."

Defendant Insurer further argues that Plaintiff has not utilized the correct words in his complaint to allege emotional distress. However, as the *Fletcher* court stated in finding that testimony indistinguishable from Plaintiff's pleadings supported a verdict for IIED:

> It is true that plaintiff's testimony did not indicate that he suffered any traumatic emotional distress of the character of shock, horror or nausea, but **the requisite emotional distress may consist of any highly unpleasant mental reaction such as fright, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment or worry.** ( *Crisci v. Security Ins. Co.*, 66 Cal.2d 425, 433 [58 Cal.Rptr. 13, 426 P.2d 173]; Rest.2d Torts, § 46, com. *j., supra.*) (Emphasis Added.) *Fletcher v. Western National Life Ins. Co., supra* at 401.

In paragraph 51 of the Complaint, Plaintiff alleges that he has suffered "mental and emotional distress including, but not limited to, frustration, depression, nervousness, and anxiety" and has alleged in paragraph 48 and 49 that he suffered "severe emotional distress, shock and other highly unpleasant emotions" and "severe emotional distress, anxiety and despair." In short, Plaintiff alleges the same type of emotional distress found in *Fletcher* to support a IIED cause of action. Accordingly, Defendant Insurer's motion to dismiss the IIED cause of action is without merit.

**C. IN THE EVENT THAT THE COURT DETERMINES THAT PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL INFLICTION Of EMOTIONAL DISTRESS IS NOT PLED WITH SUFFICIENT PARTICULARITY, PLAINTIFF REQUESTS LEAVE TO AMEND**

Under FRCP 15, leave to amend "shall be freely given when justice so requires" -- and this policy should be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003), *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9thCir. 2001).

In the event that the Court determines that the factual basis for Plaintiff's cause of action for

2

1  IIED is not sufficiently pled, Plaintiff respectfully requests leave to file a first amended complaint.

2  **D. PLAINTIFF DOES NOT OPPOSE DEFENDANT INSURER'S MOTION AS TO**
   **HIS CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION _AS_**
3  **_PLED_; PLAINTIFF HOWEVER, RESPECTFULLY REQUESTS LEAVE TO**
   **AMEND TO RE-ALLEGE THE CAUSE OF ACTION**
4

5  As Plaintiff believes that he can amend to cure the alleged deficiency and sufficiently plead

6  a cause of action for intentional misrepresentation, Plaintiff respectfully requests leave to amend.

7  **E. DEFENDANT INSURER HAS FAILED TO ESTABLISH THAT PLAINTIFF'S**
   **CAUSES OF ACTION AGAINST THE COMMISSIONER ARE TIME BARRED**
8

9  **1. Defendant Insurer Has Not Established That Section 338 Applies To**
   **This Action**
10

11  Defendant Insurer cites no published decision holding that a policyholder under any type of

12  insurance policy must contest the Commissioner's approval of a policy within three years of first

13  becoming covered under his disability policy.

14  **2. Even if Section 338 Applies, It Does Not Bar This Action As There Is No**
    **"Case" Or "Controversy" -- And Plaintiff Has No Cause Of Action Against**
15  **The Commissioner -- Until Defendant Insurer Harms Plaintiff By Denying**
    **His Claim In Reliance On The Subject Policy Provision Approved By The**
16  **Commissioner**

17

18  Federal courts are empowered to hear only actual cases or controversies, not to render

19  advisory opinions. See _Societe De Conditionnement En Aluminium, v. Hunter Engineering Co., Inc._,

20  655 F.2d 938, 944-945 (9th Cir. 1980);  See also _Steel Company v. Citizens For A Better_

21  _Environment_ (1998) 523 U.S. 83, 118 S.Ct. 1103. The doctrine of standing is closely related to the

22  requirement that a matter present a "case" or "controversy. _Id._ at 100-101. _Whitmore v. Arkansas_

23  (1990) 495 U.S. 149, 155, 110 S.Ct. 1717. As the U.S. Supreme Court stated:

24  The "irreducible constitutional minimum of standing" contains three requirements.
    (Citation omitted.) First and foremost, there must be alleged (and ultimately proven) an
25  "injury in fact" -- a harm suffered by the plaintiff that is "concrete" and "actual or
    imminent, not 'conjectural' or 'hypothetical.'" (Citations omitted.) Second, there must
26  be causation -- a fairly traceable connection between the plaintiff's injury and the
    complained-of conduct of the defendant. (Citations omitted.) And third, there must be
27  redressability -- a likelihood that the requested relief will redress the alleged injury.

