1  Royal F. Oakes (080480), roakes@barwol.com
   Michael A. S. Newman (205299), mnewman@barwol.com
2  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
3  Los Angeles, California 90071
   Telephone: (213) 680-2800
4  Facsimile: (213) 614-7399

5

6  Attorneys for Defendant
   METROPOLITAN LIFE INSURANCE
7  COMPANY

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11
                                          CASE NO.  C 072597 JSW
12  EDWARD CONTRERAS,                   )
                                        )
13            Plaintiff,                )  METROPOLITAN LIFE INSURANCE
                                        )  COMPANY'S OPPOSITION TO
14       vs.                            )  PLAINTIFF'S MOTION FOR
                                        )  REMAND
15  METROPOLITAN LIFE INSURANCE         )
    COMPANY, THE COMMISSIONER           )
16  OF THE CALIFORNIA                   )
    DEPARTMENT OF INSURANCE and         )
17  DOES 1 - 50, inclusive,             )  Date:  July 27, 2007
                                        )  Time:  9:00 a.m.
18            Defendants.               )  Courtroom:  2
                                        )
19  ─────────────────────────────────────

20

21

22

23

24

25

26

27

28  i:\office7\7197\184\07pleadings\opp2mtn4remandv5 footer.doc

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

# TABLE OF CONTENTS

PAGE

1. INTRODUCTION............................................................................................ 1

2. ARGUMENT ................................................................................................. 1

   A. Remand Is Not Appropriate Because The Causes Of Action Against
      The Commissioner Are Without Merit...................................................... 1

     (1) The Commissioner Has Been Fraudulently Joined........................... 4

     (2) The Statute Of Limitations Bars Plaintiff's Claim........................... 5

     (3) Contreras' Requested Writ Relief Improperly Seeks To Control
         The Commissioner's Discretion...................................................... 11

     (4) Contreras Cannot Demonstrate The Right To Writ Relief ............. 13

     (5) The Commissioner Has Been Misjoined Under Rule 20............... 16

     (6) Contreras Has Failed To Exhaust His Administrative Remedies
         With Respect To The Commissioner ............................................... 18

     (7) Contreras Is Not Entitled To Declaratory Relief............................. 20

   B. MetLife Has Not Failed To Prove The Jurisdictional Amount............. 21

   C. MetLife Has Established That It Is Not A Citizen Of California........... 23

   D. The Notice Of Removal Is Not Procedurally Defective ......................... 24

   E. Costs And Attorney's Fees Are Inappropriate ......................................... 25

3. CONCLUSION ............................................................................................. 25

-i-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1

## TABLE OF AUTHORITIES

2

PAGE

3

### Cases

4    *Allen v. Gardner*, 126 Cal. App. 2d 335 (1954) ........................................................ 8

5    *Associated Calif. Loggers, Inc. v. Kinder*, 79 Cal. App. 3d 34, 43 (1978)............. 15

6<br>7    *Borsuk v. Massachusetts Mutual Ins. Co.,* 2003 U.S. Dist. Lexis 25259,<br>
   *25 (N.D. Cal. 2003)........................................................................................... 7, 9

8    *Brandt v. Superior Court*, 37 Cal. 3d 813, 817 (1985) ............................................ 18

9<br>10    *Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163<br>
   (N.D. Cal. 2003).......................................................................................... 5, 8, 15

11    *Bush v. Cheaptickets, Inc.*, 377 F. Supp. 2d 807, 810 (C.D. Cal. 2005)................. 20

12<br>13    *Calif. Satellite Systems, Inc. v. Nichols*, 170 Cal. App. 3d 56 (1985) .................... 13

14    *Common Cause v. Board of Supervisors*, 49 Cal. 3d 432 (1989).............................. 9

15<br>16    *Conrad v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196<br>
   (N.D. Cal. 1998).................................................................................................. 18

17    *Davies v. Krasna*, 14 Cal. 3d 502 (1975)................................................................... 8

18<br>19    *Dillon v. Board of Pension Commissioners of City of L.A.*, 18 Cal. 2d 427<br>
   (1941) .................................................................................................................... 8

20    *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988)........................... 4, 20

21<br>22    *Firestone v. Acuson Corp. Long Term Disability Plan*, 326 F. Supp. 2d 1040<br>
   (N.D. Cal. 2004)................................................................................................... 6

23    *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 247 (E.D. Cal. 1992)................. 4

24    *Guyton v. Unum Life Ins. Co. et al.*, (N.D. Cal. Case No. C03-0291 PJH)............. 8

25<br>26    *Helena F. v. West Contra Costa Unified School Dist.*, 49 Cal. App. 4th 1793<br>
   (1996) ................................................................................................................... 9

27    *Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998)................................... 3

28

-ii-

BARGER & WOLEN LLP<br>
633 W. FIFTH ST.<br>
FORTY-SEVENTH FLOOR<br>
LOS ANGELES, CA 90071<br>
(213) 680-2800

**CASE NO.: C 072597 JSW (E-FILING)**<br>
**METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

*Horn v. Provident Life & Accident Ins. Co.*, 351 F. Supp. 2d 954
(N.D. Cal. 2004)............................................................................................... 6

*Howard Jarvis Taxpayers Ass'n v. City of La Habra*, 25 Cal. 4th 809 (2001)....... 16

*Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416 (9th Cir. 1989)................ 4

*Lundquist v. Cont'l Cas. Co.*, 394 F. Supp. 2d 1230 (C.D. Cal. 2005)..................... 6

*Maiolino v. UnumProvident Corp.*, 2004 U.S. Dist. LEXIS 7556
(N.D. Cal. 2004)............................................................................................ 3, 8

*McCabe v. General Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987)............................ 4

*Mitchell v. Aetna Life Ins. Co.*, 359 F. Supp. 2d 880 (C.D. Cal. 2005).................... 6

*Monroe v. Trustees of California State Colleges*, 6 Cal. 3d 399 (1971) .................. 5

*Moran v. Department of Motor Vehicles*, 139 Cal. App. 4th 688 (2006).................. 5

*Nat'l Century Fin. Enters., Inc.*, 2006 U.S. Dist. LEXIS 72154,
*13 (S.D. Ohio Oct. 3, 2006).............................................................................. 18

*Nat'l Century Fin. Enters., Inv. Litig.*, Fed. Sec. L. Rep. (CCH) P94,
314 (S.D. Ohio May 7, 2007) ............................................................................. 18

*Omaha Indem. Co. v. Superior Court (Greinke)*, 209 Cal. App. 3d 1266
(1989).......................................................................................................... 11, 12

