Ray Bourhis, Esq. SBN 53196
Lawrence Mann, Esq. SBN 83698
Bennett M. Cohen, Esq. SBN 90865
**BOURHIS & MANN**
1050 Battery Street
San Francisco, CA 94111
Tel: (415) 392-4660; Fax: (415) 421-0259

Attorneys for Plaintiff EDWARD CONTRERAS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD CONTRERAS, | ) Case No.: C 072597 JSW **(E-FILING)** |
| | ) |
| Plaintiff, | ) PLAINTIFF EDWARD CONTRERAS' |
| | ) REPLY BRIEF IN SUPPORT OF |
| v. | ) MOTION TO REMAND BACK TO |
| | ) STATE COURT |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY, THE COMMISSIONER OF THE | ) DATE:   August 31, 2007 |
| CALIFORNIA DEPARTMENT OF | ) TIME:   9:00 A.M. |
| INSURANCE; and DOES 1 through 20, inclusive | ) DEPT:   Courtroom 2, 17th Floor |
| | ) |
| Defendants. | ) TRIAL DATE:  Not Yet Set |
| | ) |
| | ) [Filed concurrently with Declaration of |
| | ) Bennett M. Cohen in Support Thereof] |

Plaintiff Edward Contreras ("Plaintiff") hereby respectfully submits this reply brief to address a number of arguments advanced in the opposition papers filed by Defendant Metropolitan Life Insurance Company ("Defendant Insurer").

///

///

///

///

1

I.  **DEFENDANT INSURER'S STATEMENTS ABOUT PLAINTIFF'S COUNSEL'S FAILURE TO SECURE A JUDGMENT AGAINST THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE ("COMMISSIONER") IN PRIOR CASES ARE LEGALLY IRRELEVANT TO ADJUDICATING A MOTION TO REMAND**

Of all the prior cases handled by Plaintiff's Counsel and cited by Defendant Insurer as "evidence" of Plaintiff's Counsel's alleged bad faith tactics in naming as a defendant the Commissioner of the California Department of Insurance ("Commissioner"), it appears that none of these cases actually proceeded to trial against any defendant. (See Declaration of Bennett M. Cohen In Support Of Motion To Remand.)  Accordingly, it appears that all such cases settled except for one which was dismissed by the court prior to trial.  (Please note that there was a different case with the same named plaintiff as a case listed by Defendant Insurer in its opposition papers; more particularly, *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004), not listed by Defendant Insurer, did proceed to trial; however, it appears that the Commissioner was not named as a defendant in that case.)  Thus, as none of the cases cited by Defendant Insurer appear to have proceeded to trial against any defendant, there can hardly be any "bad faith" in not proceeding to trial against the Commissioner.

Whether or not such cases proceeded to judgment against the Commissioner, however, is legally irrelevant to whether the Commissioner is "fraudulently" joined.  The law is clear in the 9th Circuit that a plaintiff's motive for joining a non-diverse defendant is *immaterial* to the propriety of removal or remand and joinder is not fraudulent as long as the plaintiff is able to state a valid cause of action against that defendant.  *Albi v. Street & Smith Publications, Inc.*, 140 F.2d 310 (9th Cir. 1944).  As the 9th Circuit Court of Appeals stated:

> … it is universally thought that the **motive for joining such a defendant is immaterial.** n5 **It is only where the plaintiff has not, in fact, a cause of action against the resident defendant**, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, **that the joinder can be said to be fraudulent, entitling the real defendant to a removal.** *Id.* at 312. (Emphasis Added.)

2

As the U.S. Supreme Court stated in *Mecom v. Fitzsimmons Drilling Co.*, (1931) 284 U.S. 183, wherein the Court held that removal was improper notwithstanding the defendant's contention that the administrator of an estate was appointed solely to defeat diversity, the U.S. Supreme Court stated:

> The case falls clearly within the authorities announcing the principle that in a removal proceeding **the motive of a plaintiff in joining defendants is immaterial, provided there is in good faith a cause of action against those joined.** *Id.* at 189. (Emphasis Added.)

Accordingly, Insurer Defendant's argument that Plaintiff's Counsel is engaged in bad faith tactics is both factually and legally incorrect -- and, in any event, irrelevant to the issues of removal and remand which are presently before the Court.

