1  Royal F. Oakes (080480), roakes@barwol.com
   Michael A. S. Newman (205299), newman@barwol.com
2  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
3  Los Angeles, California 90071
   Telephone: (213) 680-2800
4  Facsimile: (213) 614-7399

5  Attorneys for Defendant
   Metropolitan Life Insurance Company
6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10  EDWARD CONTRERAS,                          CASE NO.: C 07-00276 JSW
                                          )
11          Plaintiff,                    )   Honorable Jeffrey S. White
                                          )
12     vs.                                )   **REPLY MEMORANDUM OF POINTS**
                                          )   **AND AUTHORITIES IN SUPPORT OF**
13  METROPOLITAN LIFE INSURANCE           )   **METROPOLITAN LIFE INSURANCE**
    COMPANY, THE COMMISSIONER OF          )   **COMPANY'S MOTION TO DISMISS**
14  THE CALIFORNIA DEPARTMENT OF          )
    INSURANCE; and DOES 1 through 20,     )
15  inclusive;                            )   Date: August 31, 2007
                                          )   Time: 10:30 a.m.
16          Defendants.                   )   Courtroom: C
                                          )
17  _____ )

18

19

20

21

22

23

24

25

26

27

28
   i:\office7\7197\184\07pleadings\motion to dismiss_replyv 4.doc

1

# TABLE OF CONTENTS

2
PAGE

3  1. SUMMARY OF ARGUMENT ...............................................................................................1

4  2. LEGAL ARGUMENT..........................................................................................................2

5  A. PLAINTIFF'S INTENTIONAL MISREPRESENTATION CAUSE OF
      ACTION SHOULD BE DISMISSED *WITH PREJUDICE* ...........................................2

6
7  B. PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF
      EMOTIONAL DISTRESS SHOULD BE DISMISSED ...................................................2

8  C. PLAINTIFF'S CAUSE OF AGAINST THE COMMISSIONER OF
      INSURANCE SHOULD BE DISMISSED WITH PREJUDICE....................................3
9
      (1)  The Claim Against The Commissioner Is Time-Barred..........................................3
10
      (2)  Contreras' Requested Writ Relief Improperly Seeks To Control The
11         Commissioner's Discretion ...................................................................................8

12     (3)  Plaintiff Needs To Establish Future Irreparable Harm In Order To Seek
           Writ Relief.........................................................................................................10
13
      (4)  Contreras Has Not Shown That He Has No Other Remedy At Law....................11
14
      (5)  Separate Aspects Of Contreras Request For Writ Relief Fail .............................11
15
      (6)  The Commissioner Has Been Misjoined Under Rule 20 .....................................12
16
      (7)  Plaintiff Has Failed To Exhaust His Administrative Remedies ...........................13
17
      (8)  Plaintiff is Clearly Not Entitled To Declaratory Relief Against The
18         Commissioner.....................................................................................................14

19     (9)  Plaintiff Provides No Substantive Argument To Refute The Fact That
           Contreras' Claims Seek Unnecessary Judicial Intervention Into Complex
20         Regulatory Issues...............................................................................................14

21     (10) Plaintiff Does Not Refute The Fact That His Claims Against The
           Commissioner Are Impermissibly Vague ...........................................................15
22
   3. CONCLUSION.................................................................................................................15
23
24

25

26

27

28

-i-

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

1

## TABLE OF AUTHORITIES

2

PAGE

3

### Cases

4

*Allen v. Gardner*, 126 Cal. App. 2d 335 (1954) .............................................................................. 5

5

*Blumhorst v. Jewish Family Services of Los Angeles*, 126 Cal. App. 4th 993 (2005) .................... 5

6

*Bogard v. Employers Casualty Company*, 164 Cal.App.3d 602 (1985) ......................................... 3

7

*Borsuk v. Massachusetts Mutual Ins. Co.,* 2003 U.S. Dist. Lexis 25259, *25 (N.D. Cal.
8   2003) ............................................................................................................................................. 1

9   *Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1167 (N.D. Cal. 2003). 1, 6, 7, 10, 15

10   *Calif. Satellite Systems, Inc. v. Nichols*, 170 Cal. App. 3d 56, 71 (1985) ..................................... 12

11   *California Association for Health Services At Home v. State Department of Health Services*,
        148 Cal. App. 696 (2007) ...................................................................................................... 4, 5

12

*Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996) .......................................................................... 1, 2, 3

13

*Chase v. Blue Cross of Cal.*, 42 Cal. App. 4th 1142 (1996) ........................................................... 8

14

*Common Cause v. Board of Supervisors*, 49 Cal. 3d 432 (1989) ................................................... 8

15

*Conley v. Gibson*, 355 U.S. 41 (1957) ......................................................................................... 15

16

*Davies v. Krasna*, 14 Cal. 3d 502 (1975) ...................................................................................... 5

17

*Desert Empire Bank v. Insurance Co. of North America*, 623 F. 2d 1371 (9th Cir. 1980) ............ 13

18

*Firestone v. Acuson Corp. Long Term Disability Plan*, 326 F. Supp. 2d 1040, 1051 (N.D.
19   Cal. 2004) .................................................................................................................................. 1, 6

20   *Fletcher v. Western National Life Ins. Co.*, 10 Cal. App. 3d 376 (1970) ........................................ 3

21   *Frenzer v. Mutual*, 27 Cal. App. 2d 406 (1938) ........................................................................... 14

22   *Guyton v. Unum Life Ins. Co. et al.* (N.D. Cal. Case No. C03-0291 PJH) ..................................... 8

23   *Helena F. v. West Contra Costa Unified School Dist.*, 49 Cal. App. 4th 1793, 1799 (1996) ......... 8

24   *Hollman v. Warren*, 32 Cal. 2d 351 (1948) ................................................................................... 9

25   *Horn v. Provident Life & Accident Ins. Co.*, 351 F. Supp. 2d 954, 965 (N.D. Cal. 2004) .............. 6