28
                                      3

1    (Citations omitted.)  This triad of injury in fact, causation, and redressability n5
     comprises the core of Article III's case-or-controversy ]requirement, and the party
2    invoking federal jurisdiction bears the burden of establishing its existence. *Steel
3    Company v. Citizens For A Better Environment, supra* at 102-103.

4        As to declaratory relief action in federal court, the "case-and-controversy" requirement is

5    satisfied where "the facts alleged, under all the circumstances, show that there is a substantial

6    controversy, between parties having adverse legal interests, of sufficient immediacy and reality to

7    warrant" relief. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510.

8    See also *Societe De Conditionnement  En Aluminium v. Hunter Engineering Co., Inc., supra.*

9        In state court, as in federal court, a plaintiff must satisfy the "standing" requirement by

10   having suffered an injury or be about to suffer an injury. *Schmier v. Supreme Court*, (2000) 78 Cal.

11   App. 4th 703, 708. *Blumhorst v. Jewish Family Services of Los Angeles* (2005) 126 Cal. App. 4th

12   993. Damage, in fact, is an essential element of any cause of action and a cause of action does not

13   accrue until the aggrieved party suffers damage. *Davies v. Krasna*, (1975) 14 Cal. 3d 502, 516,

14   *Walker v. Pacific Indem. Co.,* 183 Cal. App. 2d 513, 517. The mere possibility or even probability

15   of damage does not trigger the statute of limitations; rather, it is the *fact* of damage that triggers the

16   statute of limitations. *Id., Allen v. Gardner,* (1954) 126 Cal. App. 2d 335. 340.

17   In *Blumhorst v. Jewish Family Services of Los Angeles, supra,* wherein a man sued a shelter for

18   battered women claiming sex discrimination, the court held that the plaintiff lacked standing where

19   he failed to allege that he was a victim of domestic violence.  As the court stated:

20       The issue of whether a party has standing focuses on the plaintiff, not the issues he or
         she seeks to have determined." (*Torres v. City of Yorba Linda* (1993) 13 **Cal.App.**4th
21       1035, 1040 [17 Cal. Rptr. 2d 400].)  **"A person who invokes the judicial process
         lacks standing if he, or those whom he properly represents, 'does not have a real
22       interest in the ultimate adjudication because [he] has neither suffered nor is about
         to suffer any injury of sufficient magnitude reasonably to assure that all of the
23       relevant facts and issues will be adequately presented.**  (Emphasis Added.)
24       *Blumhorst v. Jewish Family Services of Los Angeles,* supra at 1002.

25       *Common Cause of Cal. v. Bd. of Supervisors*, (1989) 49 Cal. 3d 432, wherein the court held

26   that a taxpayer had standing to seek a writ of mandate to challenge the county's failure to deputize

27   its workers as voting registrars, relies on a significant exception to this general rule in that it affirms
28

1  a citizen's right to challenge a public official's performance or non-performance of his official duty

2  without that citizen demonstrating that he has been personally harmed.  It is not at all clear,

3  however, that *Common Cause of Cal. v. Bd. of Supervisors, supra*, would entitle a person who is <u>not</u>

4  insured under a disability policy in California and has <u>not</u> had his claim denied based on an

5  impermissible policy provision to challenge the Commissioner's approval of that policy provision.