*Peterson v. American Life & Health Ins. Co.*, 48 F.3d 404 (9th Cir. 1995)........ 5, 10

*Ragan v. City of Hawthorne*, 212 Cal. App. 3d 1361 (1989) .................................... 8

*Raymond v. Christian*, 24 Cal. App. 2d 92 (1937) .................................................... 4

*Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447 (S.D. Cal. 1995)......................... 18

*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998) .................................... 4

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996) ..................... 18

*Sullivan v. Unum Life Ins. Co. of Amer.*, 2004 U.S. Dist. LEXIS 7010
(N.D. Cal. 2004)............................................................................................... 8

*Temescal Water Co. v. Dept. Public Works*, 44 Cal. 2d 90 (1955) ........................ 15

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1  *Tobe v. City of Santa Ana*, 9 Cal. 4th 1069 (1995) ...................................................... 6

2  *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756 (9th Cir. 2002)...... 19

3  *Van Ness v. Blue Cross of Cal.*, 87 Cal. App. 4th 364 (2001) ............................ 5, 10

4
   *Venice Town Council, Inc. v. City of Los Angeles*, 47 Cal. App. 4th 1547
5  (1996) ................................................................................................................. 9

6  *Walker v. Pacific Indemn. Co.*, 183 Cal. App. 2d 513 (1960) ................................... 8

7
   *Williams v. The Prudential Insurance Company of America*,
8  (N.D. Cal. Case No. C07-2252 WHA) ................................................................. 3

9  *Wolfe v. State Farm Fire & Casualty Ins. Co.*, 46 Cal. App. 4th 554,
10  n.5 (1996) ......................................................................................................... 15

11                                    **Statutes**

12  Cal. Civ. Code § 3531 .............................................................................................. 6
    Cal. Civ. Code § 3532 .............................................................................................. 6
13  Cal. Code Civ. Proc. § 1086.................................................................................. 12
14  Calif. Code of Civ. Proc. § 1086........................................................................... 11
    Calif. Code of Civ. Proc. § 525............................................................................. 13
15  Gov. Code 11523.................................................................................................... 8

16                              **Other Authorities**

17
18  Ins. Code § 12921.1 et seq. .................................................................................. 15
    Ins. Code § 790.04 ............................................................................................... 15
19  Ins. Code §§ 12921, et seq. ................................................................................. 15
20  Ins. Code §§ 12921.3 and 12921.4....................................................................... 15
    Ins. Code §§ 701, 704 and 728............................................................................. 15
21  Ins. Code §§ 790.05 and 790.06........................................................................... 15

22                                     **Rules**

23
    Fed. R. Evid. 201(b).............................................................................................. 18
24  FRCP 65(d) ........................................................................................................... 13

25

26

27

28

                                        -iv-
BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800
                          CASE NO.: C 072597 JSW (E-FILING)
    METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

## 1.  INTRODUCTION

Plaintiff Edward Contreras ("Plaintiff" or "Contreras") has sued his insurer, Defendant Metropolitan Life Insurance Company ("MetLife"), for breach of contract and bad faith relating to MetLife's denial of his claim for benefits under a policy of disability income insurance.

However, Contreras has also alleged two meritless claims against the Commissioner ("Commissioner") of the California Department of Insurance ("CDI") for the sole purpose of trying to defeat diversity, to avoid this forum because he wants to try his case in state court. His two claims against the Commissioner are for a writ of mandate ordering him to revoke his approval of the Policy and policy forms for sale in the State of California and to generally comply with various statutory duties/obligations (fifth cause of action), and for a declaratory judgment that the Commissioner improperly approved the Policy, which Contreras alleges is ambiguous and misleading (sixth cause of action).  These claims against the Commissioner fail as a matter of law for several reasons, including the fact that his request for writ relief is time-barred, and that he is improperly trying to control a public official's discretion in a particular manner.

## 2.  ARGUMENT

A.  Remand Is Not Appropriate Because The Causes Of Action Against The Commissioner Are Without Merit

Contreras has alleged two meritless claims against the Commissioner for the sole purpose of avoiding this forum by attempting to defeat federal court diversity jurisdiction.  This case is a coverage dispute between Contreras and his disability insurer regarding policy benefits.  However, because Contreras wants to try his case in state court, he included vague and overbroad allegations against the Commissioner,

-1-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1 asking for a declaration or an order mandating that he revoke his alleged approval of
2 the Policy for sale in California and that he generally comply with the law.

3 Notably, the improper litigation strategy of suing the Commissioner to keep
4 cases involving disputes over insurance policy benefits in state court is one that has
5 been employed many times by Contreras' counsel of record, Ray Bourhis, Esq. Mr.
6 Bourhis and/or his firm have filed numerous disability insurance cases against
7 various insurers wherein the Commissioner has also been named as a defendant.
8 Some, but not all, of those cases are as follows: *Brazina v. Paul Revere Life Ins. Co.*,
9 Case No. CV-03-00290, filed January 22, 2003; *Guyton v. Unum Life Ins. Co. of*
10 *America*, Case No. CV-03-00291, filed January 22, 2003; *Iverson v. Provident Life*
11 *and Accident Ins. Co.*, Case No. CV-03-00292, filed January 22, 2003; *Perry v.*
12 *Centre Life Ins. Co.*, Case No. CV-03-00615, filed February 12, 2003; *Borsuk v.*
13 *Massachusetts Mutual Life Ins. Co.*, Case No. CV-03-00603, filed February 13, 2003;
14 *Stone v. New England Fin.*; Case No. CGC-03-418714, filed March 27, 2003; *Kempe*
15 *v. MetLife Ins. Co. of America*, Case No. CV-03-03816, filed August 15, 2003;
16 *Baldwin v. UnumProvident Corp.*, Case No. CGC-03-425908, filed October 30, 2003;
17 *Allen v. High Mark Life Ins. Co.*, Case No. CGC-04-427995, filed January 14, 2004;
18 *Gross v. UnumProvident Corp.*, Case No. CGC-04-429111, filed February 26, 2004;
19 *Acar v. UnumProvident Corp.*, Case No.: CGC-05-437894, filed January 19, 2005;
20 *Fink v. UnumProvident Corp.*, Case No. 05-CV-02875, filed July 14, 2005; *Tomback*
21 *v. UnumProvident Corp.*, Case No. 05-CV-03157, filed August 4, 2005; *Hangarter v.*
22 *The Paul Revere Life Ins. Co.*, Case No. 05-CV-04558, filed November 8, 2005;
23 *Houk v. Guardian Life Ins. Co. of America*, Case No. CGC-06-449255, filed February
24 6, 2006; *Robillard v. Liberty Mutual*, Case No. CGC-06-449572, filed March 14,
25 2006; *West v. UnumProvident Corp.*, Case No. CGC0-06-452091, filed May 9, 2006;
26 *Surles v. MetLife Ins. Co. of America*, Case No. C 06 5807 JL, filed August 24, 2006;
27 *Saccaro v. The Paul Revere Life Ins. Co.*, Case No. CGC-06-455765, filed August 31,

28

-2-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1  2006; *Maiolino v. UnumProvident Corp.*, Case No. C 04-0407-SI, filed March 20,

2  2007; *Mahjouri v. Provident Life and Accident Ins. Co.*, Case No. CGC-07-461992,

3  filed April 4, 2007; and *Squiers v. UnumProvident Corp.*, Case No. CGC-07-462326,

4  filed April 12, 2007.