## II.     DEFENDANT INSURER HAS FAILED TO ESTABLISH THAT CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 338(a) RENDERS PLAINTIFF'S CAUSES OF ACTION AGAINST THE COMMISSIONER TIME-BARRED

In *Sullivan v. Unum Life Ins. Co. of Amer.*, 2004 U.S. Dist. LEXIS 7010, (N.D. Cal. 2004), the Honorable Martin Jenkins heard and rejected essentially the same argument advanced by Defendant Insurer herein that California Code of Civil Procedure Section 338(a) renders Plaintiff's causes of action against the Commissioner time-barred. Judge Jenkins first stated:

> ***Brazina*** **clearly establishes that a cause of action for writ of mandamus may lie against the Commissioner.** ***Brazina,*** **271 F. Supp. 2d at 1171** ...

Referring then to the defendant's argument that the plaintiff's causes of action against the Commissioner were time-barred under Section 338(a), Judge Jenkins stated:

> **It seems unfair to hold categorically that Plaintiff had notice of the way defendants would administer the policy before Unum denied him benefits.** This denial occurred on or about August 2002. Complaint at P31. Therefore, **Unum have not shown that Plaintiff's claims against the Commissioner and the DOI are clearly time-barred for the purposes of establishing removal jurisdiction.** *Id.* at page 11. (Emphasis Added.)

The cases cited by Defendant Insurer on page 6 of its opposition papers that any revocation of a policy provision will be prospective and not retrospective is legally irrelevant to whether

3

1   Plaintiff has a viable cause of action.  Indeed all such cases <u>affirm</u> that Plaintiff has a viable cause of

2   action for a writ of mandate; the remedy, however, will be prospective.

3        For example, in *Firestone v. Acuson Corp. Long Term Disability Plan*, 326 F. Supp. 2d 1040

4   (N.D. Cal. 2004), an insured covered under an ERISA disability policy argued that the DOI's

5   Notice to Withdraw Approval and Order barring the use of "discretionary" clauses in disability

6   policies in California should  invalidate the discretionary clause in his own policy.  The court ruled,

7   however, that the DOI's revocation of approval would not affect the insured's case as the revocation

8   could not operate retroactively.  The court further stated that had the insured sought a writ of

9   mandate to seek the withdrawal of approval of such policy provision, any such revocation, if

10  obtained, would operate only prospectively.  As the court stated:

11       **Plaintiff's only potential remedy is a writ of mandamus compelling the

12  Commissioner to withdraw her approval**; section 10291.5 does not enable plaintiff
    "to maintain a private action against [Liberty] to rewrite the terms of his policy." ...

13

14  Moreover, **even if plaintiff were to succeed in persuading this court to issue a writ

15  of mandamus forcing the Commissioner to revoke acceptance of the Liberty
    policy, such a revocation operates only "prospectively and not retrospectively."**

16  Cal. Ins. Code § 10291.5(f). *Id.* at page 11.  (Emphasis Added.)

17       Accordingly, as stated, in *Firestone v. Acuson Corp. Long Term Disability Plan, supra,* the

18  court actually affirmed the validity of a cause of action for a writ of mandamus -- the very cause of

19  action Defendant Insurer disputes.

20       In neither *Firestone v. Acuson Corp. Long Term Disability Plan, supra,* nor in any of the

21  other cases cited by Defendant Insurer to argue that California Code of Civil Procedure Section

22  338(a) renders Plaintiff's causes of action against the Commissioner time-barred did any of the

23  courts hold or even imply that such causes of action are time-barred.  Indeed, the implication of

24  these cases is clearly to the contrary -- that while an insured possesses the right to seek a writ of

25  mandate to compel the revocation of a policy provision, any such revocation, if obtained,  would

26  operate prospectively.