26   *Howard Jarvis Taxpayers Ass'n v. City of La Habra*, 25 Cal. 4th 809 (2001) .............................. 14

27   *Knoff v. San Francisco*, 1 Cal. App. 3d 184 (1969) ....................................................................... 9

28   *Love v. Fire Ins. Exchange,* 221 Cal. App. 3d 1136 (1990) ............................................................ 8

-ii-

**BARGER & WOLEN** LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

*Lundquist v. Cont'l Cas. Co.*, 394 F. Supp. 2d 1230 (C.D. Cal. 2005) ............................................6

*Maiolino v. UnumProvident*, 2004 U.S. Dist. LEXIS 7556 (N.D. Cal. 2004) ...............................8

*Mitchell v. Aetna Life Ins. Co.*, 359 F. Supp. 2d 880 (C.D. Cal. 2005) ...................................6, 12

*Monroe v. Trustees of California State Colleges*, 6 Cal. 3d 399 (1971) .........................................3

*Moran v. Department of Motor Vehicles*, 139 Cal. App. 4th 688 (2006) ........................................4

*Omaha Indem. Co. v. Superior Court (Greinke)*, 209 Cal. App. 3d 1266, 1274-75 (1989) ...10, 11

*Paulson v. State Farm Mut. Auto. Ins. Co.*, 867 F. Supp. 911, 913 (C.D. Cal. 1994) ...................2

*Peterson v. American Life & Health Ins. Co.*, 48 F.3d 404
  (9th Cir. 1995) ....................................................................................................6, 9, 10, 15

*Ricard v. Pacific Indemnity Co.*, 132 Cal. App. 3d 886 (1982) ................................................1, 2

*Schlauch v. Hartford Acc. & Indem. Co., supra*, 146 Cal. App. 3d at 936 ....................................2

*Sklar v. Franchise Tax Board*, 185 Cal. App. 3d 616 (1986) .........................................................9

*Soto v. Royal Globe Ins. Co.*, 184 Cal. App. 3d 420 (1986) ...........................................................3

*Sullivan v. Unum Life Ins. Co. of Amer.*, 2004 U.S. Dist. LEXIS 7010 (N.D. Cal. 2004).............8

*Tobe v. City of Santa Ana*, 9 Cal. 4th 1069 (1995) .........................................................................7

*Van Ness v. Blue Cross of Cal.*, 87 Cal. App. 4th 364 (2001) ....................................6, 7, 9, 10, 15

*Venice Town Council, Inc. v. City of Los Angeles*, 47 Cal. App. 4th 1547 (1996) .........................8

*Whitmore v. Arkansas*, 495 U.S. 149 (1990)...................................................................................4

*Yamaguchi v. U.S. Dept. of Air Force*, 109 F. 3d 1475 (9th Cir. 1997).........................................15

**Statutes**

Cal. Civ. Code § 3531 .......................................................................................................................7

Cal. Civ. Code § 3532 .......................................................................................................................7

Cal. Ins. Code § 10291.5 ..........................................................................................................6, 7, 12

Cal. Ins. Code § 10291.5(b)(1)..........................................................................................................9

Cal. Ins. Code § 10291.5(f) ...............................................................................................................6

Cal. Ins. Code § 10291.5(h) ..............................................................................................................9

Cal. Ins. Code § 10291.5(k) ........................................................................................................12, 14

Cal. Code of Civ. Proc. § 525 ..........................................................................................................12

-iii-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

1

Cal. Code of Civ. Proc. § 1060 ................................................................................................. 14

2

Cal. Code of Civ. Proc. § 1085 ................................................................................................... 4

3

Cal. Code of Civ. Proc. § 1086 ......................................................................................... 10, 11

4

Ins. Code § 701 ........................................................................................................................ 13

5

Ins. Code § 704 ........................................................................................................................ 13

6

Ins. Code § 728 ........................................................................................................................ 13

7

Ins. Code § 790.03 ..................................................................................................................... 3

8

Ins. Code § 790.04 ................................................................................................................... 13

9

Ins. Code § 790.05 ................................................................................................................... 13

10

Ins. Code § 790.05 ................................................................................................................... 13

11

Ins. Code § 12921.3 ................................................................................................................. 13

12

**Rules**

13

FRCP 65(d) .............................................................................................................................. 12

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-iv-

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

1                           1.    SUMMARY OF ARGUMENT

2          It is clear that the claims of Plaintiff Edward Contreras ("Plaintiff" or "Contreras") against

3  Defendant Metropolitan Life Insurance Company ("MetLife") for intentional misrepresentation

4  (third cause of action) and intentional infliction of emotional distress (fourth cause of action) fail as

5  a matter of law.  Indeed, Plaintiff concedes that the third cause of action should be dismissed, but

6  asks for leave to amend.  Leave to amend should not be granted.  Plaintiff's "fraud" claim is nothing

7  more than a disguised breach of contract claim, which no amount of amending can remedy. *Chang

8  v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).  Plaintiff's IIED action should likewise be dismissed

9  with prejudice.  The law is clear that purported insurance bad faith claims do not amount to the kind

10  of "outrageous" conduct that gives rise to IIED liability. *See, e.g., Ricard v. Pacific Indemnity Co.,*

11  132 Cal. App. 3d 886, 895 (1982).  Further, Plaintiff has not sufficiently alleged mental distress.