6      Unlike an irregularity in the voting system at issue in *Common Cause of Cal. v. Bd. Of*

7  *Supervisors, supra* – one which can affect the legitimacy of an election and thus impact all citizens,

8  an ambiguous, unintelligible or misleading provision in a particular insurance policy can only affect

9  those persons who are insureds under that policy and have actually asserted claims.  In all of the

10  cases cited herein where a writ of mandate was sought against the Commissioner, in fact, the party

11  seeking the writ was insured under the particular policy containing the provision which was at issue.

12  No case can be found wherein it has been held that a person who is <u>not</u> a policyholder has standing

13  to challenge the Commissioner's approval or non-approval of particular policy provisions.

14      Defendant Insurer's citation of *Moran v. Department of Motor Vehicles*,  (2006) 139 Cal.

15  App. 4th 688 to support its argument that the statute of limitations has expired is completely

16  misplaced as *that case did not in any way involve any statute of limitations issue*.  The only issue

17  was whether the DMV had a ministerial duty to the owner and, therefore, whether the plaintiff had a

18  cause of action for a writ of mandate.  (*Id.* at 691-693.)

19      Plaintiff respectfully urges that the unpublished case of *Borsuk v. Mass. Mut. Life Ins. Co.*,

20  *supra*, on which Defendant Insurer relies, is incorrectly decided.  First, the court's ruling is directly

21  contrary to the rulings in two unpublished cases not cited by Defendant Insurer, *Maiolino v.*

22  *UnumProvident Corporation, supra* at p.16, and *Sullivan v. Unum Life Ins. Co. of Amer., supra.*

23  *Borsuk v. Mass. Mut. Life Ins. Co., supra* at p.11, moreover, did not consider the fundamental

24  doctrine of standing and whether a "case" or "controversy" entitling an insured to judicial review of

25  the Commissioner's actions can even exist <u>absent</u> the insured actually suffering harm or being in

26  imminent danger of harm.

27  ///

28

5

Case No.:  C 072597 JSW (E-FILING)
PLAINTIFF EDWARD CONTRERAS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS

1    Defendant Insurer's apparent argument that, within the first 3 years of becoming a

2    policyholder, an insured must challenge in court each and every impermissible policy provision is

3    illogical and would lead to chaos.   Such a requirement would compel an insured, usually a

4    layperson with no training in insurance law, to scrutinize each and every policy provision – obscure

5    or not -- for ambiguities or other defects and then inundate the courts with lawsuits challenging a

6    myriad of policy provisions in the absence of any injury or even any realistic prospect of injury.

7    The much more reasonable position and one supported by the fundamental rules requiring actual

8    cases and controversies is that not until Plaintiff has been damaged by the Commissioner's non-

9    performance of a mandatory duty or is in imminent danger of damage do the courts have anything

10   to adjudicate.

11   F.    **DEFENDANT INSURER HAS FAILED TO ESTABLISH THAT**
         **PLAINTIFF'S CAUSES OF ACTION AGAINST THE COMMISSIONER**
12        **ARE NOT VIABLE**

13        1.   **Plaintiff's Petition For Mandamus Seeks To Compel The Exercise of the**
14             **Commissioner's Discretion and Does Not Seek To Compel The**
               **Performance of A Specific Act.**
15

16   California Insurance Code § 12921 provides that the Commissioner "shall perform all duties

17   imposed upon him or her by the provisions of this code and other laws ... and shall enforce the

18   execution of those provisions and laws." The Commissioner has a mandatory duty <u>not</u> to approve a

19   policy *"which is unintelligible, uncertain, ambiguous, or abstruse, or likely to mislead a person to*

20   *whom the policy is offered, delivered or issued."* Cal. Ins. Code § 10291.5(b)(1). **Judicial review is**

21   **authorized of "any action taken by the commissioner under this section."**  § 10291.5(h).