5  MetLife is informed and believes that these complaints contain almost the

6  identical allegations against the Commissioner as those contained in Contreras'

7  Complaint and that Contreras' counsel has not pursued any of his clients' claims

8  against the Commissioner to judgment. Plaintiff's counsel appears to have

9  discovered what he believes to be an effective method for avoiding unwanted Federal

10  jurisdiction over diversity cases.[1] However, the method he has adopted is improper

11  and abusive of the judicial process. *See Hernandez v. City of El Monte*, 138 F.3d

12  393, 399 (9th Cir. 1998)("Judge-shopping clearly constitutes 'conduct which abuses

13  the judicial process,'" for which the trial court has the inherent ability to impose

14  appropriate sanctions).[2]

15  Notwithstanding the foregoing, Contreras' claims against the Commissioner

16  should be dismissed for the following reasons.

17

18

19  [1] It should be noted that, despite the clear allegation of improper use of judicial process in the Notice of Removal, Plaintiff's counsel does not allege anywhere in his

20  Motion that he has or has ever had any intention of pursuing his action against the Commissioner, or that he sued the Commissioner for any purpose other than to

21  destroy diversity jurisdiction. Instead, Plaintiff mildly protests that the "accusation that Plaintiff's Counsel has no intention of prosecuting the causes of action against

22  the Commissioner is improper speculation." The Court may reasonably infer from Plaintiff's essential silence on this issue that MetLife's assertion about Plaintiff's

counsel's motivation and practices are correct.

23  [2] Even in *Maiolino v. Unumprovident Corp.*, 2004 U.S. Dist. LEXIS 7556, *16 fn. 2

24  (N.D. Cal. 2004), a case cited by Plaintiff, the Court noted the evidence that plaintiff's counsel (Plaintiff's counsel in the present case) "has been judge-shopping when

25  bringing disability cases on behalf of clients is disturbing." Indeed, Plaintiff's counsel is selective about which cases he seeks to remand following removal.

Another action initiated Plaintiff's counsel, *Williams v. The Prudential Insurance*

26  *Company of America*, (N.D. Cal. Case No. C07-2252 WHA), before Judge Alsup, asserts precisely the same allegations against the Commissioner in conjunction with a

27  complaint against an insurer. In *Williams*, Plaintiff's counsel has opted not to oppose

28  the insurer's motion to dismiss the Commissioner and is not seeking remand following removal (See Document Number 14).

-3-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)

METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1

### (1) The Commissioner Has Been Fraudulently Joined

2    "If the plaintiff fails to state a cause of action against a resident defendant, and

3    the failure is obvious according to the settled rules of the state, the joinder of the

4    resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336,

5    1339 (9th Cir. 1987). "Fraudulent joinder is a term of art. If the plaintiff fails to state

6    a cause of action against a resident defendant, and the failure is obvious according to

7    the settled rules of the state, the joinder of the resident defendant is fraudulent."

8    Moore's Federal Practice (1986) para. O.161[2]. "The defendant seeking removal to

9    the federal court is entitled to present the facts showing the joinder to be fraudulent."

10   *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Courts have found

11   fraudulent joinder where a cause of action could not be stated against the California

12   defendant. *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1426-27 (9th

13   Cir. 1989) (joinder fraudulent where no cause of action could be stated); *Gasnik v.*

14   *State Farm Ins. Co.*, 825 F. Supp. 245, 247 (E.D. Cal. 1992) (accord). Furthermore, a

15   fraudulently joined defendant need not join in the petition for removal. *Emrich v.*

16   *Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988).

17   The result of a fraudulent joinder is that the fraudulently joined party is

18   disregarded for purposes of removal jurisdiction, and their presence does not destroy

19   diversity. *McCabe*, supra at 1339. For this reason, Plaintiff's lengthy argument that

20   the Commissioner's presence in the action destroys diversity is beside the point (see

21   Opposition at 9:26-11:28). The question here is whether the joinder of the

22   Commissioner is fraudulent. Because there is no possibility that Plaintiff can assert a

23   cause of action against the Commissioner, there is complete diversity.

24

### (2) The Statute Of Limitations Bars Plaintiff's Claim

25   Plaintiff argues that MetLife has cited to "no published decision" holding that

26   the three-year statute of limitations Cal. Code Civ. Proc. § 338 applies to Plaintiff's

27   claim against the Commissioner. First of all, it is clear that Section 338(a) provides

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-4-

**CASE NO.: C 072597 JSW (E-FILING)**
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1  that an action based on a right created by statute must be brought within three years.
2  Section 338 applies to actions for mandamus. *Raymond v. Christian*, 24 Cal. App. 2d
3  92, 113 (1937). Whatever the limitation period is, it is certainly not *twelve years* –
4  the amount of time that elapsed between Plaintiff's first coverage under the Policy
5  and his suit.

6      The statute of limitations in a mandamus proceeding "begins to run when the
7  [petitioner's] right first accrues. [Citations.]" *Monroe v. Trustees of California State*
8  *Colleges*, 6 Cal. 3d 399, 405 (1971). The right to petition accrues once there is "(1)
9  [a] clear, present and usually ministerial duty upon the part of the respondent
10  [citations]; and (2) a clear, present and beneficial right in the petitioner to the
11  performance of that duty [citations]." *Moran v. Department of Motor Vehicles*, 139
12  Cal. App. 4th 688, 691 (2006). Thus, the key question is when Plaintiff's right to seek
13  action from the Commissioner accrues.