27

28

Case No.:  C 072597 JSW (E-FILING)
PLAINTIFF EDWARD CONTRERAS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND
BACK TO STATE COURT

Defendant Insurer's citations to California Civil Code Section 3531 which provides, "The law never requires impossibilities" and Civil Code Section 3532 which provides "The law neither does nor requires idle acts" are misplaced. If a cause of action for a writ of mandate as to the Commissioner does not exist because the remedy can only operate prospectively, at least one of the cases cited by Defendant Insurer on page 6 of its opposition papers would certainly have so stated -- and none do. In fact, these cases state just the opposite -- that such a cause of action, in fact, does exist but, by the express terms of the California Insurance Code, provides for a remedy which operates prospectively.

One case cited by Defendant Insurer, *Lundquist v. Continental Casualty Co.*, 394 F.Supp.2d 1230 (C.D. Cal. 2005), appears to undermine Defendant Insurer's contention that Plaintiff's cause of action accrues at the time he becomes insured and before any dispute arises under his policy. More particularly, in *Lundquist v. Continental Casualty Co., supra,* wherein the insured argued that the DOI's Notice of Withdrawal and Order of "discretionary clauses" invalidated the discretionary clause in his policy, the court rejected the insured's contention on the ground that the Notice of Withdrawal and Order could not operate retroactively – and appeared to say that it could not operate retroactively as to any policy that was in effect prior to the issuance of the Notice of Withdrawal and Order. As the court stated,

> "Finally, even assuming that the California DOI's Notice applies to the Plans at issue, the Notice "does not purport to invalidate disability policies containing discretionary clauses retroactively"…**In the present case, the California DOI's withdrawal of approval in 2004 does not apply retroactively to the STD and LTD Plans, which were issued in 2000.**" (Emphasis added, *Id.* at 1247.)

Accordingly, under *Lundquist v. Continental Casualty Co., supra,* it appears that even if the Plaintiff herein had brought suit at the moment he became insured under the subject policy, any revocation of the pertinent policy provisions would not have benefited him. Therefore, Defendant Insurer's argument that Plaintiff's cause of action arose at the time he bought the policy because he could still benefit from the Commissioner's withdrawal of approval of a policy provision appears to

Case No.:  C 072597 JSW (E-FILING)
PLAINTIFF EDWARD CONTRERAS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND
BACK TO STATE COURT

1   be without merit.

2   **III.    DEFENDANT INSURER HAS FAILED TO ESTABLISH THAT THE**
3           **COMMISSIONER IS IMPROPERLY JOINED UNDER FEDERAL RULE**
            **OF CIVIL PROCEDURE 20**

4       Under the FRCP 20(a), any party may be named as a defendant if: a) the right to relief is
5   asserted against all defendants either jointly, severally, or in the alternative; b) the right to relief
6   arises out of the same transaction or series of transactions; and c) there is at least one question of
7   law or fact common to all parties joined.  The Supreme Court interprets Rule 20's requirements
8   liberally.  "[T]he impulse is toward entertaining the broadest possible scope of action consistent
9   with fairness to the parties; *joinder of. . . parties. . . is strongly encouraged.*"  *United Mine Workers*
10  *v. Gibbs,* 383 U.S. 715 724 (1966) (emphasis added).

11      Defendant Insurer fails to cite even one case in support of its Rule 20 contentions.

12      **1.    Plaintiff's Separate Claims For Relief Against Defendant Insurer**
13             **And The DOI Meet The Requirements of FRCP 20**

14

15      FRCP 20(a) plainly states that "[j]udgment may be given for one or more of the plaintiffs
16  according to their respective rights to relief, and against one or more defendants according to their
17  respective liabilities."  Under the Rule's plain meaning, "it is immaterial that no common judgment
18  is sought." *See* Schwarzer *et al., Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* §7:140 (The Rutter
19  Group 2002).  Thus, the plain meaning of Rule 20 would allow a plaintiff to seek separate types of
20  relief against different defendants.  Schwarzer *et al,* §7:139.  Accordingly, that Plaintiff seeks
21  money damages against Defendant Insurer and injunctive relief against the Commissioner does not
22  defeat joinder.