12         The two meritless claims against the Commissioner ("Commissioner") of the California

13  Department of Insurance ("CDI"), included for the sole purpose of trying to defeat diversity (the

14  fifth and sixth causes of action), should likewise be dismissed for many reasons, not least of which

15  is the fact that they are barred by the statute of limitations.  Plaintiff's argument that his mandamus

16  action against the Commissioner accrues (and therefore begins the statute running) only once policy

17  benefits are denied *by MetLife* defies logic and law.  Assuming Plaintiff's action against the

18  Commissioner is permissible at all, it must have accrued at the time Plaintiff obtained a beneficial

19  interest in the policy – i.e., when the policy was first issued. *See e.g., Firestone v. Acuson Corp.*

20  *Long Term Disability Plan*, 326 F. Supp. 2d 1040, 1051 (N.D. Cal. 2004).  In this respect,

21  Plaintiff's reliance upon *Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1167 (N.D.

22  Cal. 2003) is mistaken, and MetLife urges this Court to follow *Borsuk v. Massachusetts Mutual*

23  *Ins. Co.,* 2003 U.S. Dist. Lexis 25259, \*25 (N.D. Cal. 2003).  Further, it is clear that Plaintiff is

24  improperly seeking to control the Commissioner's discretion; that Plaintiff has failed to show that

25  he will suffer irreparable harm or that he has no other remedy at law but mandamus; that Plaintiff

26  has not exhausted his administrative remedies; and that the Commissioner has been misjoined under

27  Rule 20.  Thus, for these and other reasons, MetLife respectfully requests that the third, fourth, fifth,

28  and sixth causes of action be dismissed with prejudice.
i:\office7\7197\184\07pleadings\motion to dismiss_replyv 4.doc

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

1

2.    LEGAL ARGUMENT

2

A.    PLAINTIFF'S INTENTIONAL MISREPRESENTATION CAUSE OF ACTION

3

SHOULD BE DISMISSED *WITH PREJUDICE*

4    Plaintiff admits that his intentional misrepresentation cause of action should not survive

5    dismissal, but asks for leave to amend. Respectfully, MetLife asks that the Court deny this request.

6    *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (dismissal without leave to amend is appropriate

7    if it is clear that "the complaint could not be saved by any amendment.") The problem with

8    Plaintiff's intentional misrepresentation action is not merely that it is pled with insufficient

9    particularity but that it is, at heart, an attempt to transform a breach of contract dispute into a fraud

10    case. However, the mere denial of an insurance claim is not sufficient to maintain an action for

11    fraud. "The insured must show that the insurer did not intend to fulfill its obligations at the time the

12    contract was entered into; mere denial of coverage will not suffice." *Paulson v. State Farm Mut.*

13    *Auto. Ins. Co.*, 867 F. Supp. 911, 913 (C.D. Cal. 1994) (criticizing "what Ninth Circuit Judge

14    Kozinski has labelled the 'tortification of contract law,' or the tendency of courts to treat a contract

15    dispute as a tort, which creates incentives for plaintiffs to invest in tort causes of action."). No

16    amount of artful pleading can avoid the fact that Plaintiff is basing a fraud cause of action on an

17    alleged breach of contract. Thus, his cause of action for intentional misrepresentation should be

18    dismissed with prejudice.

19

B.    PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF

20

EMOTIONAL DISTRESS SHOULD BE DISMISSED

21    Plaintiff has not and cannot establish the allegations in his complaint constitute the kind of

22    extreme and outrageous conduct that give rise to liability under the theory of IIED. For one thing,

23    Plaintiff does not even try to distinguish the cases cited by MetLife, which hold that an insurer's

24    breach of contract, indeed even an insurer's act of bad faith, do not constitute the kind of extreme

25    and outrageous conduct necessary to support an IIED claim. *See Ricard v. Pacific Indemnity Co.,*

26    132 Cal. App. 3d 886, 895 (1982) (insurer's intentional and wrongful refusal to pay medical bills

27    not a proper basis for an IIED claim); *Schlauch v. Hartford Accident & Indem. Co.,* 146 Cal. App.

28    3d 926, 936 (1993) (refusal to accept the injured party's settlement demand or violation of statutory

-2-

BARGER & WOLEN LLP
833 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS

1 duties imposed by Insurance Code Section 790.03 did not constitute "outrageous conduct"); *Soto v.*
2 *Royal Globe Ins. Co.*, 184 Cal. App. 3d 420, 432 (1986) (an injured worker's family members could
3 not maintain a claim for IIED based on allegations that the insurer had withheld benefits due the
4 injured worker).

5 Meanwhile, the case Plaintiff cites to, *Fletcher v. Western National Life Ins. Co.*, 10 Cal.
6 App. 3d 376 (1970) involved a convoluted catalogue of bad acts, including malicious threatened
7 and actual bad faith refusals to make payments, and false and threatening communications directed
8 to plaintiff for the purpose of causing him to surrender his policy or disadvantageously settle a
9 nonexistent dispute. Plaintiff's allegations certainly are not "equally outrageous." Rather, Plaintiff
10 alleges a garden-variety breach of contract and bad faith scenario – i.e., the kind of acts that the
11 Court determined did not rise to the level of IIED in *Ricard*, *Schlauch*, and *Royal Globe*, above.

12 Furthermore, it is clear that Contreras does not sufficiently allege facts showing severe
13 emotional injury or trauma. As the court held in *Bogard v. Employers Casualty Co.*, 164 Cal. App.
14 3d 602, 617-18 (1985), mere conclusory allegations that one has suffered severe emotional distress
15 are inadequate. Plaintiff's generalized allegations simply do not meet this standard.

16 Plaintiff's request for leave to amend should not be granted. As noted in *Chang v. Chen*, 80
17 F.3d 1293, 1296 (9th Cir. 1996), dismissal without leave to amend is appropriate if it is clear that
18 "the complaint could not be saved by any amendment." Here, Plaintiff has had the opportunity to
19 establish the "outrageousness" of MetLife's conduct. If the Court determines that the conduct
20 alleged does not rise to a level that would make it liable for IIED, no amount of additional facts or
21 detail can change that fact.