22   While mandamus is not available to compel the exercise of discretion by the Commissioner

23   to reach a particular result, mandamus "does lie to command the exercise of discretion -- to compel

24   some action on the subject involved." *Sklar v. Franchise Tax Board* (1986) 185 Cal.App.3d 616,

25   622, (citing and quoting *Ballard v. Anderson* (1971) 4 Cal.3d 873, 885) (emphasis added); *Hollman*

26   *v. Warren* (1948) 32 Cal.2d 351, 355: accord *Knoff v. City & County of San Francisco* (1969) 1

27   Cal.App.3d 184,197).  No case cited by Defendant Insurer negates this holding.

28

Case No.: C 072597 JSW (E-FILING)
PLAINTIFF EDWARD CONTRERAS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS

How the Commissioner exercises his discretion is for the Commissioner to decide. The distinction which Defendant Insurer obscures is that between using mandamus to compel the exercise of discretion *in a particular* manner -- which Plaintiff does not seek and agrees is not available -- and simply compelling the exercise of discretion -- which Plaintiff legitimately seeks.

**2.    Precedent Within The Northern District Unambiguously Supports Plaintiff's Right To Assert These Precise Causes Of Action Against The Commissioner**

*Brazina v. Paul Revere Life Ins. Co, et al*, supra, wherein an orthopedic surgeon with a herniated disc sought disability benefits and sought the same writ relief against the Commissioner, is he only published opinion found in the 9th Circuit which adjudicated the propriety of Plaintiff's causes of action. In finding that the precise causes of action pled against the Commissioner herein were proper, the *Brazina* Court stated:

> **This court finds that Brazina's petition for a writ of mandamus to challenge the DOI Commissioner's approval of the insurance policy language under section 10291.5 of the California Insurance Code is a viable cause of action.** *Brazina* at 167. (Emphasis added.)

The *Brazina* Court found ample support in both a 9th Circuit case and California case law. More specifically, the *Brazina* Court followed *Van Ness v. Blue Cross of Cal.*, *supra*, and *Peterson v. American Life & Health Insurance Company et al*, *supra*, wherein the 9th Circuit Court of Appeals denied mandamus as the policy at issue was a group policy but nevertheless stated that a petition for mandamus alleging that the Commissioner had abused his discretion in approving an insurance policy provision *was a valid cause of action.* As the *Brazina* Court stated:

> **The Ninth Circuit, relying on section 1094.5 of the California Code of Civil Procedure and** *Bixby v. Pierno*, **4 Cal. 3d 130, 137, 93 Cal.Rptr. 234, 481, P.2d 242 (Cal. 1971), has stated that an insured may petition for a writ of mandamus requiring the Commissioner to revoke approval of a policy if the insured believes the Commissioner abused his discretion in approving the policy under section 10291.5.** n4 *Peterson v. American Life & Health Ins. Co.* 48 F.3d 404, 410 (9th Cir.), cert. denied, 516 U.S. 942, 133 L. Ed 2d 301, 116 S. Ct. 377 (1995). **A recent California case indicates that state courts would also accept a cause of action as expressed in Peterson for approval of a policy that violated section 10291.5.** *Van Ness v. Blue Cross of Cal.*, 87 Cal. App.4[th] 364, 371-72, 104 Cal.Rptr. 2d 511 (Cal.Ct. App. 2001). It is not entirely clear which type of writ the Van Ness court envisioned,

7

but the language used by the court is not restrictive. Thus, among courts that have addressed the matter, there is a general willingness to allow a writ when an insured wishes to challenge a Commissioner's approval of a policy under section 10291.5. *Id.* at 1167-1168. (Emphasis added.)

The *Brazina* Court found that the insured - - whose case is indistinguishable from the case herein -- had met all of the criteria for bringing such a writ. More specifically, as discussed in greater detail below, the Court found that the writ was appropriate as: (i) the insured had no plain, speedy, and adequate alternative remedy (ii) the Commissioner has a duty to perform, and (iii) the insured has a clear and beneficial right to performance.

> ### 3. California and Federal Case Law Establishes That Mandamus Is An Appropriate Remedy Where The Commissioner Has Abused His Discretion

As set forth above, the 9th Circuit Court of Appeals, U.S. District Court and California Court of Appeal have all expressly recognized the right to bring an action for a writ of mandamus to compel the Commissioner to perform a mandatory duty or challenge an abuse of discretion. *Peterson v. American Life & Health Insurance Company et al*, supra at 410, *Brazina v. Paul Revere Life Ins. Co, et al*, supra at 1167; *Van Ness v. Blue Cross of Cal.* Supra at 371-72.