14      Assuming that Plaintiff is correct that the Commissioner has a present duty and
15  that Plaintiff has a right to petition for the performance of that duty (both of which
16  MetLife disputes), then Plaintiff's right to the performance of that duty would have
17  arisen not at the time he was denied benefits, *but at the time he first obtained the*
18  *policy*. Thus, the statute of limitations runs from that date. That Plaintiff's action
19  would have first accrued when he obtained the policy is inevitable result of the statute
20  that he is invoking, for the following reasons.

21      Even under the authority he cites, Plaintiff's writ of mandate would at most
22  serve to compel the Commissioner to *revoke* its approval of the MetLife policy. *Van*
23  *Ness v. Blue Cross of Cal.*, 87 Cal. App. 4th 364, 371-372 (2001) ("[I]f an insured
24  believes the commissioner has abused his or her discretion in approving a policy in
25  violation of section 10291.5, the insured may petition for a writ of mandamus
26  requiring the commission to revoke the approval."); *Peterson v. American Life &*
27  *Health Ins. Co.*, 48 F.3d 404, 410 (9th Cir. 1995) (insured "may petition for a writ of

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1 mandamus requiring the Commissioner to *revoke* his approval.") (emphasis added);

2 *Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1167 (N.D. Cal. 2003)

3 ("an insured may petition for a writ of mandamus requiring the Commissioner to

4 *revoke approval* of a policy if the insured believes the Commissioner abused his

5 discretion in approving the policy under section 10291.5.").

6 However, under section 10291.5(f), revocation of approval only has

7 *prospective*, not retrospective effect. *Firestone v. Acuson Corp. Long Term*

8 *Disability Plan*, 326 F. Supp. 2d 1040, 1051 (N.D. Cal. 2004) ("[I]f plaintiff were to

9 succeed in persuading this court to issue a writ of mandamus forcing the

10 Commissioner to revoke acceptance of the Liberty policy, such a revocation operates

11 only 'prospectively and not retrospectively.'"); *Lundquist v. Cont'l Cas. Co.*, 394 F.

12 Supp. 2d 1230, 1247 (C.D. Cal. 2005) (any withdrawal of approval operates "only

13 prospectively and not retrospectively."); *Mitchell v. Aetna Life Ins. Co.*, 359 F. Supp.

14 2d 880, 889 (C.D. Cal. 2005) ("even if Aetna's policy were revoked [pursuant to

15 section 10291.5], the revocation would only apply prospectively and not

16 retroactively."); *Horn v. Provident Life & Accident Ins. Co.*, 351 F. Supp. 2d 954, 965

17 (N.D. Cal. 2004) ("section 10291.5(f) provides the procedure for [the Commissioner

18 to withdraw approval] and that subsection specifically provides that the withdrawal is

19 'effective[] prospectively and not retroactively.'")

20 Since an action to compel the Commissioner to revoke approval under section

21 10291.5(f) could only have prospective effect, it follows that an insured under the

22 policy would have "a clear, present and beneficial right in the petitioner to the

23 performance of that duty" as soon as he became covered under the policy, and *prior*

24 to his denial of benefits under the suspect portions of the policy. Otherwise, an

25 insured would achieve standing only at the instant that he is unable to achieve a

26 benefit from the mandamus proceeding. Since the law does not provide illusory

27 rights – since it requires neither impossibilities (Cal. Civ. Code § 3531) nor idle acts

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1  (Cal. Civ. Code § 3532) – a policyholder would have standing at the moment he
2  obtains the policy, not at the moment he is damaged. *See Tobe v. City of Santa Ana*,
3  9 Cal. 4th 1069, 1085-86 (1995) (the right to seek a writ accrues once "the person has
4  some special interest to be served or some particular right to be preserved or
5  protected over and above the interest held in common with the public at large.")
6  Since Plaintiff's right to seek a revocation of approval under 10291.5 clearly accrued
7  at the time he became covered under the policy, in 1995, his right to sue the
8  Commissioner lapsed in 1998. That standing to seek a writ accrues, and the statute
9  begins to run, at the time the policy is obtained, is what Judge Walker determined in
10  *Borsuk v. Massachusetts Mutual Ins. Co.,* 2003 U.S. Dist. Lexis 25259, *25 (N.D.
11  Cal. 2003).

12      *Borsuk, supra,* is directly on point and involves claims against the CDI
13  identical to Contreras' claims herein. There, the plaintiff filed a claim against his
14  disability insurer, Massachusetts Mutual, and the Commissioner in state court.
15  Exactly as in this case, *Borsuk* alleged that the Commissioner wrongfully approved
16  his disability insurance policy. The insurance company removed the case to federal
17  court on the basis that the Commissioner was a sham defendant named solely to
18  defeat diversity. In denying plaintiff's motion to remand, the court in Borsuk found
19  that plaintiff failed to state a cause of action against the Commissioner for a writ of
20  mandate because the applicable three-year statute of limitations had expired. In so
21  finding, the court held that the statute began to run at the time that plaintiff agreed to
22  the terms of his policy, in that case in 1992, which was the year he purchased the
23  policy. *Borsuk, supra* at *25 ("Borsuk was on notice of the second issued policy no
24  later than 1992, the date he agreed to the terms of that policy. This action was
25  commenced ten years after that date and (presumably) more than ten years after the
26  policy form at issue was approved."). Here, Contreras alleges that the Commissioner
27  approved the instant Policy sometime before March 1, 2000 when he purchased it.

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1 Complaint, ¶¶6, 77. The statute of limitations on Contreras' claims against the
2 Commissioner, therefore, expired on March 1, 2003 – well before Contreras filed this
3 lawsuit on March 20, 2007.

4       Thus, it is clear that Plaintiff is not correct in his categorical statement that
5 damage is "an essential element of a cause of action and a cause of action does not
6 accrue until the aggrieved party suffers damage." That is only the case where
7 damages are a *necessary element* of the cause of action. *Davies v. Krasna*, 14 Cal.
8 3d 502, 516 (1975), cited by Plaintiff for this proposition, involved a breach of
9 contract action, for which resulting damage is an element, as did *Allen v. Gardner*,
10 126 Cal. App. 2d 335 (1954). *Walker v. Pacific Indemn. Co.*, 183 Cal. App. 2d 513,
11 517 (1960), cited by Plaintiff, involved a cause of action for negligence, which also
12 requires damages is an element. *Ragan v. City of Hawthorne*, 212 Cal. App. 3d 1361
13 (1989) involved a writ that was sought under a statute (Gov. Code 11523) which, "by
14 its own terms" did not apply until benefits had been denied. No such statute is
15 involved in this case. Likewise, *Dillon v. Board of Pension Commissioners of City of
16 L.A.*, 18 Cal. 2d 427, 430 (1941) involved an action by a widow seeking pension
17 benefits; naturally, the court held that she only had standing once such benefits were
18 due. Here, Plaintiff is not seeking benefits by or through his writ of mandamus –
19 rather, he is attempting to compel the Commissioner to reverse the approval of the
20 MetLife policy. As noted above, such reversal could only have prospective effect
21 and thus Plaintiff's position is very different from that of the widow in Dillon.