23      **2.    Plaintiff's Claims Against the Defendant Insurer and the DOI Easily**
24             **Fulfill The Same Transaction or Series of Transactions Requirement**
               **of Rule 20.**

25

26      Consistent with courts' policy of construing a pleading to favor permissive joinder, courts
27  construe the "same transaction or series of transaction" requirement broadly.  *Desert Empire Bank v.*
28  *Insurance Co. of N. America*, 623 F.2d 1371, 1375 (9[th]Cir. 1980).  As the court stated:

                                              6

"We start with the premise that Rule 20, Fed.Rules Civ.Proc. regarding permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Desert Empire Bank v. Insurance Co. of N. America, supra* at 1376 (quoting *League To Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977).

In *Desert Empire Bank v. Insurance Co. of N. America, supra*, where the court found that claims against an insurer that cancelled the plaintiff's policy and the insurance agent who allegedly misrepresented facts in connection with the policy when it was sold could properly be joined in the same action as claims against them both arose out the cancellation of the insurance policy. In this case, similarly, Plaintiff's claims against both the Defendant Insurer and the Commissioner arose out of Defendant Insurer's denial of Plaintiff's claim based on language approved by the Commissioner. In this case, *but for the DOI's failure to enforce the mandatory minimum requirement of the insurance code, it is likely that Plaintiff would not have been injured by Defendant Insurer*. As Plaintiff states in his complaint, the "acts and omissions of the DOI have contributed to defendants' ability to perpetuate the unlawful, fraudulent and other wrong acts alleged …." (Complaint, ¶68.)

In *Brazina v. Paul Revere Life Ins. Co, et al*, 271 F.Supp.2d 1163 (N.D. Cal. 2003), as indicated in Plaintiff's original moving papers, the court rejected the insurer's contention that the insurer and the Commissioner were misjoined under Rule 20 and ordered remand.

Thus, Plaintiff easily meets the "same transaction …" requirement of Rule 20.

### 3. Plaintiff Has Already Fulfilled the "Common Question" Requirement of Rule 20

The "common question" requirement, like the other two in the Rule 20 analysis, is interpreted broadly and liberally. *Desert Empire, supra*, at 1375. Any overlapping of proof or of legal questions fulfills the common question requirement. See *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333-34 (8th Cir. 1974).

Questions common to both defendants abound in the instant case and include but are not limited to whether the policy language at issue is ambiguous and whether the policy language

7

complies with the definition of "total disability" established by California law. (See, e.g., *Moore v. Am. United Life Ins. Co.,* (1984) 150 Cal. App. 3d 610, 626 wherein the court stated that "total disability" exists where the insured is unable to perform <u>one</u> material duty -- in contradistinction to Plaintiff's disability policy which expressly requires that to qualify as "totally disabled," the insured must be unable to perform "<u>each</u> of the material duties" of one's job.)

## IV.    CONCLUSION

Based on the foregoing and all other authorities submitted, Plaintiff respectfully requests that the Court grant Plaintiff's motion to remand.

Respectfully submitted,

Dated:  July 20, 2007

**BOURHIS & MANN**

By:

Ray Bourhis, Esq.
Lawrence Mann, Esq.
Bennett M. Cohen, Esq.
Attorneys for Plaintiff EDWARD CONTRERAS

**PROOF OF SERVICE**

*Edward Contreras v. Metropolitan Life Insurance Company, et al.*
*U.S. District Court, Northern District of California, Case No. C07-462224 JSW*

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1050 Battery Street, San Francisco, California 94111. On July 20, 2007, I will serve the following documents:

PLAINTIFF EDWARD CONTRERAS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND BACK TO STATE COURT

in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid. I am employed in the county where the mailing described below occurred, and am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco, California.

**METROPOLITAN LIFE INSURANCE COMPANY**
Royal F. Oakes, Esq.
Michael A.S. Newman, Esq.
BARGER & WOLEN
633 West Fifth Street, 47th Floor
Los Angeles, CA 90071
Phone: (213) 680-2800
Fax:    (213) 614-7399
Email:  roakes@barwol.com
Email:  mnewman@barwol.com

**COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE:**
Julian Standen, Esq.,Deputy Attorney General
EDMUND G. BROWN, JR.
Attorney General of the State of California
455 Golden Gate Avenue, Suite 1100
San Francisco, CA 94102
Phone: (415) 703-1403
Fax: (415) 703-5480
**VIA U.S. MAIL**

**(X) (FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California, on July 20, 2007.

Mary M. Martin

9