22 C. PLAINTIFF'S CAUSE OF AGAINST THE COMMISSIONER OF INSURANCE
23 SHOULD BE DISMISSED WITH PREJUDICE
24 (1) The Claim Against The Commissioner Is Time-Barred

25 As noted in the opening brief, the statute of limitations in a mandamus proceeding "begins
26 to run when the [petitioner's] right first accrues. [Citations.]" *Monroe v. Trustees of California*
27 *State Colleges*, 6 Cal. 3d 399, 405 (1971). The right to petition accrues once there is "(1) [a] clear,
28 present and usually ministerial duty upon the part of the respondent [citations]; and (2) a clear,

-3-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS

1  present and beneficial right in the petitioner to the performance of that duty [citations]." *Moran v.*

2  *Department of Motor Vehicles*, 139 Cal. App. 4th 688, 691 (2006). Thus, the key question is when

3  Plaintiff's right to seek action from the Commissioner accrues.

4  Assuming Plaintiff is correct that the Commissioner has a present duty and that Plaintiff has

5  a right to petition for the performance of that duty (both of which MetLife disputes), then Plaintiff's

6  right to the performance of that duty would have arisen not at the time he was denied benefits, ***but***

7  ***at the time he first obtained the policy***. Thus, the statute of limitations runs from that date. That

8  Plaintiff's action would have first accrued when he obtained the policy is the inevitable result of the

9  statute that he is invoking, for the following reasons.

10  Plaintiff contends that the statute did not begin to run on his mandamus action against the

11  Commissioner until he sustained damage due to MetLife's denial of claims under the policy.

12  Plaintiff bases this conclusion on an overbroad reading of *Whitmore v. Arkansas*, 495 U.S. 149, 155

13  (1990), where the Supreme Court generally stated that "injury in fact" was a prerequisite to

14  standing. Plaintiff is misreading the rule of *Whitmore*. In the context of a mandamus proceeding

15  against a public agency, California courts have made it very clear that the "injury in fact" rule is

16  satisfied, and standing is established, where a petitioner ***"has a special interest over and above the***

17  ***interest of the public at large."*** *California Association for Health Services At Home v. State*

18  *Department of Health Services*, 148 Cal. App. 696, 707 (2007). In *California Association For*

19  *Health Services*, petitioners filed a writ of mandamus against the Department of Health Services

20  ("DHS") seeking to compel the DHS to review reimbursement rates annually and to set new rates.

21  Among the petitioners was an advocacy group representing recipients of Medi-Cal services. In

22  determining whether petitioners had standing to seek mandamus against the DHS, the court

23  explained that, unlike other rules that require the violation of a private right, privilege, or immunity

24  to confer standing, Cal. Code Civ. Proc. § 1085 "confers a broad right to issuance of a traditional

25  writ to those who are beneficially interested . . . ." *Id.* at 707. A "beneficial interest," the court

26  stated, was equivalent to the "federal 'injury in fact' test." *Id.* In other words, as the Court

27  explained, an alternative way of stating the "injury in fact" test, in the context of mandamus

28  proceeding, is that "the petitioner has a special interest over and above the interest of the public at

-4-

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

1  large." *Id.* Thus, a petitioner seeking a writ of mandate need not show that he has already been
2  damaged, as Plaintiff here alleges. Indeed, as the court noted earlier in the opinion, "[m]andamus is
3  not an action for damages because it is an equitable, not a legal remedy." *Id.* at 705. In applying
4  the rule to the facts of the case, the court of appeal ruled that the recipients of Medi-Cal services had
5  standing to seek mandamus – not because they had suffered damages in the past – but because their
6  interest in mandamus superseded that of the public at large: ***The recipients of Medi-Cal services***
7  ***certainly have a special interest over and above the public at large in ensuring that DHS carry***
8  ***out its obligations to Medi-Cal's recipients.*** *Id.* at 707. Thus, the court concluded, they have
9  standing.

10  Here, under the reasoning of *California Association for Health Services*, Plaintiff had a
11  "beneficial interest" in the policy and the Commissioner's determination of its compliance with the
12  law immediately upon issuance of the policy. At that point, like the Medi-Cal recipients, he
13  obtained "a special interest over and above the interest of the public at large" in policy, and in its
14  fairness and legality.

15  Plaintiff's argument that "[d]amage, in fact, is an essential element of any cause of action
16  and a cause of action does not accrue until the aggrieved party suffers damage" (Opposition, at 4:9-
17  18) is a misstatement of the law. Actual damage is an essential element to *some* causes of action,
18  especially actions arising in law, not to all causes of action. In particular, a mandamus action can be
19  issued where a Plaintiff demonstrates a beneficial interest based on the threat of future harm.
20  *California Association For Health Services, supra* at 707. Indeed, even Plaintiff contradicts his
21  categorical statement regarding the necessity of actual past damages when he admits that the ***threat***
22  of future harm can constitute "injury in fact." (Opposition at 4:23-23.) Plaintiff's cases are thus
23  inapposite. *Davies v. Krasna*, 14 Cal. 3d 502, 516 (1975) does not state that actual past damage is
24  an essential element of "any cause of action" but of the action involved in that case – i.e., a breach
25  of confidence. *Allen v. Gardner*, 126 Cal. App. 2d 335, 340 (1954) involved a breach of contract,
26  of which damages are an essential element. *Blumhorst v. Jewish Family Services of Los Angeles*,
27  126 Cal. App. 4th 993 (2005), again, involved a suit for sex discrimination, and even there noted that
28  a Plaintiff could assert standing where he showed that he was about to suffer injury.