> ### 4. The Commissioner Clearly Has A Duty To Perform And Plaintiff Has A Clear And Beneficial Right To Performance

Notwithstanding Defendant Insurer's claim that the Commissioner owes no duty to perform to Plaintiff, *Brazina* expressly found that the Commissioner owed such a duty, stating:

> It is also possible for Brazina to meet the second and third requirements. **There is most likely a duty to perform by the Commissioner.** Section 12921 of California Insurance Code provides that the Commissioner "shall perform all duties imposed upon him or her by the provisions of this code and other laws ... and shall enforce the execution of those provisions and laws." The Commissioner has a mandatory duty not to approve a policy that is found to be ambiguous or misleading. Cal. Ins. Code § 10291.5(b)(1).. Brazina alleges that the policy is ambiguous, and he was led to believe that he had a benefit that was later denied by the insurer. If the policy is indeed ambiguous and misleading, then the Commissioner had a duty not to approve it. **Moreover, Brazina likely has a clear and beneficial right to performance. Subparagraph (h) of section 10291.5 allows for judicial review of "any action taken by the commissioner under this section" and the "proceedings on review**

8

1  **shall be in accordance with the [California] Code of Civil Procedure." Cal. Ins.**

2  **Code § 10291.5(h). Both Peterson and Van Ness state that if an insured wishes to**
   **contest the language of an insurance policy, he may petition for a writ to require**

3  **the Commissioner to withdraw approval of a policy.** *Brazina* at 1169. (Emphasis
   added.)

4

5  As Plaintiff alleges in ¶68 of the Complaint, "The acts and omissions of the DOI have

6  contributed to Defendants' ability to perpetuate the unlawful, fraudulent and or other wrong acts

7  alleged herein." As in *Brazina*, the approval of the subject policy provisions directly impaired

8  Plaintiff's ability to receive disability benefits and, accordingly, under the above-cited authorities,

9  he has a clear and beneficial right to performance.

10        **5.  Plaintiff Need Not Demonstrate "Irreparable Harm" In Order To Seek**
11             **And Obtain A Writ Of Mandate**

12

13  Defendant Insurer incorrectly cites *Omaha Indemnity Company v. Superior Court* (1989)

14  209 Cal. App.3d 1274 for the proposition that Plaintiff must demonstrate that he will suffer

15  "irreparable harm" if the writ is not granted.

16  *Omaha Indemnity Company v. Superior Court*, supra, involved an insurance company's effort to

17  obtain a writ of mandate to reverse the trial court's ruling denying severance of a declaratory cause

18  of action in which the insurance company was named as a defendant in the same lawsuit in which

19  the party it insured was also a named defendant. Accordingly, that case had nothing whatsoever to

20  do with an action to compel the DOI -- or any other state administrative agency -- to perform a

21  mandatory duty required by a California statute. In neither *Brazina* nor *Van Ness v. Blue Cross of*

22  *Cal., supra*, both of which held valid a cause of action directed at the Commissioner seeking a writ

23  of mandamus, moreover, did the court require that the plaintiff allege or prove "irreparable injury."

24  *Defendant Insurer's contention in its Motion to Dismiss that the statute of limitations ran*

25  *within 3 years of the Plaintiff becoming insured under the policy runs directly counter to its other*

26  *contention that Plaintiff cannot bring an action for a writ without showing "irreparable injury."*

27  *How can Plaintiff show "irreparable injury" unless and until his claim is denied?*

28  ///

9

**G.    INSURER DEFENDANT HAS FAILED TO ESTABLISH THAT JOINDER IS IMPROPER UNDER FEDERAL RULE OF CIVIL PROCEDURE 20**

Under the FRCP 20(a), any party may be named as a defendant if: a) the right to relief is asserted against all defendants either jointly, severally, or in the alternative; b) the right to relief arises out of the same transaction or series of transactions; and c) there is at least one question of law or fact common to all parties joined. The Supreme Court interprets Rule 20's requirements liberally. "[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; *joinder of . . . parties. . . is strongly encouraged.*" *United Mine Workers v. Gibbs,* 383 U.S. 715 724 (1966) (emphasis added).