22       Plaintiff relies heavily on the reasoning of *Brazina v. Paul Revere Life Ins. Co.*,
23 271 F. Supp. 2d 1163 (N.D. Cal. 2003), yet it is clear that the court was provided
24 relatively little analysis of the statute of limitations issue by the parties. Certainly,
25 *Brazina* did not consider the issue discussed above – specifically, the fact that
26 Plaintiff's theory of accrual would mean that standing to seek revocation of a policy
27 arises only once Plaintiff's harm is past remedy. This issue was likewise not

28

-8-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1  addressed in *Maiolino v. UnumProvident*, 2004 U.S. Dist. LEXIS 7556 (N.D. Cal.
2  2004), *Sullivan v. Unum Life Ins. Co. of Amer.*, 2004 U.S. Dist. LEXIS 7010 (N.D.
3  Cal. 2004), and *Guyton v. Unum Life Ins. Co. et al.* (N.D. Cal. Case No. C03-0291
4  PJH). Furthermore, much as Plaintiff tries to argue that *Brazina* is the only valid case
5  on this issue (because it is "published," although Plaintiff cites to no authority that
6  elevates the persuasive authority of a published district court decision over an
7  unpublished one), Plaintiff entirely ignores the fact that *Brazina*'s reasoning was
8  expressly considered, discussed, and disapproved by Judge Walker in *Borsuk v.
9  Massachusetts Mutual Ins. Co.,* 2003 U.S. Dist. Lexis 25259, \*25 (N.D. Cal. 2003).[3]
10  For all of these reasons, it is clear that the statute of limitations on Plaintiff's claim
11  has long since run.

12          (3)  Contreras' Requested Writ Relief Improperly Seeks To Control
13                     The Commissioner's Discretion

14          The discussion above regarding accrual assumes, *arguendo*, that Plaintiff has a
15  viable substantive cause of action against the Commissioner. In fact, Contreras is
16  also not entitled to the writ relief because he is improperly attempting to control the
17  administrative discretion conferred upon the Commissioner. A writ of mandate may
18  not be used to control such discretion. *See Venice Town Council, Inc. v. City of Los
19  Angeles*, 47 Cal. App. 4th 1547, 1558 (1996) ("[a writ of mandate] will not lie to
20  control discretion conferred upon a public officer or agency."); *Helena F. v. West
21  Contra Costa Unified School Dist.*, 49 Cal. App. 4th 1793, 1799 (1996) (a writ of
22  mandate will not lie to control a public agency's discretion, "that is to say, force the
23  exercise of discretion in a particular manner . . . ."); *Common Cause v. Board of
24  Supervisors*, 49 Cal. 3d 432, 442 (1989) (mandate improper to compel a
25  governmental entity to take a particular course of action in a matter committed to the
26

27  [3] Plaintiff's statement that "precedent within the Northern District unequivocally
28  supports remand" is not true.

**CASE NO.: C 072597 JSW (E-FILING)**
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1  government's discretion). Rather, a writ may be issued only when two basic
2  requirements are met: (1) there is a clear, present and usually ministerial duty on the
3  part of the respondent and (2) there is a clear, present and beneficial right in the
4  petitioner to the performance of that duty. *Id*. at 1558. Contreras cannot demonstrate
5  either of these requirements.

6      Contreras seeks a writ mandating that the Commissioner "exercise his
7  discretion and take such action as he may decide is reasonably necessary to respond
8  to the alleged fraudulent and unlawful conduct of defendants" and that he revoke and
9  rescind his approval of the subject Policy. Complaint, ¶70. Thus, Contreras is
10  improperly asking this Court to order the Commissioner to exercise his discretion in a
11  particular manner, i.e., revoke or rescind his approval of the Policy, which is not a
12  clear, present and ministerial act. Plaintiff's explanation that he is simply attempting
13  to get the Commissioner to exercise his discretion and his statement "[h]ow the
14  Commissioner exercises his discretion is for the Commissioner to decide" rings
15  hollow. Plaintiff's entire action against the Commissioner assumes that a writ
16  remedy lies to force the Commissioner to exercise his discretion in a particular
17  manner.[4]

18                    (4)    Contreras Cannot Demonstrate The Right To Writ Relief

19      With his fifth claim for writ relief, Contreras asserts that the Commissioner has
20  failed to fulfill numerous and varied duties, and he seeks an order from the Court
21  requiring the Commissioner to perform those duties. More specifically, Contreras
22  alleges that (1) the Commissioner and the CDI have "failed to enforce the mandatory
23  minimum requirements of the Insurance Code with respect to policy definitions of
24  disability, and related policy provisions respecting proof of claim, payment of claim,

25

26  [4] It should be noted the cases that Plaintiff and *Brazina* cite to as "precedent" on the
27  question of whether a writ may be issued on this basis are all dicta. *Van Ness v. Blue Cross of Cal.*, 87 Cal. App. 4th 364, 370 (2001); *Peterson v. American Life & Health Ins. Co.*, 48 F.3d 404, 410 (9th Cir. 1995).
28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1  and adjudication of claim, contained in defendants' insurance policy that are at
2  variance with and less favorable to their insured and disability claimants than
3  required by California law"; (2) the Commissioner and the CDI have failed in
4  unspecified ways to require compliance with Insurance Code Sections 790.03(h) and
5  10291.5, the Fair Claims Settlement Practices Regulations and "various [and
6  unspecified] DOI rulings and bulletins"; and (3) the Commissioner has abused his
7  discretion "by approving a policy and or policy forms in violation of either Cal. Ins.
8  Code §§ 10291.5(a) and 10291.5(b)(1), or the Commissioner's own regulations
9  implementing the Insurance Code." Complaint, ¶¶67-70. Contreras is not entitled to
10 the writ he seeks for several reasons, as discussed below.

11     In order to obtain the writ or order that he seeks, Contreras must meet the
12 requirements of California Code of Civil Procedure section 1085, which states: "A
13 writ of mandate may be issued by any court, except a municipal court, to any inferior
14 tribunal, corporation, board, or person, to compel the performance of an act which the
15 law specifically enjoins, as a duty resulting from an office, trust, or station, or to
16 compel the admission of a party to the use and enjoyment of a right or office to which
17 the party is entitled, and from which the party is unlawfully precluded by such
18 inferior tribunal, corporation, board, or person."