-5-

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

1    Furthermore, if a mandamus action under Cal. Ins. Code § 10291.5(f), seeking the

2  Commissioner's revocation of approval of the policy, accrued only *after* the Plaintiff had suffered

3  damage due to the denial of benefits under the policy, then relief under section 10291.5 would be

4  illusory. This is because Plaintiff's writ of mandate would at most serve to compel the

5  Commissioner to *revoke* its approval of the MetLife policy. *Van Ness v. Blue Cross of Cal.*, 87 Cal.

6  App. 4th 364, 371-72 (2001) ("[I]f an insured believes the commissioner has abused his or her

7  discretion in approving a policy in violation of section 10291.5, the insured may petition for a writ

8  of mandamus requiring the commission to revoke the approval."); *Peterson v. American Life &*

9  *Health Ins. Co.*, 48 F.3d 404, 410 (9th Cir. 1995) (insured "may petition for a writ of mandamus

10  requiring the Commissioner to *revoke* his approval.") (emphasis added); *Brazina v. Paul Revere*

11  *Life Ins. Co.*, 271 F. Supp. 2d 1163, 1167 (N.D. Cal. 2003) ("an insured may petition for a writ of

12  mandamus requiring the Commissioner to *revoke approval* of a policy if the insured believes the

13  Commissioner abused his discretion in approving the policy under section 10291.5.").

14    However, under section 10291.5(f), revocation of approval only has *prospective*, not

15  retrospective effect. *Firestone v. Acuson Corp. Long Term Disability Plan*, 326 F. Supp. 2d 1040,

16  1051 (N.D. Cal. 2004) ("[I]f plaintiff were to succeed in persuading this court to issue a writ of

17  mandamus forcing the Commissioner to revoke acceptance of the Liberty policy, such a revocation

18  operates only 'prospectively and not retrospectively.'"); *Lundquist v. Cont'l Cas. Co.*, 394 F. Supp.

19  2d 1230, 1247 (C.D. Cal. 2005) (any withdrawal of approval operates "only prospectively and not

20  retrospectively."); *Mitchell v. Aetna Life Ins. Co.*, 359 F. Supp. 2d 880, 889 (C.D. Cal. 2005) ("even

21  if Aetna's policy were revoked [pursuant to section 10291.5], the revocation would only apply

22  prospectively and not retroactively."); *Horn v. Provident Life & Accident Ins. Co.*, 351 F. Supp. 2d

23  954, 965 (N.D. Cal. 2004) ("section 10291.5(f) provides the procedure for [the Commissioner to

24  withdraw approval] and that subsection specifically provides that the withdrawal is 'effective[]

25  prospectively and not retroactively.'")

26    Since an action to compel the Commissioner to revoke approval under section 10291.5(f)

27  could only have prospective effect, it follows that an insured under the policy would have "a clear,

28  present and beneficial right in the petitioner to the performance of that duty" as soon as he became

-6-

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

1  covered under the policy, and *prior* to his denial of benefits under the suspect portions of the policy.
2  Otherwise, an insured would achieve standing only at the instant that he is unable to achieve a
3  benefit from the mandamus proceeding. Since the law does not provide illusory rights – it requires
4  neither impossibilities (Cal. Civ. Code § 3531) nor idle acts (Cal. Civ. Code § 3532) – a
5  policyholder would have standing at the moment he obtains the policy, not at the moment he is
6  damaged. *See Tobe v. City of Santa Ana*, 9 Cal. 4th 1069, 1085-86 (1995) (the right to seek a writ
7  accrues once "the person has some special interest to be served or some particular right to be
8  preserved or protected over and above the interest held in common with the public at large."). Since
9  Plaintiff's right to seek a revocation of approval under 10291.5 clearly accrued at the time he
10  became covered under the policy, in 1995, his right to sue the Commissioner lapsed in 1998. **As**
11  **Judge Walker determined in *Borsuk  v. Massachusetts Mutual Ins. Co.* standing to seek a writ**
12  **accrues, and the statute begins to run, at the time the policy is obtained.**, 2003 U.S. Dist. Lexis
13  25259, *25 (N.D. Cal. 2003).

14  As discussed more fully in the opening brief, *Borsuk, supra,* is directly on point and
15  involves claims against the CDI identical to Contreras' claims herein. There, the court determined
16  that an insured's action against the Commissioner for mandamus accrues once the policy is issued,
17  and that the statute of limitations runs three years after that date. As the Court concluded at *25,
18  "Borsuk was on notice of the second issued policy no later than 1992, the date he agreed to the
19  terms of that policy. This action was commenced ten years after that date and (presumably) more
20  than ten years after the policy form at issue was approved." Contreras alleges the Commissioner
21  approved the instant Policy sometime before March 1, 2000 when he purchased it. Complaint, ¶¶6,
22  77. The statute of limitations on Contreras' claims against the Commissioner, therefore, expired on
23  March 1, 2003 – well before Contreras filed this lawsuit on March 20, 2007.

24  Plaintiff relies heavily on the reasoning of *Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp.
25  2d 1163 (N.D. Cal. 2003), yet it is clear that the court was provided relatively little analysis of the
26  statute of limitations issue by the parties. Certainly, *Brazina* did not consider the issue discussed
27  above  – specifically, the fact that Plaintiff's theory of accrual would mean that standing to seek
28  revocation of a policy arises only once Plaintiff's harm is past remedy. This issue was likewise not

-7-

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

1  addressed in *Maiolino v. UnumProvident*, 2004 U.S. Dist. LEXIS 7556 (N.D. Cal. 2004), *Sullivan*
2  *v. Unum Life Ins. Co. of Amer.*, 2004 U.S. Dist. LEXIS 7010 (N.D. Cal. 2004), and *Guyton v. Unum*
3  *Life Ins. Co. et al*. (N.D. Cal. Case No. C03-0291 PJH).  For all of these reasons, it is clear that the
4  statute of limitations on Plaintiff's claim has long since run.