Defendant Insurer fails to cite even one case in support of its Rule 20 contentions.

**1.    Plaintiff's Separate Claims For Relief Against Defendant Insurer And The DOI Meet The Requirements of FRCP 20**

FRCP 20(a) plainly states that "[j]udgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities." Under the Rule's plain meaning, "it is immaterial that no common judgment is sought." *See* Schwarzer *et al., Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* §7:140 (The Rutter Group 2002). Thus, the plain meaning of Rule 20 would allow a plaintiff to seek separate types of relief against different defendants. Schwarzer *et al,* §7:139. Accordingly, that Plaintiff seeks money damages against Defendant Insurer and injunctive relief against the Commissioner does not defeat joinder.

**2.    Plaintiff's Claims Against the Defendant Insurer and the DOI Easily Fulfill The Same Transaction or Series of Transactions Requirement of Rule 20.**

In *Brazina,* in rejecting the insurer's contention that the insurer and the Commissioner were misjoined under Rule 20 (as construed by *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1360 (11th Cir. 1996), and in finding that the claims against the two defendants were sufficiently linked, the court stated:

10

Since a policy approved by the Commissioner is presumed valid and in compliance with section 10291.5, Peterson, 48 F.3d at 410, the outcome of the insurance contract dispute between defendants and *Brazina* may very well depend on whether the Commissioner will withdraw approval of the policy in question. *Brazina* argues that "but for" the wrongful approval of the policy, he would not be injured by the defendants. **On its face, there is enough of a connection between the claims to militate against any such application of Tapscott.** *Brazina* at 1172. (Emphasis Added.)

Consistent with courts' policy of construing a pleading to favor permissive joinder, courts also construe the "same transaction or series of transaction" requirement broadly. *Desert Empire Bank v. Insurance Co. of N. America*, 623 F.2d 1371, 1375 (9th Cir. 1980). As the court stated:

"We start with the premise that Rule 20, Fed.Rules Civ.Proc., regarding permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Desert Empire Bank v. Insurance Co. of N. America, supra* at 1376 (quoting *League To Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977).

In *Desert Empire Bank v. Insurance Co. of N. America, supra*, where the court found that claims against an insurer that cancelled the plaintiff's policy and the insurance agent who allegedly misrepresented facts in connection with the policy when it was sold could properly be joined in the same action as claims against them both arose out the cancellation of the insurance policy. In this case, similarly, Plaintiff's claims against both the Defendant Insurer and the Commissioner arose out of Defendant Insurer's denial of Plaintiff's claim based on language approved by the Commissioner. In this case, *but for the DOI's failure to enforce the mandatory minimum requirement of the insurance code, it is likely that Plaintiff would not have been injured by Defendant Insurer.* As Plaintiff states in his complaint, the "acts and omissions of the DOI have contributed to defendants' ability to perpetuate the unlawful, fraudulent and other wrong acts alleged ...." (Complaint, ¶68.) Thus, Plaintiff easily meets the "same transaction ..." requirement of Rule 20.

///

///

11

### 3. Plaintiff Has Already Fulfilled the "Common Question" Requirement of Rule 20

The "common question" requirement, like the other two in the Rule 20 analysis, is interpreted broadly and liberally. *Desert Empire, supra*, at 1375. Any overlapping of proof or of legal questions fulfills the common question requirement. See *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333-34 (8th Cir. 1974).

Questions common to both defendants abound in the instant case and include but are not limited to whether the policy language at issue is ambiguous and whether the policy language complies with the definition of "total disability" established by California law. (See, e.g., *Moore v. Am. United Life Ins. Co.,* (1984) 150 Cal. App. 3d 610, 626 wherein the court stated that "total disability" exists where the insured is unable to perform <u>one</u> material duty -- in contradistinction to Plaintiff's disability policy which expressly requires that to qualify as "totally disabled," the insured must be unable to perform "<u>each</u> of the material duties" of one's job.)