19     First, Contreras cannot obtain writ relief because he is not seeking "to compel
20 the performance of an act which the law specifically enjoins." Contreras is seeking to
21 compel the Commissioner and the CDI to comply with general obligations imposed
22 by the Insurance Code and other laws. As noted in the preceding section, what he is
23 actually seeking to do is to compel the Commissioner to exercise his discretion in a
24 particular direction – in violation of the requirements for the issuance of a writ.

25     Second, there are traditional prerequisites to writ relief that Contreras has not
26 satisfied. Contreras must demonstrate that he has no other adequate remedy at law.
27 *See* Calif. Code of Civ. Proc. § 1086 ("The writ must be issued in all cases where

28

-11-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

there is not a plain, speedy, and adequate remedy, in the ordinary course of law . . . ."); *see also Omaha Indem. Co. v. Superior Court (Greinke)*, 209 Cal. App. 3d 1266, 1274-75 (1989). Contreras asserts, without much explanation, that he has no adequate remedy at law. This is untrue; he unquestionably has an adequate remedy. He may make a complaint with the CDI and request administrative action by the CDI and, as he has already done, he may commence a legal action (pursuing appropriate legal theories) against MetLife for his claimed monetary damages. Indeed, as discussed above, not only does he have an adequate remedy at law, but, because a revocation of approval of the Policy can be prospective only, the granting of his writ will provide him with no remedy in the present context.

Third, Contreras must also show that he will suffer "irreparable injury" if the writ relief is not granted. *See Omaha Indem. Co. v. Superior Court (Greinke)*, *supra*, 209 Cal. App. 3d at 1274-75. Contreras cannot show the requisite irreparable harm and does not allege it. Whether the Commissioner or the CDI have fulfilled their duties in the past, are doing so now or whether they are ordered to comply with other duties has no bearing on Contreras. Indeed, as noted above, a revocation of the Commissioner's approval would have no effect on Plaintiff's case because it is prospective, not retrospective, in nature. Thus, not only will Plaintiff not suffer "irreparable injury" if a writ is not granted – *but a writ will not provide any relief whatsoever to Plaintiff.* Plaintiff argues that he need not demonstrate irreparable harm, and that *Omaha Indemnity* is inapplicable here. Plaintiff is wrong. The irreparable harm element is merely corollary of the fact that, pursuant to Cal. Code Civ. Proc. § 1086, a writ is to be issued "where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." Here, not only will Plaintiff's remedy at law – the lawsuit against MetLife – provide any available relief to Plaintiff, but his action against the Commissioner will result in no relief at all in the context of this case.

-12-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1        Finally, the separate aspects of Contreras' request for writ relief fail. Inasmuch

2 as he claims the Commissioner and CDI have failed to enforce mandatory minimum

3 requirements of the Insurance Code with respect to policy definitions of disability and

4 policy provisions regarding proof of claim and payment of claims that are allegedly at

5 variance with and less favorable than that required by the Insurance Code, the

6 Insurance Code already provides the relief he seeks. Section 10390 of the Insurance

7 Code states: "A policy delivered or issued for delivery to any person in this State in

8 violation of this chapter shall be held valid but shall be construed as provided in this

9 chapter. When any provision in such a policy is in conflict with any provision of this

10 chapter, the rights, duties, and obligations of the insurer, the insured and the

11 beneficiary shall be governed by this chapter." The other aspect of Contreras' request

12 for relief is that he generally wants the CDI to comply with the law. This amounts to

13 an impermissible injunction to obey the law. *See* FRCP 65(d) (requiring injunctions

14 "be specific in terms" and "described in reasonable detail."); Calif. Code of Civ.

15 Proc. § 525 ("An injunction is a writ or order requiring a person to refrain from a

16 particular act . . . ."; *Calif. Satellite Systems, Inc. v. Nichols*, 170 Cal. App. 3d 56, 71

17 (1985) ("An injunction which forbids an act in terms so vague that men of common

18 intelligence must necessarily guess at its meaning and differ as to its application

19 exceeds the power of the court.").

20                  (5)    The Commissioner Has Been Misjoined Under Rule 20

21        Contreras has improperly joined his claims against the Commissioner with his

22 claims against MetLife. Pursuant to Federal Rule of Civil Procedure 20, which

23 governs the permissive joinder of parties, separate defendants may be joined in the

24 same action when two conditions are met: "[1] if there is asserted against them

25 jointly, severally, or in the alternative, any right to relief in respect of or arising out of

26 the same transaction, occurrence, or series of transactions or occurrences and [2] if

27 any question of law or fact common to all defendants will arise in the action." FRCP

28

-13-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1  20(a) (brackets added). Contreras cannot establish either of these elements to
2  demonstrate proper joinder.

3      With respect to the first element, the relief sought against the Commissioner is
4  unrelated to and distinct from the relief sought against MetLife. There are no causes
5  of action common to both MetLife and the Commissioner. The claims against
6  MetLife relate to Contreras' contract dispute with MetLife and tort claims relating to
7  MetLife's allegedly unreasonable handling of his disability claim. Contreras seeks
8  only money damages against MetLife. In contrast, his claims against the
9  Commissioner relate to the Commissioner's alleged failure to act with respect to
10 unspecified policy forms used by MetLife and certain alleged practices of MetLife
11 that Contreras asserts are subject to regulation by the Commissioner. Contreras does
12 not seek any money damages against the Commissioner. Rather, he seeks a writ of
13 mandate ordering the Commissioner to exercise his discretion and to rescind his
14 alleged approval of Contreras' policy and policy forms. Indeed, as discussed above,
15 the revocation of the Commissioner's approval of the Policy will only be prospective,
16 not retroactive. Thus, obtaining relief from the Commissioner will in no way affect
17 Plaintiff's action against MetLife.

18     Contreras' claims against the Commissioner and MetLife do not arise out of
19 the "same transaction, occurrence, or series of transactions or occurrences."
20 Contreras' claims against MetLife arise out of Contreras' alleged disability, his claim
21 for benefits under the Policy and MetLife's handling of his disability claim. His
22 claims against the Commissioner arise out of the Commissioner's alleged approval of
23 policy forms used by MetLife and the Commissioner's exercise of discretion in
24 general.