5         Finally, Plaintiff argues that MetLife's position is "illogical" because it would require an
6  insured to "challenge in court each and every impermissible policy provision" within three years of
7  becoming a policyholder and would lead to "chaos."  However, the law clearly provides that
8  "knowledge of the *facts*, rather than knowledge of available legal theories or remedies, starts the
9  statute of limitations."  *Love v. Fire Ins. Exchange,* 221 Cal. App. 3d 1136, 1150 (1990).  An
10  insured is presumed to read his policy.  *Chase v. Blue Cross of Cal.*, 42 Cal. App. 4th 1142, 1155
11  (1996).  He is thus aware of the facts that should give rise to an action against the Commissioner.[1]

12         For all of these reasons, it is clear that, to the extent Plaintiff can assert any action against
13  the Commissioner, that action accrued in 1995, when Plaintiff first achieved standing.  Because the
14  statute of limitations for a mandamus action runs three years after it first accrued, the action was
15  barred after 1998.  Therefore, Plaintiff cannot assert a cause of action against the Commissioner.

16              (2)    Contreras' Requested Writ Relief Improperly Seeks To Control The
17                     Commissioner's Discretion

18         The discussion above regarding accrual assumes, *arguendo*, that Plaintiff has a viable
19  substantive cause of action against the Commissioner.  In fact, Contreras is also not entitled to the
20  writ relief because he is improperly attempting to control the administrative discretion conferred
21  upon the Commissioner.  As noted in the opening brief, a writ of mandate may not be used to
22  control such discretion.  *See Venice Town Council, Inc. v. City of Los Angeles*, 47 Cal. App. 4th
23  1547, 1558 (1996); *Helena F. v. West Contra Costa Unified School Dist.*, 49 Cal. App. 4th 1793,
24  1799 (1996); *Common Cause v. Board of Supervisors*, 49 Cal. 3d 432, 442 (1989).

25
26
_____

27  [1] Plaintiff's argument is unreasonable for another reason.  As discussed above, the object of an
    action against the Commissioner – revocation of approval of a policy – is only prospective in
28  nature.  A Plaintiff who waits until damage has already occurred or is on the very verge of occurring
    will not be able to obtain any appreciable remedy from the Commissioner.

-8-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS

1   Contreras seeks a writ mandating that the Commissioner "exercise his discretion and take
2   such action as he may decide is reasonably necessary to respond to the alleged fraudulent and
3   unlawful conduct of defendants" and that he revoke and rescind his approval of the subject Policy.
4   Complaint, ¶70. ***Thus, Contreras is improperly asking this Court to order the Commissioner to***
5   ***exercise his discretion in a particular manner, i.e., revoke or rescind his approval of the Policy***,
6   which is not a clear, present and ministerial act. Plaintiff's explanation that he is simply attempting
7   to get the Commissioner to exercise his discretion and his statement "[h]ow the Commissioner
8   exercises his discretion is for the Commissioner to decide" ring hollow. Plaintiff's entire action
9   against the Commissioner assumes that a writ remedy lies to force the Commissioner to exercise his
10  discretion in a particular manner.[2]

11  Citing to Cal. Ins. Code § 10291.5(b)(1), Plaintiff argues that the Commissioner has a
12  "mandatory duty not to approve a policy 'which is unintelligible, uncertain, ambiguous, or abstruse,
13  or likely to mislead a person to whom the policy is offered, delivered or issued.'" Plaintiff in fact
14  misquotes the statute. Rather, the Commissioner has a duty not to approve a policy that "*[t]he*
15  *Commissioner finds*" is so flawed. In other words, the Commissioner has abused his discretion,
16  and is therefore subject to writ review, only where he approves a policy that *he finds* to contain
17  suspect terms. Furthermore, although judicial review is authorized, such review must be "in
18  accordance with the Code of Civil Procedure" (section 10291.5(h)) – that is, it must comply, among
19  other things, with the requirement that mandamus not be used to control discretion.

20  The cases cited by Plaintiff do not aid him. In *Sklar v. Franchise Tax Board*, 185 Cal. App.
21  3d 616, 622 (1986), for example, the court expressly noted that mandamus "cannot invade the area
22  of discretion with which an administrative agency is vested over a given subject matter." *See also*
23  *Hollman v. Warren*, 32 Cal. 2d 351, 355 (1948) ("mandamus may not be available to compel the
24  exercise by a court or officer of the discretion possessed by them in a particular manner, or to reach
25  a particular result . . . ."); *Knoff v. San Francisco*, 1 Cal. App. 3d 184, 197 (1969) ("mandamus will

26  ───────────────
27  [2] It should be noted the cases that Plaintiff and *Brazina* cite to as "precedent" on the question of whether a writ may be issued on this basis only address the question in *dicta*. *Van Ness v. Blue Cross of Cal*., 87 Cal. App. 4th 364, 370 (2001); *Peterson v. American Life & Health Ins. Co*., 48
28  F.3d 404, 410 (9th Cir. 1995).

-9-

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

1  not lie to 'control' the exercise of administrative discretion," but rather to compel the exercise of

2  such discretion). Here, Plaintiff seeks not to compel the Commissioner to exercise its discretion,

3  but rather asks the Court to overrule the discretionary finding of the Commissioner that MetLife's

4  policies were compliant with the law.

5      Furthermore, in ruling that plaintiff had a viable cause of action against the Commissioner,

6  the court in *Brazina, supra*, at 1167-68, relied primarily upon two cases, both of which mentioned

7  the theoretical viability of an action challenging the Commissioner's approval of a policy in *dicta*.

8  *Van Ness v. Blue Cross of Cal.*, 87 Cal. App. 4th 364, 370 (2001); *Peterson v. American Life &*

9  *Health Ins. Co.*, 48 F.3d 404, 410 (9th Cir. 1995). In neither of these cases was the viability of a

10  mandamus action against the Commissioner ruled upon. In both instances, the possibility of such

11  claims were discussed in asides that were not essential to the rulings of the case. Indeed, the

12  *Brazina* court did not cite to any controlling authority on this issue.

13          (3)    Plaintiff Needs To Establish Future Irreparable Harm In Order To Seek Writ

14                 Relief

15      Contreras must demonstrate that he will suffer "irreparable injury" if the writ relief is not

16  granted. *See Omaha Indem. Co. v. Superior Court (Greinke), supra*, 209 Cal. App. 3d at 1274-75.