### H. <u>AS PLAINTIFF HAS NO OTHER ADEQUATE REMEDY AVAILABLE TO HIM, HE NEED NOT EXHAUST NON-EXISTENT ADMINISTRATIVE REMEDIES</u>

Contrary to Defendant Insurer's claim that Plaintiff has failed to exhaust administrative remedies, "exhaustion" is excused here as a matter of law as the Commissioner has no adequate administrative procedure in place to remedy this dispute.

As Defendant Insurer acknowledges in its Petition for Removal, the California Insurance Code <u>prohibits</u> the Commissioner from adjudicating claims disputes between an insured and an insurer. (Notice of Removal, ¶ 19; See also California Insurance Code §§12921.3, 12921.4.) Moreover, the Commissioner has no duty to act on complaints it receives from insureds about insurers. The Commissioner could do absolutely nothing and delay any action until long after the statute of limitations has run for filing a civil suit.

In *Brazina,* in finding that the insured's remedies before the Commissioner were *inadequate* and that the insured was excused from exhausting administrative remedies, the Court stated:

///

Case No.: C 072597 JSW (E-FILING)
PLAINTIFF EDWARD CONTRERAS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS

1

**Brazina likely meets the first requirement, since he has no alternative remedy which is plain, adequate, and speedy. Nowhere does the Insurance Code provide an administrative remedy for an insured to contest the Commissioner's approval of a policy form.** Cf. Cal Ins. Code § 10291.5(f) (insurer may request a hearing to appeal the Commissioner's withdrawal of approval). Defendants point to section 12921.03 of the Insurance Code, in which the Commissioner "shall receive complaints and inquiries, investigate complaints, prosecute insurers when appropriate ... and respond to complaints and inquiries by members of the public concerning the handling of insurance claims ...." Cal. Ins. Code § 12921.3. This process is not a means of administrative appeal of the Commissioner's actions, but a method for the public to complain about the conduct of insurers. In fact, powers given to the Commissioner to respond to complaints do not include the "power to adjudicate claims." Cal. Ins. Code § 12921.4(a). **Thus, it is possible for Brazina to show that no other remedy is available to him other than asking the court to adjudicate his claim against the defendants directly, which will not be speedy, or to compel the Commissioner to exercise his discretion and withdraw approval of the policy.** *Brazina* at 1168-1169.

Defendant Insurer's argument accordingly, that Plaintiff must "exhaust" non-existent administrative remedies is without merit.

## I. DEFENDANT INSURER HAS FAILED TO ESTABLISH THAT PLAINTIFF IS NOT ENTITLED TO DECLARATORY RELIEF

By his cause of action for declaratory relief, Plaintiff requests that the Court issue a declaration stating that: (1) Plaintiff's policy does not conform to the minimum standards for total disability in the State of California under Insurance Code §10291.5; (2) Defendant Insurer may not use the Commissioner's approval of Plaintiff's policy and/or policy forms to claim that the policy is not unintelligible, uncertain, ambiguous or abstruse, or likely to mislead; and (3) the policy and/or policy forms here in issue are ambiguous or misleading and that the Commissioner has abused his mandatory duty under Insurance Code §10291.5(b)(1) not to approve an ambiguous or misleading policy.

In *Galanty v. Paul Revere Life Ins. Co.* (2000) 23 Cal.4th 368,387, the Court held that "[t]he code does not permit provisions written by the insurer to "make a policy or any portion thereof less favorable in any respect to the insured . . . than the [statutory] provisions." Moreover, even if a policy provision has been approved by the DOI, a court may still find that provision to be

13

1  misleading. See *Frenzer v. Mutual Ben. Health & Acc. Ass'n*, (1938) 27 Cal. App. 2d 406, 414. As

2  the *Frenzer* Court stated:

> Regardless of the fact that this particular provision and the policy itself was approved
> by the state insurance department does not prevent us from considering the matter, and
> stating that in our opinion the policy is misleading and does not conform to the
> requirements of the Insurance Act. *Id.* at 415.