25     Additionally, there is no question of law or fact common to both MetLife and
26 the Commissioner. The legal and factual issues as to the claims against MetLife
27 relate to whether MetLife correctly and reasonably handled Contreras' disability

28

-14-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1   claim pursuant to its contractual obligations under the Policy. The legal and factual
2   issues as to the claims against the Commissioner involve the Commissioner's
3   oversight of the insurance industry as a whole, his alleged approval of policy forms
4   and whether he has properly exercised his regulatory powers separate and apart from
5   Contreras' dispute with his insurer. Accordingly, Contreras' claims against the
6   Commissioner are improperly joined with his claims against MetLife.

7           (6)    Contreras Has Failed To Exhaust His Administrative Remedies
8                  With Respect To The Commissioner

9           Contreras' claims against the Commissioner are meritless because he has failed
10  to exhaust the administrative remedies available to him. Where an administrative
11  remedy is provided by statute, one must first seek relief from the administrative
12  agency and exhaust administrative remedies before seeking judicial review. That is,
13  one may not seek judicial intervention until the administrative process has run its
14  course. *See Temescal Water Co. v. Dept. Public Works*, 44 Cal. 2d 90, 106 (1955);
15  *Wolfe v. State Farm Fire & Casualty Ins. Co.*, 46 Cal. App. 4th 554, n.5 (1996). The
16  purpose of the exhaustion requirement is to afford the agency an opportunity to
17  exercise its discretion before being subjected to suit. *Associated Calif. Loggers, Inc.*
18  *v. Kinder*, 79 Cal. App. 3d 34, 43 (1978).

19          Here, the Insurance Code provides administrative remedies that an insured may
20  utilize if he has a complaint regarding an insurance claim or policy. *See* Ins. Code §§
21  12921, et seq. Specifically, the California Insurance Code gives the Commissioner
22  several administrative means to administer the Unfair Claims Settlement Practices
23  Act ("UCPA") found in Insurance Code section 790.03(h). The principal means are:

24          •      The claims complaint and resolution process (Ins. Code §§ 12921.3 and
25  12921.4)

26          •      Market conduct examinations (Ins. Code § 790.04)
27          •      Cease and desist proceedings (Ins. Code §§ 790.05 and 790.06)
28

-15-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1    •    License suspension and revocation (Ins. Code §§ 701, 704 and 728)[5]

2    With respect to the claims complaint and resolution process referenced above,

3    the Claims Services Bureau of the Consumer Services Division of the CDI is

4    authorized to receive, evaluate, and mediate complaints about claims settlement

5    practices. *See* Ins. Code § 12921.1 et seq. The Commissioner has adopted detailed

6    procedures for receipt, investigation and resolution of complaints against insurers.

7    These include establishing a toll free number for complaints, maintaining CDI's

8    records on complaints for three years and reporting CDI's efforts in the annual report

9    to the Governor.

10    Contreras has not alleged any attempt to use the administrative remedies

11    available under the Insurance Code, nor has he alleged an adverse result from any

12    such efforts. Absent a showing that Contreras exhausted his administrative remedies,

13    he may not obtain relief against the Commissioner in this action.

14    (7)    Contreras Is Not Entitled To Declaratory Relief

15    With his sixth claim for declaratory relief, Contreras asserts that he has a

16    dispute with the Commissioner regarding the alleged approval of the Policy.

17    Complaint, ¶74. Specifically, Contreras seeks a declaration that "Plaintiff's policy

18    does not conform to the minimum standards for total disability in the State of

19    California and, pursuant to Insurance Code §10291.5(b)(1), for a declaration that the

20    insurer defendants may not use the Commissioner's approval of the policy and or

21

22

23    [5] Plaintiff cites to the discussion in *Brazina* (Opening Brief, at 7:7-18) rejecting the argument that there are other administrative remedies. However, the *Brazina* court

24    did not address all of the statutory methods discussed above. Furthermore, the *Brazina* court appeared to be under the misapprehension that the Commissioner's

25    revocation of approval would have an effect on the dispute between the insurer and the insured – thus, the court noted that there were no administrative remedies to

26    exhaust because the Commissioner had no power to adjudicate claims, and that the only remedy was "to compel the Commissioner to . . . withdraw approval of the

27    policy." *Brazina, supra*, at 1168-69. However, mandamus would likewise have no effect on the dispute between Plaintiff and the insurer because revocation of approval

28    would only be prospective in effect.

1 policy form here in issue to claim that the policy is not unintelligible, uncertain,

2 ambiguous or abstruse, or likely to mislead." Complaint, ¶ 76.

3    First, and foremost, this cause of action is barred by the statute of limitations

4 for the same reason as the writ of mandate, as discussed above. *Howard Jarvis*

5 *Taxpayers Ass'n v. City of La Habra*, 25 Cal. 4th 809, 821 (2001) (where mandamus

6 cause of action is barred by the statute of limitations, related declaratory relief cause

7 of action is also barred).

8    Additionally, Contreras cannot obtain declaratory relief in an action against the

9 Commissioner because he does not have an actual dispute or controversy with the

10 Commissioner. Declaratory relief actions are governed by California Code of Civil

11 Procedure Section 1060, the statute under which Contreras has expressly brought his

12 declaratory relief claim. That section limits such claims to any person:

13

14    interested under a written instrument, excluding a will or a trust, or under a
     contract, or who desires a declaration of his or her rights or duties with respect
15    to another, or in respect to, in, over or upon property, or with respect to the
     location of the natural channel of a watercourse, may, in cases of actual
16    controversy relating to the legal rights and duties of the respective parties,
     bring an original action . . . for a declaration of his or her rights and duties in
17    the premises . . . .

18

19    Here, Contreras' dispute is not with the Commissioner (neither the CDI nor the

20 Commissioner is a party to the insurance policy sued upon), but with the legal impact

21 of Section 10291.5(k) and whether it means what it says. That provision was enacted

22 by the California Legislature, and there is no reason for the Commissioner to be a

23 party to this case if this Court is simply going to interpret a statute passed by the

24 legislature. Accordingly, Contreras' declaratory relief claim fails as a matter of law.

25    B.   MetLife Has Not Failed To Prove The Jurisdictional Amount

26    Plaintiff argues that MetLife has not proven the jurisdictional amount of

27 $75,000 because Plaintiff does not explicitly allege damages in excess of that.