17  Contreras cannot show the requisite irreparable harm and does not allege it. Whether the

18  Commissioner or the CDI have fulfilled their duties in the past, are doing so now or whether they

19  are ordered to comply with other duties has no bearing on Contreras. Indeed, as noted above, a

20  revocation of the Commissioner's approval would have no effect on Plaintiff's case because it is

21  prospective, not retrospective, in nature. Thus, not only will Plaintiff not suffer "irreparable injury"

22  if a writ is not granted – *but a writ will not provide any relief whatsoever to Plaintiff*.

23      Plaintiff argues that he need not demonstrate irreparable harm, and that *Omaha Indemnity* is

24  inapplicable here. Plaintiff is wrong. The irreparable harm element is merely corollary of the fact

25  that, pursuant to Cal. Code Civ. Proc. § 1086, a writ is to be issued "where there is not a plain,

26  speedy, and adequate remedy, in the ordinary course of law." Here, not only will Plaintiff's remedy

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

1   at law – the lawsuit against MetLife – provide any available relief to Plaintiff, but his action against
2   the Commissioner will result in no relief at all in the context of this case.[3]

3                (4)   Contreras Has Not Shown That He Has No Other Remedy At Law

4          To obtain writ relief, Contreras must demonstrate that he has no other adequate remedy at
5   law.  *See* Calif. Code of Civ. Proc. § 1086 ("The writ must be issued in all cases where there is not a
6   plain, speedy, and adequate remedy, in the ordinary course of law . . . ."); *see also Omaha Indem.*
7   *Co. v. Superior Court (Greinke)*, 209 Cal. App. 3d 1266, 1274-75 (1989).  Contreras asserts that he
8   has no adequate remedy at law.  This is untrue; he unquestionably has an adequate remedy.  He may
9   make a complaint with the CDI and request administrative action by the CDI and, as he has already
10  done, he may commence a legal action (pursuing appropriate legal theories) against MetLife for his
11  claimed monetary damages.  Indeed, as discussed above, not only does he have an adequate remedy
12  at law, but because a revocation of approval of the Policy can be prospective only, the granting of
13  his writ will provide him with no remedy in the present context.

14         The *Brazina* Court erred in ruling that compelling "the Commissioner to exercise his
15  discretion and withdraw approval of the policy" is Plaintiff's only adequate remedy; as noted above,
16  it will remedy nothing.  What the *Brazina* Court did not consider was the fact that revocation of
17  approval could only be *prospective*.  The court's conclusion that "the outcome of the insurance
18  contract dispute between defendants and Brazina may very well depend on whether the
19  Commissioner will withdraw approval of the policy in question" is thus incorrect.  *Id.* at 1172.  In
20  fact, the Commissioner's determination would have no effect on a past dispute based on a policy
21  that was approved and in force at the time of the denial of benefits.

22               (5)   Separate Aspects Of Contreras Request For Writ Relief Fail

23         Plaintiff does not refute that the separate aspects of Contreras' request for writ relief fail.
24  Inasmuch as he claims the Commissioner and CDI have failed to enforce mandatory minimum
25  requirements of the Insurance Code with respect to policy definitions of disability and policy

26  _____

27  [3] This is why Plaintiff is incorrect in arguing that MetLife's contention that the statute of limitations
    ran three years after issuance of the policy contradicts MetLife's argument that Plaintiff cannot now
    demonstrate the possibility of irreparable harm.  The fact is that any revocation that issued now
28  would be of no use at all to Plaintiff in its action with respect to MetLife, because such revocation

-11-

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

1  provisions regarding proof of claim and payment of claims that are allegedly at variance with and

2  less favorable than that required by the Insurance Code, the Insurance Code already provides the

3  relief he seeks. Section 10390 of the Insurance Code states: "A policy delivered or issued for

4  delivery to any person in this State in violation of this chapter shall be held valid but shall be

5  construed as provided in this chapter. When any provision in such a policy is in conflict with any

6  provision of this chapter, the rights, duties, and obligations of the insurer, the insured and the

7  beneficiary shall be governed by this chapter." The other aspect of Contreras' request for relief is

8  that he generally wants the CDI to comply with the law. This amounts to an impermissible

9  injunction to obey the law. *See* FRCP 65(d) (requiring injunctions "be specific in terms" and

10 "described in reasonable detail."); Calif. Code of Civ. Proc. § 525 ("An injunction is a writ or order

11 requiring a person to refrain from a particular act . . . ."); *Calif. Satellite Systems, Inc. v. Nichols*, 170

12 Cal. App. 3d 56, 71 (1985) ("An injunction which forbids an act in terms so vague that men of

13 common intelligence must necessarily guess at its meaning and differ as to its application exceeds

14 the power of the court.").

15                    (6)    The Commissioner Has Been Misjoined Under Rule 20

16          Plaintiff's primary response to MetLife's argument that the Commissioner is misjoined

17 under Rule 20 is to quote *Brazina*. However, as noted above, *Brazina* found a sufficient connection

18 between the action against the insurer and against the Commissioner in part exists because "the

19 outcome of the insurance contract dispute between defendants and Brazina may well depend upon

20 whether the Commissioner will withdraw approval of the policy in question." *Id.* at 1172. In fact,

21 because the Commissioner's revocation of approval is only prospective in effect, and because a

22 policy so approved is conclusively presumed to be lawful (Cal. Ins. Code § 10291.5(k)), the

23 revocation of approval will in fact have no effect on the case between the insurer and insured. *See*

24 *Mitchell v. Aetna Life Ins. Co.*, 359 F. Supp. 2d 880, 889 (C.D. Cal. 2005) (noting that "even if

25 Aetna's policy were revoked [pursuant to section 10291.5], the revocation would only apply

26 prospectively and not retroactively.").

27 _____

28 would only be prospective.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

1    *Desert Empire Bank v. Insurance Co. of North America*, 623 F. 2d 1371 (9th Cir. 1980),

2    cited by Plaintiff, is not helpful. In that case, there was a clear factual and legal nexus between the

3    insurer, who had cancelled the policy, and the agent, who had allegedly misrepresented facts in

4    connection with the policy. Under those circumstances, the court determined, the "action against

5    both of the defendants raised questions of law and fact common to all of the parties." *Id.* at 1375.

6    Not so here. The only thing the action against the Commissioner has in common with the action

7    against MetLife is that the policy figures in the facts of both. The factual and legal questions are

8    otherwise entirely different. As a matter of law, the revocation of the policy by the Commissioner

9    will have no effect upon MetLife's action because it will only issue prospectively. Furthermore, a

10   finding that MetLife breached the terms of the policy, committed bad faith, or committed some

11   other wrong will have no effect upon the question of whether the Commissioners should revoke its

12   approval of the policy. Indeed, there is neither a factual nor a legal overlap at any point between the

13   two cases. Thus, the Commissioner is misjoined and should be dismissed.

14          (7)    Plaintiff Has Failed To Exhaust His Administrative Remedies

15          In the above discussions regarding statute of limitations and standing, MetLife has assumed,

16   for the sake of argument, that Plaintiff had exhausted all administrative remedies. In fact, he has

17   not. In his opposition, Plaintiff cites to *Brazina*, again, as his sole support for the proposition that

18   he has not failed to exhaust his administrative remedies. *Brazina*, however, only discussed section

19   12921.3 of the Insurance Code, concluding that that section does not provide an administrative

20   remedy for an insured to seek revocation of approval. MetLife maintains that *Brazina* was incorrect

21   in so ruling, since section 12921.3 clearly allows the Commissioner expansive powers to investigate

22   complaints regarding claims handling, which naturally would also include evaluation – and

23   reevaluation when appropriate – of the legality and propriety of policy language. But in addition,

24   *Brazina* did not address, and Plaintiff does not address the other statutory provisions that MetLife

25   indicates in its opening brief, such as  Ins. Code § 790.04, Ins. Code §§ 790.05 and 790.06, and  Ins.

26   Code §§ 701, 704 and 728.

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-13-

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

1          (8)    Plaintiff is Clearly Not Entitled To Declaratory Relief Against The

2               Commissioner

3      Plaintiff does not and cannot dispute the fact that the declaratory relief cause of action is

4  barred by the statute of limitations for the same reason as the writ of mandate, as discussed above.

5  *Howard Jarvis Taxpayers Ass'n v. City of La Habra*, 25 Cal. 4th 809, 821 (2001) (where mandamus

6  cause of action is barred by the statute of limitations, related declaratory relief cause of action is

7  also barred).

8      Additionally, Contreras cannot obtain declaratory relief in an action against the

9  Commissioner because he does not have an actual dispute or controversy with the Commissioner

10  under Section 1060, the statute under which Contreras has expressly brought his declaratory relief

11  claim.  Again, Contreras' dispute is not with the Commissioner (neither the CDI nor the

12  Commissioner is a party to the insurance policy sued upon), but with the legal impact of Section

13  10291.5(k) and whether it means what it says.  Accordingly, Contreras' declaratory relief claim fails

14  as a matter of law.

15      Plaintiff argues, citing *Frenzer v. Mutual*, 27 Cal. App. 2d 406, 414 (1938), that the court

16  may find a policy to be misleading notwithstanding its approval by the Commissioner.  This further

17  supports ***MetLife's*** point; if, as Plaintiff contends, the Court can find a policy to be misleading and

18  need not even consider the Commissioner's approval, that there is no present controversy with the

19  Commissioner.  The Court can simply go over his head, assuming Plaintiff's characterization of the

20  law is correct.

21          (9)    Plaintiff Provides No Substantive Argument To Refute The Fact That

22               Contreras' Claims Seek Unnecessary Judicial Intervention Into Complex

23               Regulatory Issues

24      In a three-sentence rejoinder, Plaintiff characterizes MetLife's argument under the above

25  heading on pages 22-23, Opening Brief, as "novel" and unsupported and therefore without merit.

26  In fact, MetLife supports its argument with statutory and case law, which, for the sake of brevity, it

27  will not here repeat – especially in light of the fact that Plaintiff does not try to distinguish are refute

28  the law cited by MetLife.

-14-

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

1          (10)    Plaintiff Does Not Refute The Fact That His Claims Against The

2                          Commissioner Are Impermissibly Vague

3          In arguing that his allegations against the Commissioner are not impermissibly vague,

4   Plaintiff cites, irrelevantly, to *Brazina*, *supra*, *Van Ness*, *supra*, and *Peterson*, *supra*. None of these

5   cases excuse or even discuss vagueness in pleadings. As noted in the Opening Brief, at pages 23-

6   24, pleadings must give fair notice of the claim being asserted and the grounds therefor. *Conley v.*

7   *Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. U.S. Dept. of Air Force*, 109 F. 3d 1475, 1481

8   (9th Cir. 1997). For the reasons there discussed, and not specifically addressed or refuted by

9   Plaintiff here, the action against the Commissioner should be dismissed.

10                          3.      CONCLUSION

11         For the foregoing reasons, MetLife respectfully requests that its Motion to Dismiss be

12  granted in its entirety.

13

14  Dated: July 20, 2007                           BARGER & WOLEN LLP

15

16                                          By:
                                                ROYAL F. OAKES
17                                              MICHAEL A.S. NEWMAN
                                                Attorneys for Defendant
18                                              METROPOLITAN LIFE INSURANCE
                                                COMPANY
19

20

21

22

23

24

25

26

27

28
                                                -15-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 880-2800                **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
                **METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**