In light of the genuine controversy involving the policy provisions on which Defendant Insurer

relied in denying Plaintiff's claim and its widespread use of the policy provisions involved in this

case, declaratory relief is appropriate.

### J.  DEFENDANT INSURER'S ARGUMENT THAT THIS COURT SHOULD GRANT ITS MOTION TO DISMISS BECAUSE IT WOULD OTHERWISE INTERFERE WITH THE DOI'S REGULATORY FUNCTION IS NOVEL AND UNSUPPORTED BY ANY LAW

Defendant Insurer makes a brief policy argument that the Court, in essence, should not

interfere with the DOI's regulatory function.  Yet Defendant Insurer cites not one case which

permits the dismissal of any of Plaintiff's causes of action based on this argument.  Accordingly,

such an argument is without merit.

### K.  DEFENDANT INSURER'S ARGUMENT THAT PLAINTIFF'S ALLEGATIONS WITH RESPECT TO THE COMMISSIONER ARE IMPERMISSIBLY VAGUE ARE WITHOUT MERIT AND, IN ANY EVENT, DO NOT SUPPORT A MOTION TO DISMISS

Defendant Insurer's argument that Plaintiff's causes of action are impermissibly vague is

contrary to the holding in Brazina as well *Van Ness v. Blue Cross of Cal., supra* and *Peterson v.*

*American Life & Health Insurance Company et al, supra*, which support these very causes of action.

Moreover, as is clear from Plaintiff's complaint, Plaintiff has alleged with great particularity the

nature of the Commissioner's abuses of discretion and the particular California Insurance Code

provisions violated.  Accordingly, this last contention by Defendant Insurer is devoid of merit.

Case No.: C 072597 JSW (E-FILING)
PLAINTIFF EDWARD CONTRERAS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS

1

### III.  CONCLUSION.

2      For the reasons shown, Plaintiff respectfully requests that this Court deny Defendant

3  Insurer's motion do dismiss in its entirety (with the exception of its motion as to the cause of action

4  for intentional misrepresentation for which Plaintiff seeks leave to amend).

5      In the alternative, Plaintiff requests that if this Court finds that the pleadings are in some

6  manner insufficient, he be allowed to amend.

7      Respectfully submitted,

8

9  Dated:  July 13, 2007                                        **BOURHIS & MANN**

10

11                                                      By: _Bennett M. Cohen_

12                                                           Ray Bourhis, Esq.
                                                             Lawrence Mann, Esq.
13                                                           Bennett M. Cohen, Esq.
                                                             Attorneys for Plaintiff EDWARD CONTRERAS
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.:  C 072597 JSW (E-FILING)
PLAINTIFF EDWARD CONTRERAS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS

PROOF OF SERVICE

*Edward Contreras v. Metropolitan Life Insurance Company, et al.*

*U.S. District Court, Northern District of California, Case No. C07-462224 JSW*

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1050 Battery Street, San Francisco, California 94111. On July 13, 2007, I will serve the following documents:

PLAINTIFF EDWARD CONTRERAS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS

in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid. I am employed in the county where the mailing described below occurred, and am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco, California.

| **METROPOLITAN LIFE INSURANCE COMPANY** | **COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE:** |
|---|---|
| Royal F. Oakes, Esq. | Julian Standen, Esq.,Deputy Attorney General |
| Michael A.S. Newman, Esq. | EDMUND G. BROWN, JR. |
| BARGER & WOLEN | Attorney General of the State of California |
| 633 West Fifth Street, 47th Floor | 455 Golden Gate Avenue, Suite 1100 |
| Los Angeles, CA 90071 | San Francisco, CA 94102 |
| Phone: (213) 680-2800 | Phone: (415) 703-1403 |
| Fax: (213) 614-7399 | Fax: (415) 703-5480 |
| Email: roakes@barwol.com | **VIA U.S. MAIL** |
| Email: mnewman@barwol.com | |

**(X) (FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California, on July 13, 2007.

Mary M. Martin

16