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1    The amount in controversy exceeds the jurisdictional minimum of this Court in
2  that Contreras seeks judgment against MetLife for, among other things, past and
3  future disability insurance benefits under MetLife's Term Disability Plan Policy No.
4  08324-G (the "Policy"), and the disputed benefits total well over $75,000.00. The
5  disability income insurance policy under which Contreras made his claim for benefits
6  provides for monthly disability benefits of $1,054.90. Complaint, ¶7, Exhibit "A,"
7  specifically, the "Schedule of Benefits." Contreras alleges that MetLife wrongfully
8  terminated his disability claim and that he is entitled to disability benefits of
9  $1054.9/month after December 2005. Complaint, ¶¶8-16. Although MetLife
10  disputes the factual and legal basis of his claim, Plaintiff evidently seeks through his
11  bad faith cause of action to accelerate benefits to reflect the benefits he believes he is
12  entitled to between 2005 and the time he reaches the age of 65 (in the year 2014).
13  Complaint, ¶¶ 8-16. (*See* Declaration of Cindy Broadwater ("Broadwater Decl."),
14  Exhibit A.) Therefore, alleged benefits add up to approximately $100,000. Contreras
15  further seeks general damages, including mental distress punitive damages, attorneys'
16  fees, and special damages (Complaint, pages 14-15 (Prayer for Relief)), which,
17  combined with the compensatory damages alleged, well exceed the jurisdictional
18  minimum of this Court. *See Brandt v. Superior Court*, 37 Cal. 3d 813, 817 (1985);
19  *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (emotional
20  distress damages may be used in calculating the jurisdictional amount for purposes of
21  removal); *Conrad v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D.
22  Cal. 1998) (finding that special and general damages, attorneys' fees, and punitive
23  damages are included in the calculation of the amount in controversy).

24    Finally, under applicable Ninth Circuit authority, Defendants are not required
25  to prove in absolute terms that more than $75,000 is at issue. Rather, a "defendant
26  must provide evidence establishing that it is 'more likely than not' that the amount in
27  controversy exceeds" $75,000.00. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1  398, 403 (9th Cir. 1996). Because Plaintiff seeks compensatory damages in excess of
2  $75,000, punitive damages, emotional distress damages, and attorneys fees, it is
3  "more likely than not" that the amount in controversy exceeds $75,000.

   C.    MetLife Has Established That It Is Not A Citizen Of California

5       Plaintiff argues weakly that MetLife has failed to prove MetLife's foreign
6  citizenship. The Federal Rules of Evidence allow for judicial notice of a fact that is
7  not subject to reasonable dispute in that it is (1) generally known or (2) capable of
8  accurate and ready determination by resort to sources whose accuracy cannot
9  reasonably be questioned. Fed. R. Evid. 201(b). MetLife's foreign citizenship is not
10 subject to reasonable dispute. First, it is generally known. Apart from the cases cited
11 in MetLife's Notice of Removal, other recent cases have noted MetLife's
12 undisputable New York citizenship. *In re Nat'l Century Fin. Enters., Inv. Litig.*, Fed.
13 Sec. L. Rep. (CCH) P94,314 (S.D. Ohio. May 7, 2007) ("MetLife is a New York
14 corporation with its principal place of business in New York."); *In re Nat'l Century*
15 *Fin. Enters., Inc.*, 2006 U.S. Dist. LEXIS 72154, *13 (S.D. Ohio Oct. 3, 2006)
16 ("MetLife is a New York corporation with its principal place of business in New
17 York."). Plaintiff does not cite to any authority supporting its implied contention that
18 such authority is not judicially noticeable. MetLife's citizenship is also capable of
19 accurate and ready to determination by resort to accepted and respected sources (i.e.,
20 Best's, Exhibit "B" to the Newman Declaration of the Notice of Removal ("Newman
21 Decl.")).

22      MetLife is incorporated in New York, as shown in Best's, and as attested to by
23 Laura Sullivan, of MetLife. (See Sullivan Decl., ¶ 2). The principal place of
24 business as the state where a "substantial predominance" of corporate activity takes
25 place, or where the majority of its executive and administrative functions are
26 performed. *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th
27 Cir. 2002). A substantial predominance of the corporate activity of MetLife takes

28

-19-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1  place in the State of New York.  Furthermore, the majority of MetLife's executive

2  and administrative functions are performed in New York.  (Broadwater Decl., ¶ 4.)

3       That MetLife is incorporated and has its principal place of business in a state

4  other than California (here, New York), is further clearly established by Sullivan

5  Decl., ¶ 2, and  Newman Decl. to the Notice of Removal, Exh. "B," at 18 (executive

6  office is in New York); at 22 (involvement of New York regulators in changes to

7  products offered); at 23 (the largest proportion of its direct premium distribution is

8  from New York customers, more than three times that of California); at 26 (New

9  York regulatory approval of dividend distribution); at 31 (financial condition

10  monitored by the New York Department of Insurance).  Thus, that MetLife is not a

11  citizen of California is clearly shown by the evidence submitted by MetLife and is

12  further judicially noticeable.[6]

13       D.    The Notice Of Removal Is Not Procedurally Defective

14       Plaintiff argues that all defendants must join in a notice of removal.  However,

15  the 9th Circuit has clearly held that a fraudulently joined defendant need not join in

16  the petition for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir.

17  1988).  Thus, the question this Court must first determine is whether the

18  Commissioner is fraudulently joined.  Because the Commissioner was fraudulently

19  joined, his not joining in the removal is irrelevant.

20       E.    Costs And Attorney's Fees Are Inappropriate

21       An award of attorney's fees pursuant to section 28 U.S.C § 1447(c) is within

22  the discretion of the district court. *Bush v. Cheaptickets, Inc.*, 377 F. Supp. 2d 807,

23  810 (C.D. Cal. 2005) (denying fees where "arguable support . . . existed for

24  defendants' position.")  Furthermore, given Plaintiff counsel's abuse of judicial

25  process in filing an action against the Commissioner that he manifestly has no

26

27    [6] In the event this Court wishes for any further showings or information regarding

28  MetLife's citizenship, MetLife would be happy to comply with any request from this
   Court.

-20-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1  intention of pursuing, simply for the purpose of avoiding Federal jurisdiction, such

2  behavior should not be rewarded.

3  ### 3.    CONCLUSION

4  For the foregoing reasons, MetLife respectfully requests that this Court deny

5  Plaintiff's motion to remand.

6  Dated: July 13, 2007                    BARGER & WOLEN LLP

7

8                                    By: _Royal F. Oakes_____

9                                        ROYAL F. OAKES
                                         MICHAEL A.S. NEWMAN
10                                       Attorneys for Defendant
                                         METROPOLITAN LIFE
11                                       INSURANCE COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-21-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

CASE NO.: C 072597 JSW (E-FILING)
METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND